TUCKER ELLIS LLP
  Amanda Villalobos (SBN 262176)
  (amanda.villalobos@tuckerellis.com)
515 South Flower Street, Forty Second Floor
Los Angeles, CA 90071
Telephone:    (213) 430-3395
Facsimile:    (213) 430-3409

Attorneys for Defendants
PROGRESSIVE WEST INSURANCE COMPANY, UNITED FINANCIAL CASUALTY COMPANY, and PROGRESSIVE SELECT INSURANCE COMPANY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENISE GRIFFIN, ADAMMA ISON, and MELANIE BARBER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE WEST INSURANCE COMPANY, UNITED FINANCIAL CASUALTY COMPANY, and PROGRESSIVE SELECT INSURANCE COMPANY,<br><br>Defendants. | Case No.: _____<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO EACH PARTY AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Progressive West Insurance Company, United Financial Casualty Company, and Progressive Select Insurance Company (collectively, "Progressive") hereby remove this action from the Superior Court of the State of California, County of Alameda, to the United States District Court

NOTICE OF REMOVAL

for the Northern District of California. In support of this Notice of Removal, Progressive states as follows:

1. Plaintiffs Denise Griffin, Adamma Ison, and Melanie Barber commenced this action in the Superior Court of the State of California, County of Alameda, by filing the Complaint on or about March 24, 2022. Defendants were each served with the Complaint on March 31, 2022.

2. Plaintiffs' Complaint alleges that Progressive misused marital status as an optional rating factor in calculating premiums for their personal auto insurance. The Complaint asserts claims for statutory damages for violations of the Rosenthal Auto Insurance Nondiscrimination Law ("Rosenthal Law") and Unruh Civil Rights Act ("Unruh Act").

3. The Complaint seeks certification of the following classes:

   a. All persons within the three-year period prior to the date this Action was filed through the date the Class is certified who paid for and were issued, were re-issued or renewed private passenger motor vehicle liability insurance policies issued by Progressive West Insurance Company in California, and whose policy premiums were calculated, in whole or in part, by using the "single" marital status of a "rated driver" at the time their policy was issued, re-issued, or renewed.

   b. All persons within the three-year period prior to the date this Action was filed through the date the Class is certified who paid for and were issued, were re-issued or renewed private passenger motor vehicle liability insurance policies issued by United Financial Casualty Company in California, and whose policy premiums were calculated, in whole or in part, by using the "single" marital status of a "rated driver" at the time their policy was issued, re-issued, or renewed.

   c. All persons within the three-year period prior to the date this Action was filed through the date the Class is certified who paid for and were issued, were re-issued or renewed private passenger motor vehicle liability insurance policies issued by Progressive Select Insurance Company in California, and whose policy premiums were calculated, in whole or in part, by using the "single" marital status of a "rated driver" at the time their policy was issued, re-issued, or renewed.

(Compl. ¶¶ 131, 133, 135) (the "Proposed Classes"). These classes exclude the Defendants and

their affiliated persons and entities, the judges to whom this action is assigned, government entities, and anyone who timely and properly requests exclusion from the Class. (*Id.* ¶¶ 132, 134, 136.) Progressive denies that class certification is appropriate, but the Proposed Classes satisfy the requirements for CAFA jurisdiction.

**I.    CAFA Jurisdiction Exists.**

4.    This Court has original jurisdiction under CAFA because this case is a putative class action in which: (a) minimal diversity exists—that is, at least one class member is a citizen of a different state than at least one defendant; (b) the alleged class contains at least 100 members; and (c) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

5.    This action is properly removable under CAFA.

**A.    The Parties Are Diverse, and No Exception to Jurisdiction Exists.**

6.    Plaintiffs allege that they are citizens of California. (Compl. ¶ 28.) Plaintiff Adamma Ison alleges she resides in Oakland, Alameda County, California. (*Id.* ¶ 18.) Plaintiff Denise Griffin alleges she resides in Hayward, Alameda County, California. (*Id.* ¶ 19.) Plaintiff Melanie Barber alleges she resides in Upland, San Bernadino County, California. (*Id.* ¶ 20.)

7.    Defendant United Financial Casualty Company is incorporated under the laws of Ohio and has its principal place of business in Mayfield Village, Cuyahoga County, Ohio. United Financial Casualty Company is thus a citizen of Ohio for diversity purposes.

8.    Defendant Progressive Select Insurance Company is incorporated under the laws of Ohio and has its principal place of business in Mayfield Village, Cuyahoga County, Ohio. Progressive Select Insurance Company is thus a citizen of Ohio for diversity purposes.

9.    Defendant Progressive West Insurance Company is incorporated under the laws of Ohio and has its principal place of business in Mayfield Village, Cuyahoga County, Ohio. Progressive West Insurance Company is thus a citizen of Ohio for diversity purposes.

10. Minimal diversity of citizenship thus exists under CAFA. 28 U.S.C. § 1332(d)(2)(A).

11. Because Defendants are not citizens of the State of California nor governmental entities, the exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d) do not apply to this action.

**B.     The Proposed Class Consists of More Than 100 Members.**

12. The number of members of the Proposed Class is not less than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

13. Plaintiffs allege that each of the Proposed Classes include "thousands, if not tens of thousands, of people." (Compl. ¶ 139.)

14. Progressive's data shows that it issued, reissued, or renewed policies to hundreds of thousands of Californians whose marital status was single.

**C.     The Amount in Controversy Is Met.**

15. Under CAFA, the district courts have original jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). A defendant seeking removal need not admit liability in order to meet the amount in controversy. Rather, the Notice of Removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

16. The amount in controversy in this action exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). The Complaint seeks statutory damages pursuant to the Unruh Act and Rosenthal Law, as well as attorneys' fees and costs. (Compl. ¶ 3.)

17. Plaintiffs seek $100.00 in statutory damages for every alleged violation of the Rosenthal Law. (Compl. ¶¶ 3, 154, 163, 172.) The California Insurance Code provides: "Each

separate act of an insurer or its agent in violation of Section 11628 [the Rosenthal Law] or 11628.5 shall render the insurer liable in damages in the amount of one hundred dollars ($100), plus . . . attorneys' fees." Cal. Ins. Code § 11629.

18. Plaintiffs also seek damages under the Unruh Act. (Compl. ¶¶ 3, 178-179, 185-186, 192-193.) The Unruh Act provides for damages up to a maximum of three times the amount of actual damages, but in no case less than $4,000 per occurrence, plus attorneys' fees. *See* Cal. Civ. Code § 52(a); *Love v. Undefeated Apparel Inc.*, No. C 20-00330 WHA, 2021 U.S. Dist. LEXIS 70458, at *13 (N.D. Cal. Apr. 12, 2021) ("The Unruh Act allows for a minimum award of $4,000 per violation.").

19. The Ninth Circuit has held that the amount in controversy includes attorneys' fees "if authorized by statute or contract." *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Attorneys' fees are expressly recoverable for violations of the Unruh Act, Cal. Civ. Code § 52(a), which provides that violators are liable for actual damages and "any attorney's fees that may be determined by the court in addition thereto . . . ." Attorneys' fees are also recoverable for violations of the Rosenthal Law. Cal. Ins. Code § 11629. Because Plaintiffs seek attorneys' fees and such fees are recoverable under both the Unruh Act and the Rosenthal Law, attorneys' fees are properly considered and added to the amount in controversy calculation.

20. Progressive's data shows Progressive West alone issued policies to more than 400,000 rated drivers in California whose marital status was single, and issued, reissued, or renewed policies for those drivers over 1.4 million times during the putative class period. As noted above, Plaintiffs seek to recover at least $4,000 for each Unruh Act violation and $100 for each Rosenthal Law violation, even before accounting for attorneys' fees. Thus, the amount placed into controversy by statutory damages asserted by only one of the Proposed Classes

NOTICE OF REMOVAL

exceeds $5 million, which amount is further increased by the other Proposed Classes and the claim for attorneys' fees.

21.  While Progressive denies that any damages—whether actual of statutory—or fees are owed to Plaintiffs or to any member of the Proposed Classes, the class-wide relief sought by the Complaint places significantly more than $5 million in controversy within the meaning of CAFA.

**II.    Progressive Has Satisfied the Procedural Requirements for Removal.**

22.  Defendants were served with the Complaint on March 31, 2022. This Notice of Removal is timely filed within 30 days of that date.

23.  Venue is proper in this Court because the Superior Court of California, County of Alameda, is located in the Northern District of California, Oakland/San Francisco Division. *See* 28 U.S.C. § 1441(a).

24.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and filed with the Superior Court of the State of California, County of Alameda.

25.  The undersigned counsel has read the foregoing and signs this Notice pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

26.  A copy of the Complaint and all other pleadings served to date are attached hereto as **Exhibit A**.

WHEREFORE, Defendants Progressive West Insurance Company, United Financial Casualty Company, and Progressive Select Insurance Company hereby remove this civil action from the Superior Court of the State of California, County of Alameda, to this Court, under the Class Action Fairness Act of 2005.

1  DATED: April 29, 2022

2                                           By:   */s/ Amanda Villalobos*
                                                  Amanda Villalobos (SBN 262176)
3                                                 TUCKER ELLIS LLP

4                                                 Attorneys for Defendants
                                                  PROGRESSIVE WEST INSURANCE
                                                  COMPANY, UNITED FINANCIAL
5                                                 CASUALTY COMPANY, and PROGRESSIVE
                                                  SELECT INSURANCE COMPANY
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **April 29, 2022**, I served the following: **NOTICE OF REMOVAL** on the interested parties in this action by:

(X) **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Southern District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X) **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

(X) **BY OVERNIGHT DELIVERY**: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed as noted below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

| | |
|---|---|
| Wyatt A. Lison (SBN - 316775)<br>FEINSTEIN DOYLE PAYNE<br>& KRAVEC, LLC<br>429 Fourth Avenue<br>Law & Finance Building, Suite 1300<br>Pittsburgh, PA 15219<br>Telephone: (412) 281-8400<br>Facsimile: (412) 281-1007<br>Email: wlison@fdpklaw.com<br><br>*Attorney for Plaintiffs* | Monique Olivier (SBN — 190385)<br>Christian Schreiber (SBN — 245597)<br>OLIVIER & SCHREIBER LLP<br>201 Filbert Street, Suite 201<br>San Francisco, CA 94133<br>Telephone: (415) 484-0980<br>Facsimile: (415) 658-7758<br>Email: monique@osclegal.com<br>Email: christian@osclegal.com<br><br>*Attorney for Plaintiffs* |

(X) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **April 29, 2022**, at Los Angeles, California.

                                           */s/ Erika Ortiz*
                                            Erika Ortiz