# EXHIBIT A

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Wyatt A. Lison (SBN #316775)
Feinstein Doyle Payne & Kravec, LLC
429 Fourth Avenue, Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
TELEPHONE NO.: (412) 281-8400        FAX NO. *(Optional):* (412) 281-1007
E-MAIL ADDRESS: wlison@fdpklaw.com
ATTORNEY FOR *(Name):* Plaintiffs

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
03/24/2022 at 06:07:10 AM
By: Xian-xii Bowie, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 1225 Fallon Street / Rene C. Davidson Courthouse
MAILING ADDRESS: 1225 Fallon Street / Rene C. Davidson Courthouse
CITY AND ZIP CODE: Oakland  94612
BRANCH NAME: Oakland

CASE NAME: DENISE GRIFFIN, ADAMMA ISON, and MELANIE BARBER, on behalf of themselves
and all others similarly situated,, v. PROGRESSIVE WEST INSURANCE COMPANY, UNITED FINANCIAL
CASUALTY COMPANY, and PROGRESSIVE SELECT INSURANCE COMPANY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **22CV008853** |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [X] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 24, 2022
Wyatt A. Lison
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

Wyatt A. Lison (SBN – 316775)
**FEINSTEIN DOYLE PAYNE**
    **& KRAVEC, LLC**
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007
Email: wlison@fdpklaw.com

Monique Olivier (SBN – 190385)
Christian Schreiber (SBN – 245597)
**OLIVIER & SCHREIBER LLP**
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 658-7758
Email: monique@osclegal.com
Email: christian@osclegal.com

***ATTORNEYS FOR PLAINTIFFS***

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ALAMEDA**

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
03/24/2022 at 06:07:10 AM
By: Xian-xii Bowie, Deputy Clerk

| | |
|---|---|
| DENISE GRIFFIN, ADAMMA ISON, and MELANIE BARBER, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>PROGRESSIVE WEST INSURANCE COMPANY, UNITED FINANCIAL CASUALTY COMPANY, and PROGRESSIVE SELECT INSURANCE COMPANY.<br><br>*Defendants*. | Case No. 22CV008853<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Statutory Damages Under Cal. Ins. Code § 11629 for Violations of the Rosenthal Auto Insurance Nondiscrimination Law, Cal. Ins. Code § 11628**<br><br>**(2) Damages Under Cal. Civ. Code § 52 for Violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51** |

Plaintiffs Denise Griffin, Adamma Ison, and Melanie Barber (collectively "Plaintiffs"), by and through their attorneys, bring this putative class action on behalf of themselves and all others similarly situated against Defendants Progressive West Insurance Company ("Progressive West"), United Financial Casualty Insurance Company ("United Financial Cas. Co."), and Progressive Select Insurance Company ("Progressive Select") (collectively "Progressive", "Progressive insurers", or "Defendants"), and allege as follows based upon their personal experiences as to their own acts and status, the investigation of their counsel, and information and belief as to all other matters.

## I.    INTRODUCTION

1.    California law prohibits the use of marital status as a rating factor in setting rates, charges, and premiums for motor vehicle liability insurance.  Yet, the Progressive insurers violate this prohibition by using the marital status of its insureds as an optional rating factor in calculating premiums for each private passenger motor vehicle liability insurance policy they issue in the State of California.  In using marital status as an optional rating factor, these Progressive insurers apply higher marital status premium rating factor relativities to those who are "single"[1] for one or more lines of private passenger motor vehicle liability insurance coverage than to those who are "married."[2]

2.    This unfair and discriminatory practice plainly violates Cal. Ins. Code § 11628, commonly known as the Rosenthal Auto Insurance Nondiscrimination Law ("RAIN Law").  Since 2009, the RAIN

---

[1]   The Progressive insurers treat those who are single and have never been married, who are legally separated from their spouses, who are divorced, who are unregistered domestic partners, or who are widowed as having a single marital status for rating purposes.  Accordingly, the term "single" as used throughout this Complaint refers to those persons who are single and who have never been married, who are legally separated from their spouse, who are divorced, who are unregistered domestic partners, or who are widowed.

[2]   The Progressive insurers treat those who are legally married and not legally separated from their spouses, who are deemed married and not legally separated from their spouses, who are in a domestic partnership pursuant to state law (*i.e.,* a registered domestic partnership), or who become widowed while their current policy period is in effect as having a married marital status for rating purposes.  Accordingly, the term "married" as used throughout this Complaint refers to those persons who legally married and not legally separated from their spouses, who are deemed married and not legally separated from their spouses, who are in a domestic partnership pursuant to state law (*i.e.,* a registered domestic partnership), or who become widowed while their current policy period is in effect.

Regarding the Progressive insurers' treatment of widows and widowers, if an individual becomes widowed while a policy period is in effect, the Progressive insurers do not re-rate that individual as "single" until that policy period has elapsed.  Once that policy period elapses, the Progressive insurers begin using the "single" rating for the widow or widower for the next policy period.

Law has explicitly prohibited insurers from using marital status as a condition or risk for which a higher rate, premium, or charge may be required for motor vehicle liability insurance. Cal. Ins. Code § 11628, subd. (a)(1). Likewise, the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, has explicitly prohibited all businesses from discriminating against individuals based upon marital status generally since 2005. Cal. Civ. Code § 51, subd. (b) (hereafter Cal. Civ. Code § 51(b)).

3.     This action seeks to remediate this discriminatory practice by seeking the damages afforded by the RAIN Law and Unruh Act. Plaintiffs, on behalf of themselves and the defined classes, seek the $100.00 in statutory damages plus reasonable attorneys' fees and costs from the Progressive insurers for "each separate act" they committed in violation of the RAIN Law when they used insureds' marital statuses as a condition or risk for which a higher rate, premium, or charge may be required for Plaintiffs' and the defined classes' motor vehicle liability policies. Cal. Ins. Code § 11629. Plaintiffs also seek allowable damages under the Unruh Act from the Progressive insurers for "each and every offense" of marital status discrimination they perpetrated against their insureds, plus reasonable attorneys' fees. Cal. Civ. Code § 52, subd. (a) (hereafter Cal. Civ. Code § 52(a)).

4.     The Progressive insurers are liable for these damages because they have violated the well-established prohibition against marital status discrimination in motor vehicle liability insurance rate setting. The origins of this prohibition can be traced to California's Proposition 103. In 1988, the voters of California approved an initiative designated Proposition 103. Cal. Ins. Code §§ 1861.01-1861.02, 1861.03-1861.05, 1861.06-1861.13, 1861.14 ("Proposition 103"). Proposition 103, among other things, required insurers to be placed on equal footing with other businesses in California by subjecting insurers to laws that are applicable to other businesses. Section 1861.03 of the California Insurance Code, added as part of Proposition 103, specifically states that, "[t]he business of insurance shall be subject to the laws of California applicable to any other business, including, but not limited to, civil rights laws (Sections 51 to 53, inclusive, of the Civil Code [*i.e.,* the Unruh Act]), and the antitrust and unfair business practices laws (Parts 2 (commencing with Section 16600) and 3 (commencing with Section 17500) of Division 7 of the Business and Professions Code)." Cal. Ins. Code § 1861.03, subd. (a). Thus, Proposition 103, through implementation of Cal. Ins. Code § 1861.03, expressly made insurers subject to the Unruh Act, Cal. Civ. Code § 51, prohibiting them from discriminating against consumers on the bases of various

3

protected classes.  Section 1861.03 also required insurers to comply with the nondiscrimination provisions of the RAIN Law, Cal. Ins. Code § 11628 - a law of California that specifically applies to the business of insurance.

5.       When Proposition 103 went into effect in 1989, neither the Unruh Act nor the RAIN Law explicitly prohibited motor vehicle liability insurers from discriminating against insureds based on marital status.  However, in 1994, using Proposition 103 as authority, the Commissioner of the California Department of Insurance ("Commissioner") promulgated a regulation, Cal. Code Regs., tit. 10, § 2632.4, specifically prohibiting motor vehicle insurers from using insureds' marital statuses as a basis for setting and calculating insurance premium rates.  *See* Cal. Reg. Notice Register 94, No. 34, p. 728.11 (introducing, *inter alia*, subd. (a) of Cal. Code Regs., tit. 10, § 2632.4, which stated that, "no insurer shall adopt any rating factor based in whole or in part upon … marital status … of any person."); Cal. Reg. Notice Register 95, No. 38z, p. 1519 (Notice Register published in 1995 and stating that, "[e]xisting Section 2632.4 subsection (a) prohibits the use of marital status as a rating factor.").  Thus, as of September 22, 1994, the date on which Cal. Code Regs., tit. 10, § 2632.4, subd, (a) took effect, private passenger motor vehicle liability insurers operating in California could not use insureds' marital statuses as a rating factor in setting premium rates for motor vehicle liability insurance.

6.       This changed, however, in 1996, when a new Commissioner removed the prohibition against using marital status as a rating factor for motor vehicle liability insurance set forth in Cal. Code Regs., tit. 10, § 2632.4, subd. (a).   The Commissioner declared that the reason for removing this prohibition was because marital status discrimination was not unfairly discriminatory under the Unruh Act: "The Commissioner has determined that the use of marital status is not unfairly discriminatory within the meaning of the Unruh Civil Rights Act.  Therefore, the prohibition of the use of marital status as a rating factor has been removed from the proposed regulation and the Commissioner proposes the repeal of the former Subpart (a) of Section 2632.4."   *See* Cal. Reg. Notice Register 95, No. 38z, p. 1519. Accordingly, the Commissioner repealed the prior regulation proscribing motor vehicle liability insurers from treating insureds' marital statuses as a basis to set insurance rates, and at the same time, adopted Cal. Code Regs., tit. 10, § 2632.5, a regulation permitting motor vehicle liability insurers to use the "marital status of the rated driver" as an "***optional*** rating factor[]" in setting insurance rates and premiums.  Cal.

4

Code Regs., tit. 10, § 2632.5, subd. (d)(9) ("In addition to the rating factors set forth in subdivision (c), an insurer's class plan, and all rates and premiums determined in accordance therewith, ***may*** utilize the following ***optional*** rating factors (the **Optional Factors**) … (9) Marital status of the rated driver[.]") (emphasis added); Frasca et al., *California Department of Insurance* (Fall 1995) vol.15, No. 14, Cal. Reg. L.Rptr. 219 ("Proposed subsection 2632.5(d) sets forth 15 optional rating factors which insurers may use in determining rates and premiums.  The factors are as follows: … marital status of the rated driver….."). In implementing the changes, the Commissioner specifically cited the Unruh Act and RAIN Law as its authority.  *See* Cal. Reg. Notice Register 95, No. 38z, pp. 1514, 1519; *see also* Cal. Dept. of Insurance, Cal. Reg. L. Bull. No. 96-27 CRLB 422, July 5, 1996 (stating that, "The prohibition of the use of marital status as a rating factor has been removed from the regulation, as the use of marital status is not unfairly discriminatory within the meaning of the Unruh Civil Rights Act[,]" and citing the RAIN Law, Cal. Ins. Code § 11628, as an enabling statute).

7.     The changes the Commissioner made to the regulations governing motor vehicle insurers, specifically the change allowing motor vehicle insurers to use the marital status of the rated driver as an optional rating factor in calculating policyholders' premiums, Cal. Code Regs., tit. 10, § 2632.5, subd. (d)(9),[3] took effect in 1996.  This permissive regulation is still in effect today, yet it conflicts with the clear prohibitions now in the RAIN Law and Unruh Act.

8.     In 2005, the California Legislature amended the Unruh Act to expressly prohibit all businesses from discriminating against individuals based upon their marital statuses:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, ***marital status***, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code 51(b), as amended by Stats. 2005 ch. 420 § 3 (AB 1400) (eff. Jan. 1, 2006) (emphasis added).  This amendment placed an affirmative duty on all businesses, including motor vehicle liability insurers, to not discriminate against insureds based upon marital status.

---

[3]  Prior to 2019, "marital status of the rated driver" was listed under subsection (d)(10), not (d)(9) of 10 Cal. Code Regs., tit. 10, § 2632.5.  In 2018, the Commissioner amended this regulation to remove gender as an optional rating factor.  As such, the "marital status of the rated driver" rating factor was renumbered from (d)(10) to (d)(9).  *Compare* Cal. Code Regs., tit. 10, § 2632.5 (eff. Oct. 15, 2009), *with* Cal. Code Regs., tit. 10, § 2632.5 (eff. Jan. 1, 2019).

CLASS ACTION COMPLAINT; Case No.

9.      Similarly, in 2008, the California Legislature amended the RAIN Law to prohibit insurers from using any characteristic listed under the Unruh Act as "constitut[ing] a **condition or risk for which a higher rate, premium, or charge may be required** of the insured for that insurance."  Cal. Ins. Code § 11628, subd. (a)(1), as amended by Stats. 2008 ch. 682 § 7 (AB 2654) (eff. Jan. 1, 2009) (emphasis added). The Unruh Act specifically includes marital status as one of the characteristics listed within its definitions. Cal. Civ. Code 51(b).  This amendment thus made it clear that, as of 2009, the prohibition of discrimination based upon marital status extended to and applied to the charging of private passenger motor vehicle liability insurance policy rates and premiums and insurers have an affirmative duty to comply with this non-discrimination provision.  These statutory amendments to the Unruh Act in 2005 and the RAIN Law in 2009 prohibiting marital status discrimination rendered the Commissioner's prior 1996 permissive regulation, Cal. Code Regs., tit. 10, § 2632.5, subd. (d)(9), outdated and invalid to the extent it purports to permit marital status discrimination in setting rates, charges, or premiums for motor vehicle liability insurance.  *See, e.g.*, *Morris v. Williams* (1967) 67 Cal.2d 733, 737 [63 Cal. Rptr. 689, 692, 433 P.2d 697, 700]  ("Administrative regulations that violate acts of the Legislature are void and no protestations that they are merely an exercise of administrative discretion can sanctify them.")

10.      As is stated in the California Senate Judiciary Committee's Bill Analysis of the 2005 amendments to the Unruh Act, "[m]arital status has nothing to do with the ability to be a responsible consumer." *See, e.g.,* Sen. Jud. Com., Analysis of Assem. Bill 1400 (2005-2006 Reg. Sess.), as amended Apr. 11, 2005.  Yet, using marital status, particularly consumers' single marital status, as a basis upon which a higher rate, premium, or charge may be required for insurance may have indirect adverse effects on many young Californians, Californians of color, and Californians in same-sex relationships.  A 2020 U.S. News article reports that data from the U.S. Census Bureau shows that more Americans are marrying later in life than ever before, and that Black Americans and Hispanic Americans marry at lower rates than White Americans.[4]  Similarly, an article published by The Mercury News  reports that California had the

---

[4]  *See generally* USAFacts, *The State of American Households: Smaller, More Diverse and Unmarried*, U.S. News (Feb. 14, 2020), https://www.usnews.com/news/elections/articles/2020-02-14/the-state-of-american-households-smaller-more-diverse-and-unmarried (as of Feb. 3, 2022).

CLASS ACTION COMPLAINT; Case No.

highest number of same-sex couples living together of any state in the country according to the data collected by the U.S. Census Bureau's 2019 American Communities Survey.[5]

11.     Thus, permitting use of marital status as a premium rating factor for private passenger motor vehicle liability insurance can have the unintended consequence of further disadvantaging those Californians who have been historically marginalized.  In 2021, one news article reported that using factors such as marital status to set premium rates for motor vehicle insurance inadvertently disproportionately impacts people of color.[6]  Similarly, in 1993, the California Insurance Commissioner's Anti-Discrimination Task Force published a study declaring that use of marital status as a rating factor should be eliminated because, among other things, it has a particularly harsh and unfair effect on LGBTQ+ Californians, many of whom were treated as single by private passenger motor vehicle insurers because they were precluded by law from marriage at that time.[7]  Today, private passenger motor vehicle insurers' use of marital status as a premium rating factor inadvertently disproportionately disadvantages LGBTQ+ Californians because some insurers, including the Progressive insurers, treat those who identify as "domestic partners" differently from those who identify as "registered domestic partners."  Specifically, some insurers, including the Progressive insurers, discriminate by categorizing "registered domestic partners" (and not "domestic partners") as "married", leaving "domestic partners" to be rated as "single" by default with attendant higher premiums on average.  Historically, the marital status of domestic partnership had been one traditionally reserved for same-sex couples as same-sex couples could not legally marry in California until 2013.

---

[5]  *See* Leonardo Castaneda, *Census Bureau Releases Most Detailed Data Ever On Same-Sex Couples*, The Mercury News (Sept. 17, 2020), https://www.mercurynews.com/2020/09/17/census-bureau-releases-most-detailed-data-ever-on-same-sex-couples/ (as of Feb. 3, 2022).

[6]  Nadia Neophytou, *Will this New Bill Raise Your Auto Insurance Rates?,* MoneyGeek (Dec. 13, 2021), https://www.moneygeek.com/insurance/auto/auto-insurance-paid-act/ (as of Feb. 21, 2022).  *Cf.* Ben Luthi, *Study Points to Rate Bias in U.S. Auto Insurance Industry,* Investopedia (Dec. 10, 2020), https://www.investopedia.com/study-confirms-racism-in-us-auto-insurance-industry-5085902 (as of Feb. 21, 2022) (finding that non-driving related characteristics used to determine private passenger auto insurance rates tend to cause Black and Hispanic drivers to pay more for insurance than their White counterparts).

[7]  Thomas F. Coleman, Report of the Anti-Discrimination Task Force of the California Insurance Commissioner, *A Call To End Unfair Insurance Discrimination Against Unmarried Consumers* (July 1993) p.1.

7

12.     Despite the Unruh Act's and RAIN Law's amendments prohibiting marital status discrimination being in effect for over a decade, the Progressive insurers continue to engage in marital status discrimination when rating, assessing premiums and charging insureds for private passenger motor vehicle liability insurance in California.

13.     Specifically, at all relevant times hereto, the Progressive insurers abrogated their duties to follow the current law by continuing to employ marital status as an optional rating factor to set insureds' private passenger motor vehicle liability insurance policy rates, premiums, or charges.

14.     The Progressive insurers cannot contend that the Commissioner approved their use of rates with marital status as an optional rating factor.  Such a purported defense is belied by the disposition pages of each of the Progressive insurers' rate filings referenced in this Complaint.  These disposition pages show the Commissioner only tendered qualified approval to the Progressive insurers to use the rate and rule information contained therein by stating: "If any portion of the application or related documentation conflicts with California law, that portion is specifically not approved."[8]  Clearly, the use of marital status as an optional rating factor for private passenger motor vehicle liability insurance conflicts with California's Unruh Act and RAIN Law and was not approved by the Commissioner for the Progressive insurers to use as an optional rating factor in calculating policyholders' premiums.  Yet, the Progressive insurers have and continue to use this unapproved, unlawful marital status rating factor in calculating policyholders' premiums.

15.     The Progressive insurers' use of marital status as an optional rating factor for Plaintiffs and the Classes (defined below) constitutes a "***condition or risk for which a higher rate, premium, or charge may be*** required of the insured for that insurance."  Cal. Ins. Code § 11628, subd. (a)(1) (emphasis added).

---

[8]  *See, e.g.,* Progressive West Class Plan, SERFF # PRGS-131476480, at Disposition (filing submitted to the Commissioner Apr. 26, 2018, granted qualified approval on Mar. 26, 2019, and effective on or within 90 days of approval date); United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-132764856, at Disposition (filing submitted jointly to the Commissioner by United Financial Cas. Co. and Progressive Select on Mar. 16, 2021, granted qualified approval on June 30, 2021, and effective on or within 90 days of approval date). *See also* the disposition pages of the rate filings cited in footnote 28, *infra,* pages 23-25.  The disposition pages for each of these rate filings may be accessed by going to https://filingaccess.serff.com/sfa/home/CA, inputting the SERFF tracking number included in the citation (*i.e.*, PRGS-131476480 or PRGS-132764856) into the SERFF Tracking Number search bar, downloading a Zip File of the rate filing, and then accessing the PDF document titled according to the filing's SERFF number.  The Disposition page can then be viewed by clicking on the bookmark entitled "Disposition".

The practice may result in price differentials between married and single individuals for private passenger motor vehicle liability insurance.  Premium quotes for California private passenger motor vehicle liability insurance obtained from Progressive's website at www.progressive.com between 2019 and 2021 show the practice results in the Progressive insurers charging single insureds approximately $60.67[9] more per year on average than married insureds.  This is consistent with a review done by The Zebra in 2019 that estimated married drivers are charged about *$73 less a year* than non-married drivers for California motor vehicle insurance.  *See, e.g.*, The Zebra, *How Much Does Car Insurance Cost in California?*, attached as Exhibit 1.

16.     Plaintiffs, all of whom are either current or former policyholders of private passenger motor vehicle liability insurance policies issued by one of the Progressive insurers, have been discriminated against based upon their "single" marital statuses or the "single" marital statuses of other insureds listed in their policies.  Indeed, the Progressive insurers all used the "single" marital status of the "rated driver(s)"[10] in Plaintiffs' and other policyholders' policies to apply higher marital status rating factors to calculate their premium rates for one or more lines of coverage.  As a result, Plaintiffs and the members of the Classes (defined below) were placed in a position where the single marital statuses of the rated driver(s) of their policies constituted a condition or risk for which a higher rate, premium, or charge may be required of them for the private passenger motor vehicle liability policies issued to them by the Progressive insurers than if the rated driver(s) of their policies were classified by the insurers as married.

17.     Upon information and belief, each time the Progressive insurers renew or re-issue Plaintiffs' and Class Members' policies, they use the marital status of the rated driver(s) in Plaintiffs' and

---

[9]  Premium quotes obtained from Progressive's website for married and single insureds with seven, 27, and 47 years of driving experience, respectively, reveal that price differentials exist between premium rates for married and single drivers.  The figures above represents the average annual price differential, calculated by taking the six-month premium quote prices generated by Progressive's online quote generator, multiplying the prices by two to derive the approximate annual quoted cost of insurance for single and married drivers with seven, 27, and 47 years of driving experience respectively, finding the differences between the annual price quoted for single and married drivers with the same level of driving experience, and then averaging those differences (*i.e.,* the three price differentials found between single and married drivers with seven, 27, and 47 years of driving experience).  Using this formula, in 2019, the annual average quoted price differential was $60.67 and the annual average quoted price differential in 2021 was still $60.67.

[10]  "Rated driver" refers to an insured or driver listed in the policy whose characteristics, including marital status, are used to calculate policy premiums for one or more vehicles insured by the policy.

9

Class Members' policies to calculate premium rates for the new policy period, causing Plaintiffs and Class Members to suffer a separate, distinct act of marital status discrimination each time their private passenger motor vehicle liability policies were renewed or re-issued by the Progressive insurers in violation of the RAIN Law and Unruh Act.

## II.   PARTIES

18.   Plaintiff Adamma Ison is an adult individual residing in Oakland, Alameda County, California.  Ms. Ison is a single woman who has never been married and policyholder of a six-month renewable private passenger motor vehicle liability insurance policy issued by Progressive West. *See* Exhibit 2 (Ms. Ison's policy documents for one of the policy periods applicable to this Complaint). Because Ms. Ison is single and has never been married, Progressive West treats her as having a "single" marital status for rating purposes.  Within the last three years, Progressive West used Mr. Ison's "single" marital status – as the rated driver of the only vehicle listed as insured in her policy - to calculate her premiums.  As such, Progressive West applied higher rating factor relativities based on Ms. Ison's "single" marital status for one or more lines of coverage included in her policy than it would have if she were considered "married" for at least the following policy periods: (1) from July 14, 2021 to January 14, 2022; and (2) from January 14, 2022 to July 14, 2022.  Upon information and belief, Progressive West's practice of assigning higher marital status premium rating factor relativities to rated drivers who are "single" than to rated drivers who are "married "for one or more lines of coverage may have resulted in Ms. Ison being charged, and her consequently paying, more in premiums than if she were "married" for one or more of these policy periods.  Ms. Ison does not know if she was actually charged a higher premium for her policy as a result of Progressive West's use of higher rating factor relativities based on her "single" marital status. However, it is believed and therefore averred that Progressive West has records in its exclusive possession that will show if it actually charged Ms. Ison a higher premium for her Progressive West private passenger motor vehicle liability policy as a result of Progressive West's use of higher rating factor relativities based on her "single" marital status than if she were rated as "married."

19.   Plaintiff Denise Griffin is an adult individual residing in Hayward, Alameda County, California.  Ms. Griffin is a single woman who has never been married and policyholder of a six-month renewable private passenger motor vehicle liability insurance policy issued by United Financial Cas. Co.

10

*See* Exhibit 3 (Ms. Griffin's policy documents for one of the policy periods applicable to this Complaint). Because Ms. Griffin is single and has never been married, United Financial Cas. Co. treats her as having a "single" marital status for rating purposes.  Within the last three years, United Financial Cas. Co. used Ms. Griffin's "single" marital status – as the rated driver of the only vehicle listed as insured in her policy - to calculate her premiums.  As such, United Financial Cas. Co. applied higher rating factor relativities based on Ms. Griffin's "single" marital status for one or more lines of coverage included in her policy than it would have if she were considered "married" for at least the following policy periods: (1) from April 5, 2021 to October 5, 2021; and (2) from October 5, 2021 to April 5, 2022.  Upon information and belief, United Financial Cas. Co.'s practice of assigning higher marital status premium rating factor relativities to rated drivers who are "single" than to rated drivers who are "married" for one or more lines of coverage may have resulted in Ms. Griffin being charged, and her consequently paying, more in premiums than if she were married for one or more of these policy periods.  Ms. Griffin does not know if she was actually charged a higher premium for her policy as a result of United Financial Cas. Co.'s use of higher rating factor relativities based on her "single" marital status.  However, it is believed and therefore averred that United Financial Cas. Co. has records in its exclusive possession that will show if it actually charged Ms. Griffin a higher premium for her United Financial Cas. Co. private passenger motor vehicle liability policy as a result of United Financial Cas. Co.'s use of higher rating factor relativities based on her "single" marital status than if she were rated as "married."

20.    Plaintiff Melanie Barber is an adult individual residing in Upland, San Bernadino County, California.  Ms. Barber is a divorced woman and former policyholder of a six-month renewable private passenger motor vehicle liability insurance policy issued by Progressive Select and United Financial Cas. Co.  *See* Exhibit 4 (Ms. Barber's policy documents).  Specifically, Ms. Barber's Progressive policy was issued by Progressive Select for her policy period in effect from December 1, 2019 to June 1, 2020.  Upon renewal, Ms. Barber was then placed with United Financial Cas. Co. instead of Progressive Select.  As such, her policy period in effect from June 1, 2020 to December 1, 2020 was underwritten by United Financial Cas. Co. instead of Progressive Select.  Ms. Barber's policy documents indicate that both policy periods correspond to the same Progressive policy, as the declaration pages for both policy periods bear the same policy number.  Upon information and belief, and pursuant to Progressive Select's and United

CLASS ACTION COMPLAINT; Case No.

Financial Cas. Co. identical business placement rules discussed herein, Ms. Barber did not request but was automatically placed by Progressive with United Financial Cas. Co. upon renewal of her policy because she met United Financial Cas. Co.'s risk criteria at the time of that renewal.

21.     Because Ms. Barber is divorced, both Progressive Select and United Financial Cas. Co. treated her as having a "single" marital status for rating purposes.  Within the last three years, Progressive Select and United Financial Cas. Co. used Ms. Barber's "single" marital status – as the rated driver of the only vehicle listed as insured in her policy - to calculate her premiums.  As such, Progressive Select applied higher rating factor relativities based on Ms. Barber's "single" marital status for one or more lines of coverage included in her policy than it would have if she were considered "married" for at least the following policy periods: (1) from December 1, 2019 to June 1, 2020.  Similarly, United Financial Cas. Co. applied higher rating factor relativities based on Ms. Barber's "single" marital status for one or more lines of coverage included in her policy than it would have if she were considered "married" for at least the following policy periods: (1) from June 1, 2020 to December 1, 2020.  Upon information and belief, Progressive Select's and United Financial Cas. Co.'s practice of assigning higher marital status premium rating factor relativities to rated drivers who are "single" than to rated drivers who are "married" for one or more lines of coverage may have resulted in Ms. Barber being charged, and her consequently paying, more in premiums than if she were married for one or more of these policy periods.  Ms. Barber does not know if she was actually charged a higher premium for her policy as a result of Progressive Select's or United Financial Cas. Co.'s use of higher rating factor relativities based on her "single" marital status. However, it is believed and therefore averred that Progressive Select and United Financial Cas. Co. have records in their exclusive possession that will show if they actually charged Ms. Barber a higher premium for her private passenger motor vehicle liability policy as a result of Progressive Select's or United Financial Cas. Co.'s use of higher rating factor relativities based on her "single" marital status than if she were rated as "married."

22.     Defendant Progressive West is an insurance company domiciled in Ohio with a principal place of business in Cleveland, Ohio.  Progressive West is a wholly-owned subsidiary of Drive Insurance

12

Holdings, Inc., which, in turn, is a wholly-owned subsidiary of The Progressive Corporation.[11]
Progressive West writes personal lines of insurance exclusively in California, including private passenger
motor vehicle liability policies like Plaintiff Adamma Ison's policy.[12]  Progressive West participates in a
quota-share reinsurance agreement with Progressive Casualty Insurance Company, under which
Progressive West cedes 90% of all its premium, loss and loss adjustment expenses, and underwriting
expenses to Progressive Casualty Insurance Company.[13]  Progressive West currently holds 1.46% of the
market share for private passenger auto policies written in California, and wrote $441,332,500 in
premiums in the state in 2020 alone.[14]  In 2018 and 2019, respectively, Progressive West held 1.13% and
1.21% of the market share in California for private passenger auto policies issued, and wrote $336,425,993
and $376,107,331, respectively, in premiums.[15]  From at least 2018 through the present, Progressive West
has been admitted to issue and has issued motor vehicle liability policies to consumers in California.  Also,
from at least 2018 through the present, Progressive West has utilized marital status as an optional rating
factor to rate insureds and calculate policyholders' insurance premium rates in violation of the RAIN Law
and Unruh Act.

       23.    Defendant United Financial Cas. Co is also an insurance company domiciled in Ohio with
a place of principal business in Cleveland, Ohio.  United Financial Cas. Co. is a wholly-owned subsidiary
of Progressive Commercial Holdings, Inc., which, in turn, is a wholly-owned subsidiary of The

---

[11]  Progressive West, *2020 Annual Statement, 2020 Management's Discussion and Analysis – Statutory Basis for Progressive West Insurance Company,* p. 1, https://interactive.web.insurance.ca.gov/sdrive/companyprofile/2020/propertyAndCasualty/annual/27804.2020.P.AN.PM.O.A.4100997.pdf (as of Mar. 14, 2022).

[12]  *Id.*

[13]  *Id.*

[14]  *See* Cal. Dept. of Insurance, Rate Specialist Bureau, *2020 CA Property & Casualty Market Share, Private Passenger Auto by Group Written Premium* (May 2021).

[15]  *See* Cal. Dept. of Insurance, Rate Specialist Bureau, *2019 CA Property & Casualty Market Share, Private Passenger Auto by Group Written Premium* (Apr. 2019); Cal. Dept. of Insurance, Rate Specialist Bureau, *2018 CA Property & Casualty Market Share, Private Passenger Auto by Group Written Premium* (rev. Aug. 2019).

CLASS ACTION COMPLAINT; Case No.

Progressive Corporation.[16]   United Financial Cas. Co. writes personal lines insurance in California, including private passenger motor vehicle liability policies like Plaintiff Denise Griffin's and Plaintiff Melanie Barber's policies.[17]   United Financial Cas. Co. currently holds 2.29% of the market share for private passenger auto policies written in California, and wrote $694,072,112 in premiums in the state in 2020 alone.[18]   In 2018 and 2019, respectively, United Financial Cas. Co. held 1.75% and 2.02% of the market share in California for private passenger auto policies issued, and wrote $522,570,678 and $627,288,316, respectively, in premiums.[19]   From at least 2018 through the present, United Financial Cas. Co. has been admitted to issue and has issued motor vehicle liability policies to consumers in California. Also, from at least 2018 through the present, United Financial Cas. Co. has utilized marital status as an optional rating factor to rate insureds and calculate policyholders' insurance premium rates in violation of the RAIN Law and Unruh Act.

24.     Defendant Progressive Select is an insurance company domiciled in Ohio with a principal place of business in Cleveland, Ohio.  Progressive Select is a wholly-owned subsidiary of Progressive Direct Holdings, Inc., which, in turn, is a wholly-owned subsidiary of The Progressive Corporation.[20] Progressive Select writes personal lines insurance in California, including private passenger motor vehicle liability policies like Plaintiff Melanie Barber's policy.[21]   Progressive Select participates in a quota-share reinsurance agreement with Progressive Direct Insurance Company, under which Progressive Select cedes

---

[16]  United Financial Cas. Co., *2020 Annual Statement, 2020 Management's Discussion and Analysis – Statutory Basis for United Financial Casualty Company,* p. 1, https://interactive.web.insurance.ca.gov/sdrive/companyprofile/2020/propertyAndCasualty/annual/11770.2020.P.AN.PM.O.A.4102383.pdf (as of Mar. 14, 2022).

[17]  *Id.*

[18]  *See* footnote 14, *ante*, page 13.

[19]  *See* footnote 15, *ante*, page 13.

[20]  Progressive Select, *2020 Annual Statement, 2020 Management's Discussion and Analysis – Statutory Basis for Progressive Select Insurance Company,* p. 1, https://interactive.web.insurance.ca.gov/sdrive/companyprofile/2020/propertyAndCasualty/annual/10192.2020.P.AN.PM.O.A.4100876.pdf (as of Mar. 14, 2022).
[21]  *Id.*

14

90% of all its premium, loss and loss adjustment expenses, and underwriting expenses to Progressive Direct Insurance Company.[22]  Progressive Select currently holds 1.71% of the market share for private passenger auto policies written in California, and wrote $519,859,238 in premiums in the state in 2020 alone.[23]  In 2018 and 2019, respectively, Progressive Select held 1.44% and 1.63% of the market share in California for private passenger auto policies issued, and wrote $429,226,266 and $507,673,758, respectively, in premiums.[24]  From at least 2018 through the present, Progressive Select has been admitted to issue and has issued motor vehicle liability policies to consumers in California.  Also, from at least 2018 through the present, Progressive Select. has utilized marital status as an optional rating factor to rate insureds and calculate policyholders' insurance premium rates in violation of the RAIN Law and Unruh Act.

25.   As subsidiaries of the same ultimate parent company, Defendants are members of the same National Association of Insurance Commissioners ("NAIC") insurance group, Progressive Insurance Group, assigned group code 155.  Belonging to the same NAIC group, Defendants may jointly submit rate filings to the California Department of Insurance.  Moreover, Defendants all participate in investment services agreements with Progressive Capital Management Corp., through which Progressive Capital Management Corp. provides Defendants with investment and capital management services in exchange for a fee.[25]

26.   According to The Progressive Corporation's website, insureds may purchase insurance from its subsidiaries online, by telephone, or through "an independent agent or broker."[26]  When insureds purchase a Progressive private passenger motor vehicle liability policy in California, they apply generally for a Progressive policy through one of these avenues.  Upon information and belief, either The

---

[22] *Id.*

[23] *See* footnote 14, *ante*, page 13.

[24] *See* footnote 15, *ante*, page 13.

[25] *See* footnote 11, *ante,* pages 13; footnote 16, *ante*, page 14; footnote 20, *ante*, page 14.

[26] *Why Insurance Prices May Vary*, https://www.progressive.com/shop/car-insurance-rates-differ/ (as of Mar. 14, 2022).

Progressive Corporation, one of its subsidiaries, or the agent or broker then assigns which Progressive entity, including Defendants, will underwrite insureds' policies.

### III.    JURISDICTION

27.    This Court has jurisdiction over this matter pursuant to Cal. Code Civ. Proc. § 410.10.

### IV.    VENUE

28.    Venue is proper within this Court pursuant to Cal. Code Civ. Proc. §§ 395 and 395.5. Defendants do business in Alameda County as they regularly sell, advertise, market and/or provide services in Alameda County and throughout the State of California, having numerous sales agents in this State and County, with Defendants receiving substantial compensation from such transactions and business activity in this State and County, including as the result of purchases of private passenger motor vehicle liability policies by Plaintiffs and the members of the Classes (defined below), and the trade and commerce described herein is and has been carried out in part within this State and County. Plaintiffs are also citizens and residents of California who purchased their policies in California. Plaintiffs Denise Griffin and Adamma Ison are also currently residents of Alameda County, were residents of the County when they applied for and were issued their at-issue private passenger motor vehicle liability policies, and have remained Alameda County residents at all times while their policies have been in effect.

### V.    STATEMENT OF THE CASE

**A.    Marital Status Discrimination Is Prohibited In The Private Passenger Motor Vehicle Liability Insurance Business**

29.    In 1988, the voters of California approved an initiative designated as Proposition 103. The Findings and Declaration to Proposition 103 provided that, "existing laws inadequately protect consumers and allow insurance companies to charge excessive, unjustified and arbitrary rates." *See* 1988 Cal. Legis. Serv. Prop. 103 (notes to Cal. Ins. Code div. 1, pt. 2, ch. 9, art. 10). The stated purpose of Proposition 103 "is to protect consumers from arbitrary insurance rates and practices, to encourage a competitive insurance marketplace, to provide for an accountable Insurance Commissioner, and to ensure that insurance is fair, available, and affordable for all Californians." *Id.*

30.     This initiative required insurers to reduce their rates immediately and instituted a "prior approval" system, which requires insurers to submit a rate application to the California Insurance Commissioner for approval before changing any rates.  Cal. Ins. Code § 1861.05.

31.     Proposition 103 also required insurers to be placed on equal footing with other businesses in California by subjecting the insurers to laws that are applicable to other businesses.  Section 1861.03 of the California Insurance Code, adopted as part of Proposition 103, added to the Insurance Code the provision that, "[t]he business of insurance shall be subject to the **laws of California** applicable to any other business, including, but not limited to, civil rights laws (**Sections 51** to 53, inclusive, **of the Civil Code [*i.e*, the Unruh Act]**), and the antitrust and unfair business practices laws (Parts 2 (commencing with Section 16600) and 3 (commencing with Section 17500) of Division 7 of the Business and Professions Code)." Cal. Ins. Code § 1861.03, subd. (a) (emphasis added).

32.     Stated differently, Proposition 103 made the business of insurance subject to the non-discrimination laws applicable to all other businesses in California.  Doing so ensured that, like all other businesses in California, insurers could not unfairly discriminate against consumers, by, *inter alia,* charging them unfair or excessive rates.  *See* 1988 Cal. Legis. Serv. Prop. 103 (notes to Cal. Ins. Code div. 1, pt. 2, ch. 9, art. 10); Cal. Ins. Code § 1861.05, subd. (a).

33.     Section § 1861.03, subd. (a) specifically mandates that insurers in California, including private passenger motor vehicle liability insurers, comply with the nondiscrimination protections afforded in the Unruh Act, Cal. Civ. Code § 51.  In 2005, the California Legislature amended the Unruh Act to explicitly prohibit all businesses from engaging in marital status discrimination.  The Unruh Act, as amended, provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, *marital status*, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b), as amended by Stats. 2005 ch. 420 § 3 (AB 1400) (eff. Jan. 1, 2006) (emphasis added).  This amendment places an affirmative duty on all businesses, including all motor vehicle insurers, to not discriminate against insureds based upon marital status.

17

34.     Furthermore, the RAIN Law is also a "law of California", specifically a law under the California Insurance Code, that applies to the business of motor vehicle insurance pursuant to Section § 1861.03, subd. (a). *See* Cal. Ins. Code § 11628.  The RAIN Law applies to "motor vehicle liability policies, as defined in Section 16450 of the Vehicle Code," Cal. Ins. Code § 11628, subd. (a)(1), which means "an owner's policy or an operator's policy, or both, of liability insurance, certified as provided in Section 16431 as proof of financial responsibility, issued by an insurance carrier authorized to transact that business in this state to or for the benefit of the person named therein as assured."  Cal. Veh. Code § 16450.  Section 16451 of the Vehicle Code defines what constitutes an "owner's policy":

> An owner's policy of motor vehicle liability insurance shall insure the named insured and any other person using any motor vehicle registered to the named insured with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of ownership, maintenance, or use of the motor vehicle within the continental limits of the United States to the extent and aggregate amount, exclusive of interest and costs, with respect to each motor vehicle, of fifteen thousand dollars ($15,000) for bodily injury to or death of each person as a result of any one accident and, subject to the limit as to one person, the amount of thirty thousand dollars ($30,000) for bodily injury to or death of all persons as a result of any one accident and the amount of five thousand dollars ($5,000) for damage to property of others as a result of any one accident.

Cal. Veh. Code § 16451. Similarly, Section 16452 specifies what constitutes an "operator's policy":

> An operator's policy of motor vehicle liability insurance shall insure the person named as insured therein against loss from the liability imposed on that person by law for damages arising out of use by that person of any motor vehicle not owned by that person, and for any subsequently acquired motor vehicle for a period not to exceed 10 days from date of purchase, within the same territorial limits and subject to the same limits of liability as are provided for in an owner's policy of liability insurance.

Cal. Veh. Code § 16452.

35.     While Sections 16451 and 16452 state that all owner and operator policies of motor vehicle liability must provide the minimum coverages provided for by California's financial responsibility laws, Section 16453 of the Vehicle Code provides that both types of motor vehicle liability policies "may grant any lawful coverage **in excess of or in addition to** the coverage herein specified or contain any agreements, provisions or stipulations not in conflict with the provisions of this code and not otherwise contrary to law." Cal. Veh. Code § 16453.  Consequently, motor vehicle liability policies may provide any type or amount of coverage in addition to or in excess of the minimum requirements outlined in Cal. Veh. Code § 16451.

18

36.     Under Cal. Veh. Code § 16431, "[p]roof of financial responsibility may be given by the written certificate or certificates of any insurance carrier duly authorized to do business within the state, that it has issued to or for the benefit of the person named therein a motor vehicle liability policy as defined in Section 16450 …, which, at the date of the certificate or certificates, is in full force and effect."  Cal. Veh. Code § 16431, subd. (a).

37.     In 2008, the Legislature amended the RAIN Law to explicitly prohibit marital status discrimination by motor vehicle insurers.  Specifically, the RAIN Law, as amended, prohibits "marital status" discrimination by adopting the "characteristics" listed in Section 51(b) of the Unruh Act as follows:

> (a)(1) No admitted insurer that is licensed to issue and issuing motor vehicle liability policies, as defined in Section 16450 of the Vehicle Code, shall fail or refuse to accept an application for that insurance, to issue that insurance to an applicant therefor, or issue or cancel that insurance under conditions less favorable to the insured than in other comparable cases, except for reasons applicable alike to persons of every characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil Code, including, but not limited to, language, or persons of the same geographic area; ***nor shall any characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil Code, including, but not limited to, language, or location within a geographic area, of itself, constitute a condition or risk for which a higher rate, premium, or charge may be required of the insured for that insurance.***

Cal. Ins. Code § 11628, as amended by Stats. 2008 ch. 682 § 7 (AB 2654) (eff. Jan. 1, 2009) (emphasis added).

38.     Section 51(b) of the Unruh Act was amended in 2005 to bar businesses from engaging in marital status discrimination.  Thus, as of January 1, 2009, when the 2008 amendment took effect, the RAIN Law specifically barred motor vehicle liability insurers from discriminating on the basis of marital status when setting and charging rates and insurance premiums.  In fact, in enacting the RAIN Law's amendment in 2008, the Legislature expressly declared that the amendment would serve to bar insurance companies (and, consequently, the Commissioner) from treating "marital status" as constituting a condition or risk for which a higher rate, premium, or charge may be required of the insured for motor vehicle liability insurance.  *See e.g.*, Stats. 2008 ch. 682 § 7 (AB 2654) ("This bill would, instead, … prohibit language, sex, race, color, religion, ancestry, national origin, disability, medical condition, ***marital status***, sexual orientation, or location within a geographic area from constituting a condition or risk for which a higher rate, premium, or charge may be required of the insured.") (emphasis added).

19

39.     These amendments to the Unruh Act and RAIN Law are in line with and further the purpose and intent of Proposition 103, which was to protect consumers from unfairly discriminatory and excessive rates by requiring insurers to follow the non-discrimination laws applicable to all other California businesses.  A finding that specific inclusion of marital status as a protected class in the Unruh Act applies to all other California businesses but does not apply to the business of motor vehicle liability insurance would be contrary to and undermine the core purpose and intent of Proposition 103 to ensure Californians are being treated fairly by requiring insurers to follow the non-discrimination laws applicable to all other California businesses.

## B. The Progressive Insurers Ignore Their Duties Under The RAIN Law And Unruh Act To Not Engage In Marital Status Discrimination

40.     Despite the Unruh Act's and RAIN Law's marital status discrimination prohibition being in effect for over a decade, the Progressive insurers continue to use marital status as a rating factor for calculating insurance premiums for private passenger motor vehicle liability insurance policies.

41.     Prior to 1996, private passenger motor vehicle liability insurers were prohibited from discriminating against insureds based upon marital status by reason of the Commissioner's own regulation promulgated in 1994.  This new regulation, Cal. Code Regs., tit. 10, § 2632.4, subd. (a), prohibited insurers from using insureds' marital statuses as a basis to calculate their premium rates.  *See* Cal. Reg. Notice Register 94, No. 34, p. 728.11 (Notice Register published in 1994 introducing, *inter alia*, subd. (a) of Cal. Code Regs., tit. 10, § 2632.4, which stated that, "no insurer shall adopt any rating factor based in whole or in part upon … marital status … of any person."); Cal. Reg. Notice Register 95, No. 38z, p. 1519 (Notice Register published in 1995 and stating that, "[e]xisting Section 2632.4 subsection (a) prohibits the use of marital status as a rating factor.").  Section 2632.4, subd. (a) relied on Proposition 103 as authority to prohibit marital status discrimination in private passenger motor vehicle liability insurance rate setting.  Thus, before 1996, private passenger motor vehicle liability insurers operating in California could not use insureds' marital statuses as a rating factor in setting premium rates.

42.     In 1995, the Commissioner repealed existing Cal. Code Regs., tit. 10, § 2632.4, subd. (a) and, at the same time, adopted a new regulation, Cal. Code Regs., tit. 10, § 2632.5.  Both changes became effective in 1996.  The new regulation **permitted, but did not require** private passenger motor vehicle

20

liability insurers to use the "[m]arital status of the rated driver" as an "***optional*** rating factor[]" to set insurance rates and premiums.  Cal. Code Regs., tit. 10, § 2632.5, subd. (d)(9) ("In addition to the rating factors set forth in subdivision (c), an insurer's class plan, and all rates and premiums determined in accordance therewith, **may** utilize the following **optional** rating factors (the **Optional** Factors) … (9) Marital status of the rated driver[.]") (emphasis added).[27]

43.     When the Commissioner implemented Cal. Code Regs., tit. 10, § 2632.5, subd. (d)(9) and thus permitted insurers to set insurance rates and premiums based on the marital status of the rated driver starting in 1996, neither the RAIN Law nor the Unruh Act explicitly prohibited private passenger motor vehicle liability insurers from discriminating based upon marital status.

44.     As the California Regulatory Notice Register makes clear, the sole reason for the Commissioner changing these regulations in 1996 to remove the prior prohibition against using insureds' marital statuses as a basis to set insurance rates and premiums in Cal. Code Regs., tit. 10, § 2632.4, subd. (a) and to adopt Cal. Code Regs., tit. 10, § 2632.5, subd. (d)(9) to allow private passenger motor vehicle liability insurers to use marital status of the rated driver as an optional rating factor to devise premiums rates was because, **<u>at the time</u>**, the Unruh Act did not expressly prohibit discrimination based upon marital status:

> *Comparison with Existing Section 2632.4(a)*
>
> Existing Section 2632.4 subsection (a) prohibits the use of marital status as a rating factor. **The Commissioner has determined that the use of marital status is not unfairly discriminatory within the meaning of the Unruh Civil Rights Act.**  Therefore, the prohibition of the use of marital status as a rating factor has been removed from the proposed regulation and the Commissioner proposes the repeal of the former Subpart (a) of Section 2632.4.

*See* Cal. Reg. Notice Register 95, No. 38z, pp. 1519-20 (also introducing marital status of the rated driver as one of 15 optional rating factors private passenger motor vehicle liability insurers "**may** use in determining rates and premiums.") (emphasis added); *see also* Cal. Dept. of Insurance, Cal. Reg. L. Bull. No. 96-27 CRLB 422, July 5, 1996 (providing the express reason for the 1996 amendment to the

---

[27] *See* footnote 3, *ante,* page 5 (noting that, in 2018, the "marital status of the rated driver" rating factor was renumbered from (d)(10) to (d)(9) Cal. Code Regs., tit. 10, § 2632.5 because the Commissioner eliminated gender (previously listed as (d)(9)) as a permissible rating factor).

CLASS ACTION COMPLAINT; Case No.

Commissioner's regulations as follows: "**The prohibition of the use of marital status as a rating factor has been removed from the regulation, as the use of marital status is not unfairly discriminatory within the meaning of the Unruh Civil Rights Act.**") (emphasis added); Cal. Reg. Notice Register 96, No. 27, pp. 96 CRCS 2-3 (same).  In amending Cal. Code Regs., tit. 10, §§ 2632.4 and 2632.5 to permit insurers to use marital status as an optional premium rating factor, the Commissioner also specifically cited the **RAIN Law**, Cal. Ins. Code § 11628, as an enabling statute for the change.  Cal. Reg. Notice Register 95, No. 38z, p. 1514; Cal. Dept. of Insurance, Cal. Reg. L. Bull. No. 96-27 CRLB 422, July 5, 1996.

45.     However, in 2005 and 2008, respectively, both the Unruh Act and RAIN Law changed to expressly proscribe motor vehicle liability insurers from engaging in marital status discrimination.

46.     These amendments to the Unruh Act and RAIN Law made marital status discrimination unfairly discriminatory within the meaning of the Unruh Act, rendering the Commissioner's stated basis for changing Cal. Code Regs., tit. 10, §§ 2632.4 and 2632.5 in 1996 to permit insurers to use marital status as a rating factor null and void, and thereby invalidating those sections of the Commissioner's regulations.

47.     Despite these changes in the Unruh Act in 2005 and the RAIN Law in 2008, Cal. Code Regs., tit. 10, § 2632.5, subd. (d)(9) promulgated in 1996 and purporting to permit the use marital status as a rating factor remains on the books today.  As it directly conflicts with the RAIN Law and Unruh Act, it is void and invalid. [28]  *See Morris v. Williams, supra,* 67 Cal.2d at pp. 737, 748 ("Administrative regulations that violate acts of the Legislature are void and no protestations that they are merely an exercise of administrative discretion can sanctify them.  They must conform to the legislative will if we are to preserve an orderly system of government …. *[N]o regulation adopted is valid or effective unless consistent and not in conflict with the statute ….* **Administrative regulations that alter or amend the statute or enlarge or impair its scope are void and courts not only may, but it is their obligation to strike down such regulations**.") (emphasis added in last sentence); *Cal. Beer & Wine Wholesalers Ass'n v. Dept. of Alcoholic Beverage Control* (1988) 201 Cal.App.3d 100, 106-07 [247 Cal. Rptr. 60, 65] ("The

---

[28]  Plaintiffs' counsel also filed a Verified Petition for Writ of Mandate against the California Insurance Commissioner with this Court, requesting that the Court order the Commissioner to enforce the California Insurance Code by requiring all motor vehicle insurers comply with the RAIN Law and Unruh Act and amending or rescinding the Commissioner's regulations that purport to permit motor vehicle insurers to discriminate based upon marital status discrimination in violation of the RAIN Law and Unruh Act.

rulemaking authority of [a] Department is limited by statute. '[No] regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute.' (Gov. Code, § 11342.2.) A regulation is invalid (as 'in conflict with' a statute) if it would 'alter or amend the [governing] statutes or enlarge or restrict the agency's statutory power.") (alterations in original).

48.     The Progressive insurers' rate filings submitted to the Commissioner (discussed *infra*) illustrate that they continue to use marital status as a rating factor without regard to their nondiscretionary and affirmative statutory duties under the RAIN Law and Unruh Act to not discriminate against motor vehicle liability insureds based upon marital status.

49.     As explained more fully in Part V.C of this Complaint, the Progressive insurers continue to discriminate against insureds based upon marital status in violation of the RAIN Law and Unruh Act. Even more, the rate filings the Progressive insurers have filed with the Commissioner demonstrate that the insurers engage in marital status discrimination despite this rating practice not being approved by the Commissioner.  According to the disposition pages of each rate filing referenced in this Complaint, the Commissioner only tenders qualified approval to the insurers to use the rate and rule information contained therein by stating: "If any portion of the application or related documentation conflicts with California law, that portion is specifically not approved."  *See, e.g.,* Progressive West Class Plan, SERFF # PRGS-131476480, at Disposition (filing submitted to the Commissioner Apr. 26, 2018, granted qualified approval on Mar. 26, 2019, and effective on or within 90 days of approval date); United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-132764856, at Disposition (filing submitted jointly to the Commissioner by United Financial Cas. Co. and Progressive Select on Mar. 16, 2021, granted qualified approval on June 30, 2021, and effective on or within 90 days of approval date).[29]

---

[29]  In addition to the Progressive insurers' rate filings cited above, all of the Progressive insurers' other rate filings that have either been in effect or have taken effect during the past three years and relevant to this Complaint contain the same qualified approval provision in their disposition pages and may be accessed in the same manner as the one cited above, but instead by using the filings' unique SERFF tracking numbers as part of the search.  The disposition pages for these rate filings will be in the PDF document titled according to the SERFF tracking number associated therewith and may be accessed by clicking on the bookmark "Disposition" therein.  The applicable Progressive West rate filings are as follows:  Progressive West Rule Change Filing, SERFF # PRGS-132856133 (filing submitted to the Commissioner on May 28, 2021, granted qualified approval on Dec. 17, 2021, and effective on or within

23

90 days of approval date); Progressive West Rule and Form Change Filing, SERFF # PRGS-132750047 (filing submitted to the Commissioner on Mar. 4, 2021, granted qualified approval on Dec. 17, 2021, and effective on or within 90 days of approval date); Progressive Class Plan, SERFF # PRGS-132907196 (filing submitted to the Commissioner on July 12, 2021, granted qualified approval on Dec. 6, 2021, and effective on or within 90 days of approval date); Progressive West Class Plan, SERFF # PRGS-132522264 (filing submitted to the Commissioner on Sept. 8, 2020, granted qualified approval on Jan. 6, 2021, and effective on or within 90 days of approval date); Progressive West Class Plan, SERFF # PRGS-132151624 (filing submitted to the Commissioner on Nov. 18, 2019, granted qualified approval on Mar. 5, 2020, and effective on June 1, 2020); Progressive West Class Plan, SERFF # PRGS-132102553 (filing submitted on Oct. 1, 2019, granted qualified approval on Jan. 13, 2020, and effective on or within 90 days of approval date); Progressive West Rate and Rule Change Filing, SERFF # PRGS-131091286 (filing submitted to the Commissioner on June 22, 2017, granted qualified approval on Mar. 26, 2019, and effective on or within 90 days of approval date); Progressive West New Program Filing, SERFF # PRGS-131279425 (filing submitted to the Commissioner on Nov. 22, 2017, granted qualified approval on Mar. 8, 2019, and effective on or within 90 days of approval date); Progressive West Form Change Filing, SERFF # PRGS-131454420 (filing submitted to the Commissioner on Apr. 11, 2018, granted qualified approval on June 13, 2018, and effective on or within 90 days of approval date); Progressive West Form Change Filing, SERFF # PRGS-131149562 (filing submitted to the Commissioner on Aug. 30, 2017, granted qualified approval on Nov. 1, 2017, and effective on or within 90 days of approval date); Progressive West Class Plan, SERFF # PRGS-130520353 (filing submitted to the Commissioner on Apr. 6, 2016, granted qualified approval on Sept. 27, 2017, and effective on or within 90 days of approval date).  The United Financial Cas. Co. rate filings that were solely submitted to the Commissioner by United Financial Cas. Co. are as follows: United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-132625739 (filing submitted to the Commissioner on Dec. 9, 2020, granted qualified approval on Arp. 21, 2021, and effective on or within 90 days of approval date); United Financial Cas. Co. Form and Rule Change Filing, SERFF # PRGS-132344040 (filing submitted to the Commissioner on Apr. 24, 2020, granted qualified approval on Sept. 21, 2020, and effective on or within 90 days of approval date); United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-131969284 (filing submitted to the Commissioner on June 7, 2019, granted qualified approval on Oct. 1, 2019, and effective on or within 90 days of approval date); United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-131969298 (filing submitted to the Commissioner on June 7, 2019, granted qualified approval on Oct. 1, 2019, and effective on or within 90 days of approval date); United Financial Cas. Co. Class Plan, SERFF # PRGS-131847193 (filing submitted to the Commissioner on Mar. 6, 2019, granted qualified approval on Aug. 6, 2019, and effective on or within 90 days of approval date); United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-131612331 (filing submitted to the Commissioner on Aug. 10, 2018, granted qualified approval on Dec. 6, 2018, and effective on or within 90 days of approval date); United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-131564530 (filing submitted to the Commissioner on July 17, 2018, granted qualified approval on Dec. 6, 2018 and effective on or within 90 days of approval date); United Financial Cas. Co. Class Plan, SERFF # PRGS-131246268 (filing submitted to the Commissioner on Oct. 27, 2017, granted qualified approval on Mar. 2, 2018, and effective on or within 90 days of approval date); United Financial Cas. Co. Class Plan, SERFF # PRGS-130572392 (filing submitted to the Commissioner on May 17, 2016, granted qualified approval on Sept. 26, 2017, and effective on or within 90 days of approval date); United Financial Cas. Co. Rate Change Filing, SERFF # PRGS-130596756 (filing submitted to the Commissioner on June 10, 2016, granted qualified approval on May 16, 2017, and effective on or within 90 days of approval); United Financial Cas. Co. Rate Change Filing, SERFF # PRGS-130610416 (filing submitted to the Commissioner on June 10, 2016, granted qualified approval on May 16, 2017, and effective on or within 90 days of approval).  The Progressive Select Rate Filings, submitted to the Commissioner solely by

24

50.     Consequently, not only are the Progressive insurers using illegal discriminatory rates, but they are also using unapproved marital status rating factors and rates to calculate premiums because discrimination based upon marital status is prohibited by both the RAIN Law and Unruh Act.

---

Progressive Select, are as follows: Progressive Select Rule Change Filing, SERFF # PRGS-132625742 (filing submitted to the Commissioner on Dec. 19, 2020, granted qualified approval on Apr. 21, 2021, and effective on or within 90 days of approval date); Progressive Select Form and Rule Change, SERFF # PRGS-132343885 (filing submitted to the Commissioner on Apr. 24, 2020, granted qualified approval on Sept. 21, 2020, and effective on or within 90 days of approval date); Progressive Select Rule Change Filing, SERFF # PRGS-131969292 (filing submitted to the Commissioner on June 7, 2019, granted qualified approval on Oct. 2, 2019, and effective on or within 90 days of approval date); Progressive Select Rule Change Filing, SERFF # PRGS-131969314 ((filing submitted to the Commissioner on June 7, 2019, granted qualified approval on Oct. 2, 2019, and effective on or within 90 days of approval date); Progressive Select Class Plan, SERFF # PRGS-131849480 (filing submitted to the Commissioner on Mar. 6, 2019, granted qualified approval on July 19, 2019, and effective on or within 90 days of approval date); Progressive Select Rule Change Filing, SERFF # PRGS-131612323 (filing submitted to the Commissioner on Aug. 10, 2018, granted qualified approval on Dec. 6, 2018, and effective on or within 90 days of approval date); Progressive Select Rule Change Filing, SERFF # PRGS-131580066 (filing submitted to the Commissioner on July 17, 2018, granted qualified approval on Dec. 6, 2018, and effective on or within 90 days of approval date); Progressive Select Class Plan, SERFF # PRGS-131246235 (filing submitted to the Commissioner on Oct. 27, 2017, granted qualified approval on Mar. 1, 2018, and effective on or within 90 days of approval date); Progressive Select Class Plan, SERFF # PRGS-130573819 (filing submitted to the Commissioner on May 17, 2016, granted qualified approval on Sept. 26, 2017, and effective on or within 90 days of approval date).   The rate filings jointly submitted to the Commissioner by United Financial Cas. Co. and Progressive Select are as follows: United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-132288367 (filing submitted to the Commissioner on Mar. 3, 2020, granted qualified approval on June 5, 2020, and effective on or within 90 days of approval date); United Financial Cas. Co. and Progressive Select Form Change Filing, SERFF # PRGS-132205770 (filing submitted to the Commissioner on Jan. 16, 2020, granted qualified approval on Jan. 29, 2020, and effective on or within 90 days of approval date); United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-131915398 (filing submitted to the Commissioner on Apr. 25, 2019, granted qualified approval on July 30, 2019, and effective on or within 90 days of approval date); United Financial Cas. Co. and Progressive Select Form Change Filing, SERFF # PRGS-131791072 (filing submitted to the Commissioner on Jan. 23, 2019, granted qualified approval on Mar. 27, 2019, and effective on or within 90 days of approval date); United Financial Cas. Co. and Progressive Select Form Change Filing, SERFF # PRGS-131454481 (filing submitted to the Commissioner on Apr. 11, 2018, granted qualified approval on June 13, 2018, and effective on or within 90 days of approval date); United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-131469475 (filing submitted to the Commissioner on Apr. 19, 2018, granted qualified approval on July 12, 2018, and effective on or within 90 days of approval date).

**C.  The Progressive Insurers' Rate Filings Demonstrate That They Continue To Engage In Marital Status Discrimination In Flagrant Violation Of The RAIN Law and Unruh Act**

51.    The Progressive insurers are members of the same NAIC group.  As such, the Commissioner permits them to either jointly or separately submit rate filings to him.[30]  Progressive West submits most of its rate filings to the Commissioner with Progressive Advanced Insurance Company, another Progressive entity that sells motor vehicle insurance, including private passenger motor vehicle liability insurance policies, in the State of California.  United Financial Cas. Co. and Progressive Select submit most of their rate filings separately; however, these two Progressive entities sometimes submit rate filings jointly to the Commissioner.

52.    Regardless of how they file their rate filings with the Commissioner, the Progressive insurers' rate filings demonstrate that all three Defendants engage in marital status discrimination when calculating and charging insureds premiums and rates for private passenger motor vehicle liability insurance in the State of California.

**i.    Progressive West's Discriminatory Ratemaking Practices Based Upon Marital Status**

53.    At least 12 of Progressive West's rate filings submitted to the Commissioner have either been in effect or have taken effective in the past three years.  The rate filings include form change filings, rule change filings, rate change filings, new program filings, and class plan filings and are incorporated into this Complaint by reference.[31]  Of these 12 filings, eight of them show how Progressive West engages in marital status discrimination when rating insureds and calculating policyholders' private passenger motor vehicle liability insurance rates in violation of the RAIN Law and Unruh Act.[32]

---

[30]    *See* Dept. of Insurance, *Prior Approval Rate Filing Instructions*, (June 1, 2021), p. 13; Dept. of Insurance, *Private Passenger Auto Class Plan Filing Instructions*, (Feb. 10, 2020), p. 4. These documents are accessible at, http://www.insurance.ca.gov/, by searching the documents' titles in the search bar.

[31]    Additionally, the Court may take judicial notice of these rate filings, as they are filed by insurers with the California Department of Insurance and available to the public.  *See* Cal. Evid. Code §§ 450 *et seq.*

[32]    The 12 rate filings that have either been in effect or have taken effect within the past three years are cited in footnote 29, *ante*, pages 23-25, and may be accessed as described therein.  Two of these filings, Progressive West Form Change Filings SERFF # PRGS-131149562 and SERFF # PRGS-131454420 do not affirmatively show Progressive West engages in marital status discrimination, as they only modify the language in Progressive West's policy forms and do not contain marital status rating factor information.

26

54.     According to one of its recently filed class plans,[33] Progressive West utilizes "Marital Status" as an "optional" rating factor[34] for all seven lines of coverage listed on the Commissioner's form class plan application which each insurer must use to file new class plans or revisions thereto.  The Rating Factors Checklist contained in Progressive West's Class Plan Application illustrates this fact and is depicted below:

---

Two filings, Progressive West Class Plans, SERFF # PRGS-132102553 and SERFF # PRGS-132907196, do not affirmatively show Progressive West engages in marital status discrimination, as they only modify the Progressive West's use of vehicle symbols and series information and do not modify or include information on the insurer's use of marital status as a rating factor.

[33] The California Code of Regulations defines "class plan" as follows:

The term "class plan" means the following:

**(a)** the schedule of rating factors and discounts, and their order and manner of analysis as required by Section 2632.7, in the development of rates and premiums charged for a policy of automobile insurance.

**(b)** in accordance with Section 2632.2, the analysis or consideration of types or limits of coverage or deductibles, make, model, value, cost of repair, and auto symbols of the insured vehicles.

Cal. Code Regs., tit. 10, § 2932.3.

[34] The California Code of Regulations defines "rating factor", in pertinent part, as follows:

**(a)** The term "rating factor" is defined as any factor, including discounts, used by an insurer which establishes or affects the rates, premiums, or charges assessed for a policy of automobile insurance.

Cal. Code Regs., tit. 10, § 2932.2, subd. (a).

27

**Rating Factors Checklist**

For each line (Liability and Physical Damage), check the rating factors that are being proposed for this program.

| RATING FACTORS | COVERAGE | | | | | | |
|---|---|---|---|---|---|---|---|
| *MANDATORY FACTORS* | BI | PD | MED | UMBI | UMPD | Comp. | Coll. |
| Driver Safety Record | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Annual Mileage | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Years of Driving Experience | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| *OPTIONAL FACTORS* | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Type of Vehicle | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Vehicle Performance | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Type of Use of Vehicle | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Percent Use | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Multi-Car Households | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Academic Standing | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Driver Training* | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Vehicle Characteristics** | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Gender | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Marital Status | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Persistency | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Non-Smoker | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Secondary Driver Characteristics | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Multi-Policy | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Relative Claims Frequency | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Relative Claims Severity | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |

*Includes Completion of Defensive Driver Courses
**Includes characteristics such as anti-theft, airbags, anti-lock brakes, engine size or damageability.

Progressive West Class Plan, SERFF # PRGS-131476480, at ClassPlanApplication041511-042518 – with 11-02-2018 Updates.pdf ("Class Plan Application"), p. CP-5 (filing submitted to the Commissioner Apr. 26, 2018, granted qualified approval on Mar. 26, 2019, and effective on or within 90 days of approval date) (emphasis added in above illustration only).[35] [36]  The Rating Factors Checklist contained in the Class

---

[35]  As the illustration depicts, the Commissioner's form application that all insurers must use to file private passenger automobile class plan applications utilizes acronyms to identify specific lines of coverage in its rating factors checklist on page CP-5.  For this class plan and all others discussed and/or depicted herein, "BI" refers to bodily injury coverage, "PD" refers to property damage coverage, "MED" refers to medical payment/medical expense coverage, "UMBI" refers to underinsured/uninsured motorist bodily injury coverage, "UMPD" refers to underinsured/uninsured motorist property damage coverage, "Comp." refers to comprehensive coverage, and "Coll." refers to collision coverage.

[36]  While Progressive West has submitted four class plans since its SERFF # PRGS-131476480 class plan, those four class plans, Progressive West Class Plan, SERFF # PRGS-132102553, Progressive West Class Plan, SERFF # PRGS-132151624, Progressive West Class Plan, SERFF # PRGS-132522264, and Progressive West Class Plan, SERFF # PRGS-132907196, only modify the vehicle series and symbols information; they do not change Progressive West's use of marital status as a rating factor.  Indeed, Progressive West Class Plan, SERFF # PRGS-132151624, and Progressive West Class Plan, SERFF # PRGS-132522264, include Progressive West's PPA Rule Manual, outlining how the insurer distinguishes between "married" and "single" insureds for rating purposes.  Moreover, Progressive West Class Plan, SERFF # PRGS-132522264 includes Progressive West's Rate Manual outlining how Progressive West assigns "married" and "single" insureds disparate marital status rating factor relativities.

CLASS ACTION COMPLAINT; Case No.

Plan Application attached to Progressive West Class Plan, SERFF # PRGS-130520353, which was in effect from late 2017 until Progressive West Class Plan, SERFF # PRGS-131476480 took effect, similarly shows Progressive West used marital status as a rating factor for the same seven lines of coverage. *See* Progressive West Class Plan, SERFF # PRGS-130520353, at ClassPlanApplication041511_042016_ver4.pdf ("Class Plan Application"), p. CP-5 (filing submitted to the Commissioner on Apr. 6, 2016, granted qualified approval on Sept. 27, 2017, and effective on or within 90 days of approval date).

55.  One or more of these seven motor vehicle insurance coverages that use marital status as an optional rating factor are included in every private passenger motor vehicle liability policy issued by Progressive West in California.

56.  According to its PPA Rule Manual attached to Progressive West Class Plan, SERFF # PRGS-131476480 and other recent rate filings, in implementing its "marital status" rating factor, Progressive West treats individuals who are "legally married" and not "legally separated", who are "deemed married" and not "legally separated", who are "in a domestic partnership pursuant to state law" (*i.e.,* a registered domestic partnership), or who become widowed while their current policy period is still in effect as all being "married" for rating class purposes:

Marital status for rating auto policies is defined as follows:

A.  Married - a driver who is legally married, or who is deemed married or in a domestic partnership pursuant to state law. This does not include a driver who is legally separated. The spouse must be listed on the policy as an eligible to be rated driver or excluded with proof of marriage, to be considered married for the purpose of rating.

B.  Single - a driver who is not married, only as defined above.

C.  Widow/Widower - a driver who was legally married, but whose spouse is deceased. Widowed operators are rated as single. If a rated driver becomes widowed during the policy term, they will continue to be rated as married during the current policy term and will be changed to single upon renewal of the policy. In the event renewal documents have already been sent to the insured as of the date the Company has received notice of a rated driver becoming widowed, the driver will be changed to single upon the subsequent renewal of the policy

Progressive West Rule Change Filing, SERFF # PRGS-132856133, at Drive UW Rule Doc 202110 – Clean – Auto.pdf ("PPA Rule Manual"), p. 8.[37]

---

[37]  *See also* Progressive West Rule and Form Change Filing, SERFF # PRGS-132750047, at Drive UW Rule Doc 202110 – Clean – Auto.pdf ("PPA Rule Manual"), p. 8; Progressive West Class Plan, SERFF #

57.     However, Progressive West treats all other insureds who do not fit within its "married" rating class definition as being "single" for rating purposes.  These insureds include those who are single and have never been married, those who are legally separated from their spouses, those who are divorced, those who are widowed, and those who are unregistered domestic partners.

58.     When rating insureds for premium calculation purposes, Progressive West considers the characteristics of those insureds listed in the policy who are deemed "rated drivers" of the vehicles insured by the policy.  Specifically, to determine which insured is the "rated driver" of a particular covered vehicle listed in the policy, Progressive West assigns "rated drivers" to covered vehicles as follows:

> **R05 – Driver Assignment & Excess Vehicle**
> A comparison is made between the number of vehicles and the number of eligible to be rated drivers on the policy. Premium is determined by assigning the highest rated driver to the highest rated vehicle, second highest driver to second highest rated vehicle and so forth.
>
> The highest rated driver is defined as the operator who has the highest combined Bodily Injury driver class, driving record point factor and driving record merit factors with consideration of the Good Driver discount, Three Year Clean discount, Five Year Accident Free discount and the secondary driver factor. The highest rated vehicle refers to the vehicle with the highest bodily injury symbol factor.
>
> If there are more vehicles than drivers, the additional vehicles will be rated using the excess vehicle factors for years' experience, driver class, driving record, limits and deductibles. Refer to Class Plan for factor determination and coverages to which a factor is applied.

Progressive West Rule Change Filing, SERFF # PRGS-132856133, at PPA Rule Manual, p. 21.[38]

---

PRGS-132522264, at Drive UW Rule Doc 201804 – Clean.pdf ("PPA Rule Manual"), p. 9; Progressive West Class Plan, SERFF # PRGS-132151624, at Drive UW Rule Doc 201804 – Clean.pdf ("PPA Rule Manual"), p. 9; Progressive West Rate and Rule Change Filing, SERFF # PRGS-131091286, at Drive UW Rule Doc 201706 – Clean.pdf ("PPA Rule Manual"), p. 9 (using slightly different language to outline the same "married" rating class); Progressive West Class Plan, SERFF # PRGS-131476480, at Drive UW Rule Doc 201804 – Clean – Updated.pdf ("PPA Rule Manual"), p. 9; Progressive West New Program Filing, SERFF # PRGS-131279425, at Drive UW Doc 201706 – Clean.pdf ("PPA Rule Manual"), p. 9 (using slightly different language to outline the same "married" rating class); Progressive West Class Plan, SERFF # PRGS-130520353, at Drive UW Rule Doc 201605 – Clean revised 04-12-2017.pdf ("PPA Rule Manual"), p. 9 (using slightly different language to outline the same "married" rating class).

[38]  *See also* Progressive West Rule and Form Change Filing, SERFF # PRGS-132750047, at PPA Rule Manual, p. 21; Progressive West Class Plan, SERFF # PRGS-132522264, at PPA Rule Manual, p. 21; Progressive West Class Plan, SERFF # PRGS-132151624, at PPA Rule Manual, p. 23; Progressive Rate and Rule Change Filings, SERFF # PRGS-131091286, at PPA Rule Manual, p. 20 (containing substantially similar driver assignment language, but omitting the Five Year Accident Free discount and the secondary driver factor as considerations for determining who is the highest rated driver); Progressive West Class Plan, SERFF # PRGS-131476480, at PPA Rule Manual, p. 23; Progressive West New Program Filing, SERFF # PRGS-131279425, at PPA Rule Manual, p. 20 (containing substantially similar driver assignment language, but omitting the Five Year Accident Free discount and the secondary driver factor

CLASS ACTION COMPLAINT; Case No.

59.     Progressive West uses the characteristics of the "rated drivers" for each vehicle, including their marital statuses, to calculate the policyholder's premiums for that vehicle.  The premiums for each vehicle are then added together to generate the policyholder's policy premium.

60.     As a practical matter, Progressive West indicates on the declaration pages of the policies its issues whether the "rated drivers" assigned to each insured vehicle in the policy are "married" or "single".  An excerpt from Plaintiff Adamma Ison's declaration pages illustrates this below:

| Drivers and household residents | Years licensed | Years experienced | Marital status |
|---|---|---|---|
| Adamma Ison | 25 | 25 | Single |
| Additional information: | Named insured | | |

*See* Exhibit 2 (emphasis added in illustration above only).

61.     Whether Progressive West is determining which insureds are the highest "rated drivers" for vehicle assignment purposes or whether it is simply calculating the policy premiums for vehicles listed in a policy based on the "rated drivers'" characteristics, Progressive West has used marital status as a rating factor to assign "married" and "single" insureds disparate marital status rating factor relativities for one or more lines of insurance coverage for at least the last three years.  Rating factor relativities are the figures given to insureds by insurers that represent, from the insurer's perspective, how likely or unlikely insureds are to experience a risk as compared with the base risk class based on insureds' specific characteristics.[39]

---

as considerations for determining who is the highest rated driver); Progressive West Class Plan, SERFF # PRGS-130520353, at PPA Rule Manual, p. 20.

[39] *Cf. Geoff Werner et al., Basic Ratemaking,* (5th ed., Casualty Actuarial Society May 2016) (describing how rate relativities are used to calculate insurance premiums for various lines of property and casualty insurance).  Moreover, the California Court of Appeal aptly described how California motor vehicle insurers use rating factor relativities to calculate final premium prices in its *Spanish Speaking Citizens' Foundation, Inc. v. Low* decision:

(a). *Categories*

Each rating factor is divided into two or more categories which determine whether the policyholder receives a discount or a surcharge.  For example, the mileage rating factor could be divided into categories for high, average, and low.  Those in the high category would be surcharged, those in the low category would receive discounts, those in the average category would see no change in their base premium.

CLASS ACTION COMPLAINT; Case No.

62.     For policies issued, re-issued, or renewed between July 14, 2017 and mid-2019 until the Rate Manual attached to Progressive West Class Plan, SERFF # PRGS-131476480 took effect, the prior versions of Progressive West's Rate Manual sets forth the disparate marital status rating factor relativities the insurer applied to rated drivers.  The applicable Rate Manual pages show that Progressive West assigned marital status rating factor relativities to insureds based also upon gender.  Despite using gender designations, close examination of the versions of the Rate Manuals in effect at this time illustrates Progressive West assigned disparate rating factor relativities to "single" and "married" insureds for multiple lines of insurance irrespective of gender.

63.     Specifically, the Rate Manuals in effect between July 14, 2017 and mid-2019 reveal the following:

        i.    For female rated drivers who had between less than one year of driving experience and eight years of driving experience or who had 39 or more years of driving experience, Progressive West applied higher rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist, and collision coverages.

       ii.    For female rated drivers who had between nine and 38 years of driving experience, Progressive West applied higher rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist, comprehensive, and collision coverages.

---

(b).  *Relativities*

To accomplish these adjustments, each category is given a number known as a "relativity." Continuing the foregoing example and assuming that the rating factors are applied through a series of multiplications, the high mileage category could be assigned a relativity of 1.5, the average mileage category could be assigned a 1.0, and the low category a 0.5.  If the base premium were $800, the premium of those in high mileage category would be increased to $1,200 ($800 x 1.5), the premium of those in the low category would be decreased to $400 ($800 x 0.5), and the premium of those in the average category would remain unchanged at $800 ($800 x 1.0).  This process is repeated for all of the rating factors to arrive at the final premium.  The process can be described as the multiplicative algorithm: premium = base rate x factor 1 x factor 2 x factor 3, etc., with high risk factors having a value greater than 1, average risk factors equal to 1, and low risk factors below 1.

(2000) 85 Cal.App.4th 1179, 1187-8 [102 Cal. Rptr. 2d 75, 81].

CLASS ACTION COMPLAINT; Case No.

iii.  For male rated drivers who had between less than one year of driving experience and four years of driving experience or who had 24 or more years of driving experience, Progressive West applied higher rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist, and collision coverages.

iv.  For male rated drivers who had between five and 23 years of driving experience, Progressive West applied higher rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist, comprehensive, and collision coverages.

Progressive West Class Plan, SERFF # PRGS-130520353, at Drive Auto Rates Manual JCPIII Filing 16_2269_16_2270.pdf ("Rate Manual"), pp. 4-6; Progressive West New Program Filing, SERFF # PRGS-131279425, at Drive Auto Rates Manual 201612 Rates Filing 17-4298 17-4299.pdf ("Rate Manual"), pp.4-6; Progressive West Rate and Rule Change Filing, SERFF # PRGS-131091286, at Drive Auto Rates Manual 201612 Rates Filing 17-4298 17-4299 - proposed.pdf ("Rate Manual"), pp.4-6.

64.  For policies issued, re-issued, or renewed between mid-2019 when the Rate Manual attached to Progressive West Class Plan, SERFF # PRGS-131476480 took effect until mid-2020 when the Rate Manual attached to Progressive West Class Plan, SERFF # PRGS-132151624 took effect, the Rate Manual attached to Progressive West Class Plan, SERFF # PRGS-131476480, sets forth the disparate marital status rating factor relativities Progressive West applied to rated drivers.  The applicable Rate Manual pages show that Progressive West assigned marital status rating factor relativities to female, male, and non-binary insureds.  Despite using gender designations, close examination of the applicable Rate Manual pages reveals Progressive West applied marital status as a rating factor to assign "married" and "single" insureds disparate marital status rating factor relativities for multiple lines of insurance coverage irrespective of gender.

65.  Specifically:

i.  For female rated drivers and non-binary rated drivers who had between less than one year of driving experience and 18 years of driving experience or who had 49 or more years of driving experience, Progressive West applied higher rating factor relativities

33

to those who were "single" than to those who were "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist, and collision coverages.

ii.    For female rated drivers and non-binary rated drivers who had between 19 and 48 years of driving experience, Progressive West applied higher rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist, comprehensive, and collision coverages.

iii.   For male rated drivers who had between less than one year of driving experience and two years of driving experience or who had four years of driving experience, Progressive West applied higher rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, medical payment, and uninsured/uninsured motorist coverages.

iv.    For male rated drivers who had three years of driving experience, who had between five and 10 years of driving experience, or who had between 29 and 38 years of driving experience, Progressive West applied higher rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist, and collision coverages.

v.     For male rated drivers who had between 11 and 28 years of driving experience or who had 39 or more years of driving experience, Progressive West applied higher rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist, comprehensive, and collision coverages.

Progressive West Class Plan, SERFF # PRGS-131476480, at Auto Rate Manual (Clean).pdf ("Rate Manual"), pp. 8-11 out of 331.

66.    For policies issued, re-issued, or renewed between mid-2020 when the Rate Manual attached to Progressive West Class Plan SERFF # PRGS-132151624 took effect through the present, there are no longer any gender distinctions because the current version of the Rate Manual eliminated distinctions between insureds based on gender.  However, the current Rate Manual still shows Progressive

34

West uses insureds' marital statuses to assign disparate rating factor relativities to "single" and "married" insureds.  The current Rate Manual's marital status rating factor relativities are depicted below as follows:

Progressive West Insurance Company                                          Auto Rates Manual
Progressive Advanced Insurance Company
PP Auto Liability Physical Damage

**Driver Class / Years Experience**

| Category | BI | PD | UMBI | UMPD | Med-Pay | COMP | COLL |
|----------|----|----|------|------|---------|------|------|
| S00 AU | 2.28 | 2.18 | 2.29 | 2.29 | 2.30 | 1.14 | 1.91 |
| S01 AU | 2.28 | 2.18 | 2.29 | 2.29 | 2.30 | 1.14 | 1.91 |
| S02 AU | 2.18 | 2.04 | 2.19 | 2.19 | 2.20 | 1.14 | 1.91 |
| S03 AU | 2.03 | 1.98 | 2.03 | 2.03 | 2.04 | 1.14 | 1.83 |
| S04 AU | 1.67 | 1.63 | 1.67 | 1.67 | 1.67 | 1.13 | 1.54 |
| S05 AU | 1.57 | 1.53 | 1.57 | 1.57 | 1.57 | 1.12 | 1.48 |
| S06 AU | 1.52 | 1.49 | 1.52 | 1.52 | 1.53 | 1.11 | 1.39 |
| S07 AU | 1.31 | 1.28 | 1.31 | 1.31 | 1.31 | 1.11 | 1.32 |
| S08 AU | 1.26 | 1.23 | 1.26 | 1.26 | 1.26 | 1.12 | 1.24 |
| S09 AU | 1.13 | 1.12 | 1.13 | 1.13 | 1.14 | 1.13 | 1.17 |
| S10 AU | 1.08 | 1.08 | 1.08 | 1.08 | 1.08 | 1.13 | 1.15 |
| S11 AU | 1.05 | 1.05 | 1.06 | 1.06 | 1.06 | 1.10 | 1.10 |
| S12 AU | 1.02 | 1.03 | 1.03 | 1.03 | 1.03 | 1.09 | 1.05 |
| S13 AU | 0.97 | 0.98 | 0.98 | 0.98 | 0.98 | 1.07 | 1.04 |
| S14 AU | 0.94 | 0.94 | 0.94 | 0.94 | 0.94 | 1.05 | 1.00 |
| S15-18 AU | 0.94 | 0.93 | 0.94 | 0.94 | 0.94 | 1.03 | 0.99 |
| S19-23 AU | 0.94 | 0.93 | 0.94 | 0.94 | 0.94 | 1.01 | 1.00 |
| S24-28 AU | 0.93 | 0.92 | 0.93 | 0.93 | 0.93 | 0.96 | 0.98 |
| S29-33 AU | 0.94 | 0.94 | 0.95 | 0.95 | 0.94 | 0.91 | 0.98 |
| S34-38 AU | 0.95 | 0.95 | 0.96 | 0.96 | 0.95 | 0.85 | 0.97 |
| S39-48 AU | 1.01 | 0.99 | 1.01 | 1.01 | 1.01 | 0.83 | 1.02 |
| S49-53 AU | 1.17 | 1.15 | 1.17 | 1.17 | 1.19 | 0.74 | 1.05 |
| S54-58 AU | 1.17 | 1.15 | 1.17 | 1.17 | 1.19 | 0.74 | 1.05 |
| S59+ AU | 1.17 | 1.15 | 1.17 | 1.17 | 1.19 | 0.73 | 1.05 |
| M00 AU | 2.06 | 1.97 | 2.06 | 2.06 | 2.06 | 1.11 | 1.89 |
| M01 AU | 2.06 | 1.97 | 2.06 | 2.06 | 2.06 | 1.11 | 1.89 |
| M02 AU | 1.93 | 1.84 | 1.93 | 1.93 | 1.93 | 1.11 | 1.88 |
| M03 AU | 1.66 | 1.61 | 1.65 | 1.65 | 1.67 | 1.13 | 1.82 |
| M04 AU | 1.43 | 1.40 | 1.43 | 1.43 | 1.43 | 1.13 | 1.54 |
| M05 AU | 1.30 | 1.27 | 1.30 | 1.30 | 1.30 | 1.13 | 1.37 |
| M06 AU | 1.16 | 1.13 | 1.16 | 1.16 | 1.17 | 1.12 | 1.16 |
| M07 AU | 1.02 | 1.01 | 1.02 | 1.02 | 1.02 | 1.12 | 1.06 |
| M08 AU | 0.93 | 0.95 | 0.93 | 0.93 | 0.93 | 1.13 | 1.00 |
| M09 AU | 0.90 | 0.93 | 0.90 | 0.90 | 0.90 | 1.13 | 0.93 |
| M10 AU | 0.87 | 0.91 | 0.87 | 0.87 | 0.87 | 1.13 | 0.89 |
| M11 AU | 0.86 | 0.90 | 0.86 | 0.86 | 0.86 | 1.08 | 0.89 |
| M12 AU | 0.80 | 0.84 | 0.80 | 0.80 | 0.80 | 1.04 | 0.85 |
| M13 AU | 0.73 | 0.76 | 0.73 | 0.73 | 0.74 | 1.03 | 0.83 |
| M14 AU | 0.70 | 0.74 | 0.70 | 0.70 | 0.71 | 1.01 | 0.78 |
| M15-18 AU | 0.70 | 0.73 | 0.70 | 0.70 | 0.71 | 1.00 | 0.78 |
| M19-23 AU | 0.74 | 0.76 | 0.74 | 0.74 | 0.74 | 0.96 | 0.77 |
| M24-28 AU | 0.83 | 0.85 | 0.83 | 0.83 | 0.83 | 0.90 | 0.78 |
| M29-33 AU | 0.85 | 0.86 | 0.85 | 0.85 | 0.86 | 0.88 | 0.81 |
| M34-38 AU | 0.89 | 0.88 | 0.89 | 0.89 | 0.89 | 0.83 | 0.82 |
| M39-48 AU | 0.90 | 0.90 | 0.90 | 0.90 | 0.90 | 0.80 | 0.83 |
| M49-53 AU | 1.02 | 1.00 | 1.03 | 1.03 | 1.03 | 0.73 | 0.92 |
| M54-58 AU | 1.02 | 1.00 | 1.03 | 1.03 | 1.03 | 0.73 | 0.93 |
| M59+ AU | 1.02 | 1.00 | 1.03 | 1.03 | 1.03 | 0.73 | 0.93 |
| DEFAULT | 0.96 | 0.87 | 0.97 | 0.97 | 0.95 | 1.06 | 1.06 |

Progressive West Class Plan, SERFF # PRGS-132151624, at 201909 – Auto Rate Manual (Clean) – 20200131 pg 1-199.pdf ("Rate Manual"), pp. 8-9 out of 468.

67.     Close examination of the marital status rating factor relativities depicted above demonstrates Progressive West continues to apply marital status as a rating factor to assign "married" and

35

"single" insureds disparate marital status rating factor relativities for multiple lines of insurance coverage. Specifically, the relativities depicted above reveal as follows:

    i.    For rated drivers who have four years of driving experience, Progressive West applies higher rating factor relativities to those who are "single" than to those who are "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist bodily injury, and uninsured/uninsured motorist property damage coverages.

    ii.    For rated drivers who have between five and 10 years of driving experience or who have 59 or more years of driving experience, Progressive West applies higher rating factor relativities to those who are "single" than to those who are "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist bodily injury, uninsured/uninsured motorist property damage, and collision coverages.

    iii.    For rated drivers who have between less than one year of driving experience and three years of driving experience or who have between 11 and 58 years of driving experience, Progressive West applies higher rating factor relativities to those who are "single" than to those who are "married" for bodily injury, property damage, medical payment, uninsured/uninsured motorist bodily injury, uninsured/uninsured motorist property damage, comprehensive, and collision coverages.

Progressive West Class Plan, SERFF # PRGS-132151624, at Rate Manual, pp. 8-9 out of 468.

68.    The Rate Manual set to go into effect on May 27, 2022 shows Progressive West plans to continue assigning insureds disparate marital status rating factor relativities based upon their "married" or "single" marital statuses to calculate policy premiums. *See, e.g.,* Progressive West Class Plan, SERFF # PRGS-132501288, at Auto Rate Manual (Clean).pdf ("Future Rate Manual"), pp. 9-10 out of 461 (filing submitted to the Commissioner on Aug. 31, 2020, granted qualified approval on Dec. 15, 2021, and filing's disposition page stating that the class plan goes into effect for new and renewal business on May 27, 2022).[40]

---

[40] *See also* Progressive West Rule and Form Change Filing, SERFF # PRGS-132750047, at Rate Manual (Clean) – 202110.pdf ("Future Rate Manual"), pp. 10-11 out of 411 (filing submitted to the Commissioner on Mar. 4, 2021, granted qualified approval on Dec. 17, 2021, and Future Rate Manual approved in Progressive West Class Plan, SERFF # PRGS-132501288 set to go into effect on May 27, 2022 attached

69.     Use of rating factor relativities in this manner impacts the overall premium, rate, or charge for policyholders' policies.

70.     Moreover, the Class Plan Applications and other supporting documentation attached to the Progressive West's past and current class plan filings show in detail how the insurer applied and continues to apply the marital status rating factor relativities they ascribe to "single" and "married "insureds for each line of coverage to set insureds' insurance premium rates.  These documents also outline how exactly Progressive West assigns disparate ratings to persons who fall within Progressive West's "married" rating class and to those who do not fall within that rating class.  *See generally* Progressive West Class Plan, SERFF # PRGS-131476480; Progressive West Class Plan, SERFF # PRGS-130520353.

### ii.     United Financial Cas. Co.'s and Progressive Select's Discriminatory Ratemaking Practices Based Upon Marital Status

71.     At least 17 of United Financial Cas. Co.'s rate filings submitted to the Commissioner have either been in effect or have taken effective in the past three years.  The rate filings include form change filings, rule change filings, rate change filings, and class plan filings and are incorporated into this Complaint by reference.[41]  Of these 17 filings, 13 of them show how United Financial Cas. Co. engages in marital status discrimination when rating insureds and calculating policyholders' private passenger motor vehicle liability insurance rates in violation of the RAIN Law and Unruh Act.[42]

thereto immediately before the rule and form changes therein were granted qualified approval); Progressive Rule Change Filing, SERFF # PRGS-132856133, at Rate Manual (Clean) – 202110.pdf ("Future Rate Manual"), pp. 10-11 out of 411 (filing submitted to the Commissioner on May 28, 2021, granted qualified approval on Dec. 17, 2021, and Future Rate Manual approved in Progressive West Class Plan, SERFF # PRGS-132501288 set to go into effect on May 27, 2022 attached thereto immediately before rule change set forth therein were granted qualified approval).

[41]  Additionally, the Court may take judicial notice of these rate filings, as they are filed by insurers with the California Department of Insurance and available to the public.  *See* Cal. Evid. Code §§ 450 *et seq.*

[42]  The 17 rate filings that have either been in effect or have taken effect within the past three years are cited in footnote 29, *ante*, pages 23-25, and may be accessed as described therein.  Two of these filings, United Financial Cas. Co. and Progressive Select Class Plans SERFF # PRGS-131915398 and SERFF # PRGS-131469475, do not affirmatively show United Financial Cas. Co engages in marital status discrimination, as they only modify the United Financial Cas. Co's use of vehicle symbols and series information and do not modify or include information on the insurer's use of marital status as a rating factor.  Moreover, United Financial Cas. Co. and Progressive Select Form Change Filings, SERFF # PRGS-131454481 and SERFF # PRGS-132205770, do not affirmatively show United Financial Cas. Co.

37

72.     Similarly, at least 15 of Progressive Select's rate filings submitted to the Commissioner have either been in effect or have taken effective in the past three years.  The rate filings include form change filings, rule change filings, rate change filings, and class plan filings and are incorporated into this Complaint by reference.[43]  Of these 15 filings, 11 of them show how Progressive Select engages in marital status discrimination when rating insureds and calculating policyholders' private passenger motor vehicle liability insurance rates in violation of the RAIN Law and Unruh Act.[44]

73.     According to their recently filed class plans, United Financial Cas. Co. and Progressive Select also utilize "Marital Status" as an "optional" rating factor for all seven lines of coverage listed on the Commissioner's form class plan application which each insurer must use to file new class plans or revisions thereto.  The Rating Factors Checklist contained in United Financial Cas. Co.'s and Progressive Select's Class Plan Applications are identical to one another and illustrate this fact as depicted below:

---

engages in marital status discrimination, as they only modify United Financial Cas. Co.'s and Progressive Select's language in their standardized policy forms and do not modify or include information on the insurer's use of marital status as a rating factor

[43]  Additionally, the Court may take judicial notice of these rate filings, as they are filed by insurers with the California Department of Insurance and available to the public.  *See* Cal. Evid. Code §§ 450 *et seq.*

[44]  The 15 rate filings that have either been in effect or have taken effect within the past three years are cited in footnote 29, *ante*, pages 23-25, and may be accessed as described therein.  Two of these filings, United Financial Cas. Co. and Progressive Select Form Change Filings, SERFF # PRGS-131454481 and SERFF # PRGS-132205770, do not affirmatively show Progressive Select engages in marital status discrimination, as they only modify the Progressive Select's language in their standardized policy forms and do not modify or include information on the insurer's use of marital status as a rating factor.  Similarly, another of these filings, United Financial Cas. Co. and Progressive Select Class Plans PRGS-131915398 and SERFF # PRGS-131469475, do not affirmatively show Progressive Select engages in marital status discrimination, as they only modify Progressive Select's use of vehicle symbols and series information and does not modify or include information on the insurer's use of marital status as a rating factor.

CLASS ACTION COMPLAINT; Case No.

**Rating Factors Checklist**

For each line (Liability and Physical Damage), check the rating factors that are being proposed for this program.

| RATING FACTORS | COVERAGE | | | | | | |
|---|---|---|---|---|---|---|---|
| *MANDATORY FACTORS* | BI | PD | MED | UMBI | UMPD | Comp. | Coll. |
| Driver Safety Record | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Annual Mileage | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Years of Driving Experience | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| *OPTIONAL FACTORS* | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Type of Vehicle | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Vehicle Performance | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Type of Use of Vehicle | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Percent Use | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Multi-Car Households | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Academic Standing | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Driver Training* | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Vehicle Characteristics** | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Gender | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Marital Status | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Persistency | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Non-Smoker | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Secondary Driver Characteristics | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Multi-Policy | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Relative Claims Frequency | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |
| Relative Claims Severity | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ | ☑ |

*Includes Completion of Defensive Driver Courses
**Includes characteristics such as anti-theft, airbags, anti-lock brakes, engine size or damageability.

United Financial Cas. Co. Class Plan, SERFF # PRGS-131847193, at ClassPlanApplication041511 UFCC 201906.pdf ("Class Plan Application"), p. CP-5 (emphasis added in illustration above only); Progressive Select Class Plan, SERFF # PRGS-131849480, at ClassPlanApplication041511 Select 201906.pdf ("Class Plan Application"), p. CP-5 (emphasis added in illustration above only). [45]

74.     The Rating Factors Checklist contained in the Class Plan Applications attached to United Financial Cas. Co. Class Plan, SERFF # PRGS-130572392, which was in effect from late 2017 until United Financial Cas. Co. Class Plan, SERFF # PRGS-131847193 took effect, and Progressive Select Class Plan, SERFF # PRGS-130573819, which was in effect from late 2017 or early 2018 until Progressive Select Class Plan, SERFF # PRGS-131849480 took effect, again are identical to one another and similarly show United Financial Cas. Co. and Progressive Select used marital status as a rating factor for these same

---

[45]   While United Financial Cas. Co. and Progressive Select have submitted other class plans to the Commissioner for approval since the class plans cited above, those class plans, United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-132288367 (jointly filed by the two Progressive insurers), and United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-132764856 (jointly filed by the two Progressive insurers), only modify the vehicle series and symbols information; they do not change the Progressive insurers' use of marital status as a rating factor. Indeed, United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-132764856, include the two Progressive insurers' PPA Rule Manuals, outlining how the insurers distinguish between "married" and "single" insureds for rating purposes.

39

seven lines of coverage.  *See* United Financial Cas. Co. Class Plan, SERFF # PRGS-130572392, at ClassPlanApplication041511_UFCC Updated 060217.pdf ("Class Plan Application"), p. CP-5 (filing submitted to the Commissioner on May 17, 2016, granted qualified approval on Sept. 26, 2017, and effective on or within 90 days of approval date); Progressive Select Class Plan, SERFF # PRGS-130573819, at ClassPlanApplication041511_Select Updated 060217.pdf ("Class Plan Application"), p. CP-5 (filing submitted to the Commissioner on May 17, 2016, granted qualified approval on Sept. 26, 2017, and effective on or within 90 days of approval date).

75.    One or more of these seven motor vehicle insurance coverages that use marital status as an optional rating factor are included in every private passenger motor vehicle liability policy issued by United Financial Cas. Co. and Progressive Select in California.

76.    According to their PPA Rule Manuals attached to their recent rate filings, in implementing their "marital status" rating factor, United Financial Cas. Co. and Progressive Select use identical language to state that they treat individuals who are "legally married" and not "legally separated", who are "deemed married" and not "legally separated", who are "in a domestic partnership pursuant to state law" (*i.e.,* a registered domestic partnership), or who become widowed while their current policy period is still in effect as all being "married" for rating purposes:

Marital status is defined as follows:

Single - a driver who is not married, as defined below.

Married - a driver who is legally married, or who is deemed married or in a domestic partnership pursuant to state law, but not including a driver who is legally separated to an eligible to be rated driver on the policy. (The inability of married persons to live together because of career obligations or military service does not deny them the married classification.)

Widow/Widower - a driver who was legally married, but whose spouse is deceased.  Widowed operators are rated as single.  If a rated driver becomes widowed during the policy term, they will continue to be rated as married during the policy term but will be rated a single on any subsequent renewals.

*See* United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-132764856, at UFCC Rules 202012 Current.pdf ("United Financial Cas. Co.'s PPA Rule Manual"), p. 7, Select Rules 202012 Current.pdf ("Progressive Select's PPA Rule Manual"), p. 7 (filing jointly submitted by United Financial

Cas. Co. and Progressive Select to the Commissioner on Mar. 16, 2021, granted qualified approval on June 30, 2021, and effective on or within 90 days of approval date).[46]

77.     Essentially, United Financial Cas. Co. and Progressive Select categorize the same people in their "married" rating class definition as Progressive West.

78.     Moreover, like Progressive West, United Financial Cas. Co. and Progressive Select treat all other insureds who do not fit within its "married" rating class definition as being "single" for rating purposes.  These insureds include those who are single and have never been married, those who are legally separated from their spouses, those who are divorced, those who are widowed, and those who are unregistered domestic partners.

79.     Thus, Progressive West, United Financial Cas. Co., and Progressive Select use the same "married" and "single" rating classes as one another.

80.     Like Progressive West, when rating insureds for premium calculation purposes, United Financial Cas. Co. and Progressive Select consider the characteristics of those insureds listed in the policy who are deemed "rated drivers" of the vehicles insured by the policy.  However, unlike Progressive West, neither United Financial Cas. Co.'s nor Progressive Select's PPA Rule Manuals in effect within the last three years specifies how "rated drivers" are assigned to insured vehicles listed in the policy.

---

[46] *See, also, e.g.,* United Financial Cas. Co. Form and Rule Change Filing, SERFF # PRGS-132344040, at UFCC Rules 202012 Proposed.pdf ("PPA Rule Manual"), p. 7; United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-132288367, at Exhibit 13 – Prog Select rules approved 100119.pdf ("PPA Rule Manual"), p. 7, Exhibit 13 – UFCC rules 100119.pdf ("PPA Manual"), p. 7; United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-131969284, at UFCC Rules 201907 Proposed.pdf ("PPA Rule Manual"), p. 7; United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-131969298, at UFCC Rules 201907 Proposed.pdf ("PPA Rule Manual"), p. 7; United Financial Cas. Co. Class Plan, SERFF # PRGS-131847193, at UFCC Rules 201906 Clean Filingg.pdf ("PPA Rule Manual"), p. 7; United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-131612331, at UFCC Rules Clean 201905 updated 20181113.pdf ("PPA Rule Manual"), p. 7; United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-131564530, at UFCC Rules Clean 201905 updated 20181113.pdf ("PPA Rule Manual"), p. 7; Progressive Select Form and Rule Change Filing, SERFF # PRGS-132343885, at Select Rules 202012 Proposed.pdf ("PPA Rule Manual"), p. 7; Progressive Select Rule Change Filing, SERFF # PRGS-131969292, at Select Rules 201907 Proposed.pdf ("PPA Rule Manual"), p. 7; Progressive Select Rule Change Filing, SERFF # PRGS-131969314, at Select Rules 201907 Proposed.pdf ("PPA Rule Manual"), p. 7; Progressive Select Class Plan, SERFF # PRGS-131849480, at Select Rules 201906 Clean Filing.pdf ("PPA Rule Manual"), p. 7; Progressive Select Rule Change Filing, SERFF # PRGS-131612323, at Prog Select Rules Clean 201905 updated 20181113.pdf ("PPA Rule Manual"), p. 7; Progressive Select Rule Change Filing, SERFF # PRGS-131580066, at Prog Select Rules Clean 201905 updated 20181113.pdf ("PPA Rule Manual"), p. 7.

41

81.     Nevertheless, as a practical matter, both United Financial Cas. Co. and Progressive Select indicate on the policy declaration pages of the policies they issue which insureds are the "rated drivers" for the insured vehicles listed therein and whether these "rated drivers" are deemed "single" or "married" for rating purposes.  An excerpt of Plaintiff Denise Griffin's United Financial Cas. Co. policy declaration page illustrates this as follows:



*See* Exhibit 3.  *See also* Exhibit 4 (Plaintiff Melanie Barber's United Financial Cas. Co. declaration page showing she was the rated driver of the vehicle listed as insured in her policy and that she is classified as "single" by United Financial Cas. Co. for rating purposes).

82.     Similarly, an excerpt of Plaintiff Melanie Barber's Progressive Select policy declaration pages illustrates that the insurer also designates whether rated drivers are deemed "single" or "married" for rating purposes thereon:

**Drivers and household residents**

| | Years licensed | Years experienced | Marital status |
|---|---|---|---|
| Melanie Barber | 29 | 29 | Single |
| Additional information | | Named insured | |

*See* Exhibit 4 (Plaintiff Melanie Barber's Progressive Select declaration page).

83.     While United Financial Cas. Co. and Progressive Select's Class Plan Applications and PPA Rule Manuals show these insurers follow materially identical rules and use marital status as a rating factor in an identical manner, the marital status rating factor relativities used by the companies are different. Upon information and belief, this is because all preferred risk business generated in California through insureds buying policies online through Progressive's website or through insureds buying policies over the telephone through Progressive employee agents is placed with United Financial Cas. Co., while all other acceptable risks are placed with Progressive Select.  This fact is confirmed by United Financial Cas. Co.'s and Progressive Select's PPA Rule Manuals in effect within the last three years, which states as follows with respect to new business and renewal business placement in California:

**U01 - New Business Company Placement**

Policies meeting the following criteria will be placed in United Financial Casualty Company:

1. All eligible to be rated drivers qualify as California Good Drivers as outlined in the Good Driver Discount rule (D08), or
2. If the primary named insured qualifies as a California Good Driver as outlined in the Good Driver Discount rule (D08), and any non-California Good Drivers (other than the named insured) are non-California Good Drivers due to a lack of driving experience only.

If the primary named insured qualifies for the Good Driver Discount (D08), and the policy is ineligible for United Financial Casualty, the applicant/insured will have the option to exclude drivers that are preventing eligibility and become eligible for United Financial Casualty Company.

Please see Rule D01 for Driver Exclusion guidelines.

All other acceptable risks not meeting the criteria for United Financial Casualty Company will be quoted in Progressive Select Insurance Company.

All policies are placed in the affiliated company with the lowest rate for which they are eligible.

**U02 – Renewal Company Placement**

Company placement criteria will be evaluated at each renewal. Guidelines are as follows:

At renewal, a policy written in Progressive Select Insurance Company and now meeting the criteria in U01 for United Financial Casualty Company will be moved to United Financial Casualty Company as long as we provide the same or broader coverage.

At renewal, if a policy written in United Financial Casualty Company no longer meets the criteria in U01 for United Financial Company, the policy will be moved to Progressive Select Insurance Company.

If the primary named insured qualifies for the Good Driver Discount (D08), and the policy is ineligible for United Financial Casualty, the insured will have the option to exclude drivers that are preventing eligibility and become eligible for United Financial Casualty Company.

Please see Rule D01 for Driver Exclusion guidelines.

In accordance with the California Insurance Code, any policyholder moving between affiliated companies will be notified of such change at least 20 days prior to the upcoming renewal date.

All policies are placed in the affiliated company with the lowest rate for which they are eligible.

*See, e.g.,* United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-132764856, at United Financial Cas. Co.'s PPA Rule Manual, pp. 14-15, Progressive Select's PPA Rule Manual, p. 14.

84.     Both insurers' marital status rating factor relativities set forth in their previous and current Rate Manuals show that they have used marital status as a rating factor to assign "married" and "single" rated drivers disparate marital status rating factor relativities for one or more lines of insurance coverage for at least the last three years when calculating policyholders' premiums.

85.     For policies issued, re-issued, or renewed by United Financial Cas. Co. between mid-2017 and early-2019 until the Rate Manuals attached to United Financial Cas. Co. Rule Change Filings, SERFF # PRGS-131564530 and SERFF # PRGS-131612331 took effect, the prior versions of United Financial

43

Cas. Co.'s Rate Manuals sets forth the disparate marital status rating factor relativities the insurer applied to rated drivers.  The applicable Rate Manual pages show that United Financial Cas. Co. assigned marital status rating factor relativities to female and male insureds.  Despite using gender designations, close examination of the versions of the Rate Manuals in effect at that time illustrate United Financial Cas. Co. assigned disparate rating factor relativities to "single" and "married" insureds for multiple lines of insurance irrespective of gender.

86.   Specifically:

i.   For female rated drivers who had between less than one year of driving experience and eight years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, collision, and medical payment coverages.

ii.   For female rated drivers who had nine or more years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, collision, comprehensive, loan/lease payoff, and medical payment coverages.

iii.   For male rated drivers who had between less than one year of driving experience and seven years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, collision, and medical payment coverages.

iv.   For male rated drivers who had between 14 and 18 years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage,

44

uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, collision, comprehensive, and loan/lease payoff coverages.

v.   For male rated drivers who had between 24 and 28 years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, collision, comprehensive, and loan/lease payoff coverages.

vi.   For male rated drivers who had between 8 and 13 years of driving experience, who had between 19 and 23 years of driving experience, or who had 29 or more years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, collision, comprehensive, medical payment, and loan/lease payoff coverages.

United Financial Cas. Co. Rate Change Filing, SERFF # PRGS-130610416, at CA UFCC B&P Manual Redline Revised 05102017.pdf ("Rate Manual for Business and Professional Program"), pp. 6-7 out of 377; United Financial Cas. Co. Rate Change Filing, SERFF # PRGS-130596756, at CA UFCC Reg Rate Manual Redline Revised 05102017.pdf ("Rate Manual for Regular Program"), pp. 6-7 out of 377.[47]

87.   For policies issued, re-issued, or renewed by United Financial Cas. Co. between early 2019 until late 2019 or early 2020 when the Rate Manual attached to United Financial Cas. Co. Class Plan, SERFF # PRGS-131847193 took effect, the prior versions of United Financial Cas. Co.'s Rate Manuals set forth the disparate marital status rating factor relativities the insurer applied to rated drivers.  The applicable Rate Manual pages show that United Financial Cas. Co. assigned marital status rating factor relativities to female and male insureds.  Despite using gender designations, close examination of the

---

[47]  United Financial Cas. Co. and Progressive Select both have a Business and Professional Program and a Regular Program.  The marital status rating factor relativities set forth in the insurers' Business and Professional and Regular Programs' Rate Manuals are the same.  In fact, the only difference between the Programs' Rate Manuals for both insurers is that the base rates listed therein.  The Business and Professional Programs' base rates are lower than the Regular Programs' base rates for both insurers.

CLASS ACTION COMPLAINT; Case No.

versions of the Rate Manuals in effect at that time illustrates United Financial Cas. Co. assigned disparate rating factor relativities to "single" and "married" insureds for multiple lines of insurance irrespective of gender.

88. Specifically:

i. For female rated drivers who had between less than one year of driving experience and eight years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, uninsured/uninsured motorist bodily injury, collision, medical payment, and uninsured/uninsured motorist property damage coverages.

ii. For females rated drivers who had nine or more years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, uninsured/uninsured motorist bodily injury, collision, medical payment, comprehensive, loan/lease payoff, and uninsured/uninsured motorist property damage coverages.

iii. For male rated drivers who had between less than one year of driving experience and seven years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, uninsured/uninsured motorist bodily injury, collision, medical payment, and uninsured/uninsured motorist property damage coverages.

iv. For male rated drivers who had between 14 and 28 years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, uninsured/uninsured motorist bodily injury, collision, comprehensive, loan/lease payoff, and uninsured/uninsured motorist property damage coverages.

v.  For male rated drivers who had between 29 and 33 years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, collision, comprehensive, loan/lease payoff, and uninsured/uninsured motorist property damage coverages.

vi.  For male rated drivers who had between eight and 13 years of driving experience or who had 34 or more years of driving experience, United Financial Cas. Co. applied higher marital status rating factor relativities to those who were "single" than to those who were "married" for bodily injury, property damage, uninsured/uninsured motorist bodily injury, collision, comprehensive, loan/lease payoff, medical payment, and uninsured/uninsured motorist property damage coverages.

United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-131564530, at CA DI UFCC Reg Manual Proposed 201905 updated 20181113.pdf ("Rate Manual for Regular Program"), pp. 6-7 out of 393; United Financial Cas. Co. Rule Change Filing, SERFF # PRGS-131612331, at CA DI UFCC B&P Manual Proposed 201905 updated 20181113.pdf ("Rate Manual for Business and Professional Program"), pp. 6-7 out of 393.

89.  For policies issued, re-issued, or renewed by United Financial Cas. Co. between late 2019 or early 2020 when the Rate Manual attached to United Financial Cas. Co. Class Plan, SERFF # PRGS-131847193 took effect through the present, United Financial Cas. Co. no longer uses any gender distinctions as the current version of the Rate Manual eliminated distinctions between insureds based on gender.  However, the current Rate Manual still shows United Financial Cas. Co. uses insureds' marital statuses to assign disparate rating factor relativities to "single" and "married" insureds.  The current Rate Manual's marital status rating factor relativities are depicted below as follows:

CLASS ACTION COMPLAINT; Case No.

United Financial Casualty Company
PP Auto Liability and Physical Damage

**Relativities for Each Rating Factor**

| Marital Status / Years Driving Experience | BI | PD | UMBI | COMP | COLL | MED | UMPD | LOAN |
|---|---|---|---|---|---|---|---|---|
| M00 | 1.45 | 1.63 | 1.64 | 1.65 | 1.72 | 1.97 | 1.72 | 1.65 |
| M01 | 1.43 | 1.59 | 1.61 | 1.63 | 1.71 | 1.94 | 1.71 | 1.63 |
| M02 | 1.40 | 1.52 | 1.55 | 1.61 | 1.57 | 1.82 | 1.57 | 1.61 |
| M03 | 1.40 | 1.48 | 1.57 | 1.64 | 1.58 | 1.80 | 1.58 | 1.64 |
| M04 | 1.31 | 1.41 | 1.42 | 1.48 | 1.46 | 1.68 | 1.46 | 1.48 |
| M05 | 1.14 | 1.27 | 1.24 | 1.44 | 1.37 | 1.48 | 1.37 | 1.44 |
| M06 | 0.99 | 1.21 | 1.08 | 1.28 | 1.22 | 1.40 | 1.22 | 1.28 |
| M07 | 0.97 | 1.17 | 1.02 | 1.24 | 1.12 | 1.33 | 1.12 | 1.24 |
| M08 | 0.95 | 1.02 | 0.95 | 1.12 | 1.05 | 1.17 | 1.05 | 1.12 |
| M09 | 0.86 | 0.96 | 0.91 | 1.09 | 0.98 | 1.04 | 0.98 | 1.09 |
| M10 | 0.86 | 0.94 | 0.86 | 1.07 | 0.91 | 1.01 | 0.91 | 1.07 |
| M11 | 0.81 | 0.85 | 0.82 | 1.03 | 0.88 | 0.91 | 0.88 | 1.03 |
| M12 | 0.76 | 0.82 | 0.74 | 0.95 | 0.86 | 0.85 | 0.86 | 0.95 |
| M13 | 0.76 | 0.82 | 0.73 | 0.92 | 0.83 | 0.83 | 0.83 | 0.92 |
| M14 | 0.76 | 0.82 | 0.75 | 0.87 | 0.80 | 0.82 | 0.80 | 0.87 |
| M15-18 | 0.75 | 0.83 | 0.76 | 0.84 | 0.79 | 0.83 | 0.79 | 0.84 |
| M19-23 | 0.77 | 0.85 | 0.76 | 0.82 | 0.80 | 0.87 | 0.80 | 0.82 |
| M24-28 | 0.82 | 0.86 | 0.82 | 0.81 | 0.81 | 0.87 | 0.81 | 0.81 |
| M29-33 | 0.83 | 0.85 | 0.83 | 0.80 | 0.80 | 0.86 | 0.80 | 0.80 |
| M34-38 | 0.84 | 0.82 | 0.85 | 0.78 | 0.78 | 0.82 | 0.78 | 0.78 |
| M39-43 | 0.82 | 0.77 | 0.81 | 0.71 | 0.75 | 0.76 | 0.75 | 0.71 |
| M44-48 | 0.83 | 0.80 | 0.83 | 0.67 | 0.72 | 0.76 | 0.72 | 0.67 |
| M49-53 | 0.88 | 0.81 | 0.92 | 0.64 | 0.74 | 0.78 | 0.74 | 0.64 |
| M54-58 | 1.07 | 1.08 | 1.05 | 0.64 | 0.83 | 1.10 | 0.83 | 0.64 |
| M59+ | 1.10 | 1.12 | 1.10 | 0.68 | 0.83 | 1.11 | 0.83 | 0.68 |
| S00 | 2.28 | 2.34 | 2.55 | 1.34 | 2.13 | 2.94 | 2.13 | 1.34 |
| S01 | 2.28 | 2.34 | 2.55 | 1.34 | 2.14 | 2.94 | 2.14 | 1.34 |
| S02 | 2.27 | 2.29 | 2.52 | 1.34 | 2.13 | 2.85 | 2.13 | 1.34 |
| S03 | 2.23 | 2.20 | 2.56 | 1.31 | 2.12 | 2.82 | 2.12 | 1.31 |
| S04 | 2.11 | 2.09 | 2.38 | 1.30 | 1.92 | 2.50 | 1.92 | 1.30 |
| S05 | 1.92 | 1.82 | 2.09 | 1.29 | 1.71 | 2.03 | 1.71 | 1.29 |
| S06 | 1.77 | 1.65 | 1.85 | 1.20 | 1.55 | 1.78 | 1.55 | 1.20 |
| S07 | 1.60 | 1.44 | 1.74 | 1.18 | 1.41 | 1.57 | 1.41 | 1.18 |
| S08 | 1.33 | 1.32 | 1.39 | 1.16 | 1.31 | 1.40 | 1.31 | 1.16 |
| S09 | 1.26 | 1.19 | 1.28 | 1.13 | 1.19 | 1.23 | 1.19 | 1.13 |
| S10 | 1.18 | 1.12 | 1.14 | 1.12 | 1.14 | 1.16 | 1.14 | 1.12 |
| S11 | 1.17 | 1.09 | 1.12 | 1.12 | 1.11 | 1.07 | 1.11 | 1.12 |
| S12 | 1.05 | 1.02 | 1.05 | 1.07 | 1.08 | 0.99 | 1.08 | 1.07 |
| S13 | 1.06 | 1.01 | 1.00 | 1.07 | 1.07 | 0.95 | 1.07 | 1.07 |
| S14 | 1.04 | 0.99 | 0.95 | 1.07 | 1.05 | 0.93 | 1.05 | 1.07 |
| S15-18 | 1.02 | 0.99 | 0.96 | 1.07 | 1.03 | 0.93 | 1.03 | 1.07 |
| S19-23 | 1.00 | 0.99 | 0.97 | 1.04 | 1.03 | 0.93 | 1.03 | 1.04 |
| S24-28 | 0.99 | 0.99 | 0.95 | 0.98 | 0.99 | 0.92 | 0.99 | 0.98 |
| S29-33 | 0.99 | 0.89 | 0.95 | 0.95 | 0.94 | 0.89 | 0.94 | 0.95 |
| S34-38 | 0.96 | 0.89 | 1.01 | 0.94 | 0.90 | 0.92 | 0.90 | 0.94 |
| S39-43 | 0.95 | 0.91 | 0.98 | 0.89 | 0.89 | 0.91 | 0.89 | 0.89 |
| S44-48 | 0.96 | 0.91 | 0.98 | 0.91 | 0.93 | 0.93 | 0.93 | 0.91 |
| S49-53 | 1.08 | 0.96 | 1.07 | 0.81 | 0.96 | 1.06 | 0.96 | 0.81 |
| S54-58 | 1.30 | 1.28 | 1.33 | 0.81 | 1.14 | 1.27 | 1.14 | 0.81 |
| S59+ | 1.30 | 1.28 | 1.35 | 0.81 | 1.16 | 1.34 | 1.16 | 0.81 |
| Excess Vehicle | 0.95 | 0.95 | 0.94 | 1.20 | 0.99 | 0.97 | 0.99 | 1.20 |

*See, e.g.,* United Financial Cas. Co. Class Plan, SERFF # PRGS-131847193, at CA DI UFCC B&P Manual Proposed 201906.pdf ("Rate Manual for Business and Professional Program"), p. 6 out of 392, CA DI UFCC Reg Manual Proposed.pdf ("Rate Manual for Regular Program"), p. 6 out of 392.

90.     Close examination of the marital status rating factor relativities depicted above demonstrates United Financial Cas. Co. continues to apply marital status as a rating factor to assign "married" and "single" insureds disparate marital status rating factor relativities for multiple lines of insurance coverage. Specifically, the relativities depicted above reveal as follows:

            i.     For rated drivers who have between less than one year of driving experience and seven years of driving experience, United Financial Cas. Co. assigns higher marital status

48

rating factor relativities to those who are "single" than it does to those who are "married" for bodily injury, property damage, underinsured/uninsured motorist bodily injury, underinsured/uninsured property damage, collision, and medical payment coverages.

ii. For rated drivers with over seven years of driving experience, United Financial Cas. Co. assigns higher marital status rating factor relativities to those who are "single" insureds than to those who are "married" for all eight lines of coverage listed in its Rate Manual pages illustrated above, including loan/lease payoff coverage.

*See, e.g.,* United Financial Cas. Co. Class Plan, SERFF # PRGS-131847193, at CA DI UFCC B&P Manual Proposed 201906.pdf ("Rate Manual for Business and Professional Program"), p. 6 out of 392, CA DI UFCC Reg Manual Proposed.pdf ("Rate Manual for Regular Program"), p. 6 out of 392.

91.     Similarly, for policies issued, re-issued, or renewed by Progressive Select between early 2019 until late 2019 when the Rate Manual attached to Progressive Select Class Plan, SERFF # PRGS-131849480 took effect, the prior versions of Progressive Select's Rate Manuals set forth the disparate marital status rating factor relativities the insurer applied to rated drivers.  The applicable Rate Manual pages show that Progressive Select assigned marital status rating factor relativities to female and male insureds.  Despite using gender designations, close examination of the version of the Rate Manuals in effect at that time illustrates Progressive Select assigned disparate rating factor relativities to "single" and "married" insureds for multiple lines of insurance irrespective of gender.

92.     Specifically:

i. For female rated drivers who had between less than one year of driving experience and one year of driving experience, Progressive Select applied higher marital status rating factor relativities to those who were "single" than to those who were "married for bodily injury, property damage, uninsured/underinsured motorist bodily injury, and medical payment coverages.

ii. For female rated drivers who had between two and 12 years of driving experience, Progressive Select applied higher marital status rating factor relativities to those who were "single" than to those who were "married for bodily injury, property damage,

49

uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, collision, and medical payment coverages.

iii.  For female rated drivers who had 13 or more years of driving experience, Progressive Select applied higher marital status rating factor relativities to those who were "single" than to those who were "married for bodily injury, property damage, uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, collision, comprehensive, loan/lease payoff, and medical payment coverages.

iv.  For male rated drivers who had between less than one year of driving experience or who had between two and seven years of driving experience, Progressive Select applied higher marital status rating factor relativities to those who were "single" than to those who were "married for bodily injury, property damage, uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, collision, and medical payment coverages.

v.  For male rated drivers who had one year of driving experience, Progressive Select applied higher marital status rating factor relativities to those who were "single" than to those who were "married for bodily injury, property damage, uninsured/underinsured motorist bodily injury, collision, and medical payment coverages.

vi.  For male rated drivers who had between 10 and 11 years of driving experience, who had between 19 and 23 years of driving experience, or who had between 34 and 38 years of driving experience, Progressive Select applied higher marital status rating factor relativities to those who were "single" than to those who were "married for bodily injury, property damage, uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, comprehensive, collision, and loan/lease payoff coverages.

vii.  For male rated drivers who had between 24 and 33 years of driving experience, Progressive Select applied higher marital status rating factor relativities to those who

50

were "single" than to those who were "married for bodily injury, uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, comprehensive, collision, and loan/lease payoff coverages.

      viii.   For males rated drivers who had between eight and nine years of driving experience, who had between 12 and 18 years of driving experience, or who had 39 or more years of driving experience, Progressive Select applied higher marital status rating factor relativities to those who were "single" than to those who were "married for bodily injury, property damage, uninsured/underinsured motorist bodily injury, uninsured/underinsured motorist property damage, comprehensive, collision, medical payment, and loan/lease payoff coverages.

*See, e.g.,* United Financial Cas. Co. and Progressive Select Form Change Filing, SERFF # PRGS-131791072, at CA DI Select B&P Manual Effective 20190503.pdf ("Rate Manual for Progressive Select Business and Professional Program"), pp. 6-7 out of 393, CA DI Select Reg Manual Effective 20190503.pdf ("Rate Manual for Progressive Select Regular Program"), pp. 6-7 out of 393.

      93.    For policies issued, re-issued, or renewed by Progressive Select between late 2019 when the Rate Manual attached to Progressive Select Class Plan, SERFF # PRGS-131849480 took effect through the present, Progressive Select no longer uses any gender distinctions as the current version of the Rate Manual eliminated distinctions between insureds based on gender.  However, the current Rate Manual still shows Progressive Select uses insureds' marital statuses to assign disparate rating factor relativities to "single" and "married" insureds.  The current Rate Manual's marital status rating factor relativities are depicted below as follows:

CLASS ACTION COMPLAINT; Case No.

Progressive Select Insurance Company
PP Auto Liability and Physical Damage

**Relativities for Each Rating Factor**

| Marital Status / Years Driving Experience | BI | PD | UMBI | COMP | COLL | MED | UMPD | LOAN |
|---|---|---|---|---|---|---|---|---|
| M00 | 1.12 | 1.14 | 1.21 | 1.49 | 1.42 | 1.25 | 1.42 | 1.49 |
| M01 | 1.12 | 1.14 | 1.21 | 1.46 | 1.40 | 1.24 | 1.40 | 1.46 |
| M02 | 1.12 | 1.09 | 1.21 | 1.43 | 1.24 | 1.18 | 1.24 | 1.43 |
| M03 | 1.03 | 0.96 | 1.10 | 1.40 | 1.20 | 1.07 | 1.20 | 1.40 |
| M04 | 0.88 | 0.95 | 0.91 | 1.35 | 1.07 | 1.01 | 1.07 | 1.35 |
| M05 | 0.81 | 0.93 | 0.85 | 1.35 | 1.03 | 0.95 | 1.03 | 1.35 |
| M06 | 0.70 | 0.85 | 0.76 | 1.25 | 0.92 | 0.92 | 0.92 | 1.25 |
| M07 | 0.70 | 0.83 | 0.70 | 1.18 | 0.89 | 0.89 | 0.89 | 1.18 |
| M08 | 0.70 | 0.78 | 0.69 | 1.04 | 0.83 | 0.87 | 0.83 | 1.04 |
| M09 | 0.64 | 0.74 | 0.66 | 1.01 | 0.81 | 0.86 | 0.81 | 1.01 |
| M10 | 0.64 | 0.73 | 0.66 | 1.00 | 0.81 | 0.82 | 0.81 | 1.00 |
| M11 | 0.60 | 0.68 | 0.66 | 0.98 | 0.74 | 0.76 | 0.74 | 0.98 |
| M12 | 0.60 | 0.66 | 0.62 | 0.91 | 0.72 | 0.73 | 0.72 | 0.91 |
| M13 | 0.60 | 0.65 | 0.62 | 0.84 | 0.73 | 0.68 | 0.73 | 0.84 |
| M14 | 0.62 | 0.69 | 0.63 | 0.84 | 0.73 | 0.71 | 0.73 | 0.84 |
| M15-18 | 0.62 | 0.69 | 0.63 | 0.83 | 0.73 | 0.70 | 0.73 | 0.83 |
| M19-23 | 0.71 | 0.78 | 0.69 | 0.79 | 0.76 | 0.79 | 0.76 | 0.79 |
| M24-28 | 0.82 | 0.84 | 0.82 | 0.76 | 0.79 | 0.84 | 0.79 | 0.76 |
| M29-33 | 0.83 | 0.87 | 0.84 | 0.76 | 0.80 | 0.87 | 0.80 | 0.76 |
| M34-38 | 0.84 | 0.87 | 0.86 | 0.71 | 0.80 | 0.88 | 0.80 | 0.71 |
| M39-43 | 0.84 | 0.84 | 0.84 | 0.65 | 0.75 | 0.88 | 0.75 | 0.65 |
| M44-48 | 0.81 | 0.83 | 0.82 | 0.65 | 0.72 | 0.84 | 0.72 | 0.65 |
| M49-53 | 0.88 | 0.85 | 0.89 | 0.63 | 0.73 | 0.87 | 0.73 | 0.63 |
| M54-58 | 0.90 | 0.89 | 0.91 | 0.59 | 0.78 | 0.89 | 0.78 | 0.59 |
| M59+ | 0.91 | 0.88 | 0.92 | 0.61 | 0.81 | 0.90 | 0.81 | 0.61 |
| S00 | 1.46 | 1.50 | 1.49 | 1.09 | 1.42 | 1.59 | 1.42 | 1.09 |
| S01 | 1.46 | 1.50 | 1.49 | 1.09 | 1.36 | 1.60 | 1.36 | 1.09 |
| S02 | 1.46 | 1.50 | 1.49 | 1.08 | 1.34 | 1.56 | 1.34 | 1.08 |
| S03 | 1.41 | 1.44 | 1.38 | 1.08 | 1.35 | 1.50 | 1.35 | 1.08 |
| S04 | 1.40 | 1.37 | 1.36 | 1.08 | 1.35 | 1.50 | 1.35 | 1.08 |
| S05 | 1.28 | 1.24 | 1.27 | 1.07 | 1.28 | 1.29 | 1.28 | 1.07 |
| S06 | 1.19 | 1.12 | 1.12 | 1.05 | 1.16 | 1.21 | 1.16 | 1.05 |
| S07 | 1.10 | 1.04 | 1.06 | 1.05 | 1.10 | 1.08 | 1.10 | 1.05 |
| S08 | 0.95 | 0.95 | 0.94 | 1.03 | 1.04 | 0.96 | 1.04 | 1.03 |
| S09 | 0.88 | 0.87 | 0.88 | 1.00 | 0.92 | 0.89 | 0.92 | 1.00 |
| S10 | 0.87 | 0.83 | 0.85 | 0.99 | 0.92 | 0.86 | 0.92 | 0.99 |
| S11 | 0.84 | 0.81 | 0.84 | 0.99 | 0.91 | 0.86 | 0.91 | 0.99 |
| S12 | 0.83 | 0.81 | 0.81 | 0.98 | 0.90 | 0.85 | 0.90 | 0.98 |
| S13 | 0.80 | 0.80 | 0.77 | 0.98 | 0.86 | 0.85 | 0.86 | 0.98 |
| S14 | 0.76 | 0.75 | 0.75 | 0.98 | 0.86 | 0.78 | 0.86 | 0.98 |
| S15-18 | 0.76 | 0.77 | 0.77 | 0.98 | 0.85 | 0.78 | 0.85 | 0.98 |
| S19-23 | 0.85 | 0.84 | 0.85 | 0.98 | 0.85 | 0.84 | 0.85 | 0.98 |
| S24-28 | 0.90 | 0.90 | 0.92 | 0.86 | 0.85 | 0.91 | 0.85 | 0.86 |
| S29-33 | 0.96 | 0.90 | 0.99 | 0.86 | 0.87 | 0.93 | 0.87 | 0.86 |
| S34-38 | 1.05 | 0.96 | 1.06 | 0.82 | 0.90 | 0.97 | 0.90 | 0.82 |
| S39-43 | 1.09 | 0.96 | 1.06 | 0.75 | 0.90 | 1.00 | 0.90 | 0.75 |
| S44-48 | 1.08 | 0.91 | 1.06 | 0.79 | 0.91 | 1.00 | 0.91 | 0.79 |
| S49-53 | 1.12 | 1.02 | 1.11 | 0.81 | 0.97 | 1.05 | 0.97 | 0.81 |
| S54-58 | 1.12 | 1.10 | 1.10 | 0.81 | 1.05 | 1.09 | 1.05 | 0.81 |
| S59+ | 1.12 | 1.10 | 1.10 | 0.81 | 1.06 | 1.09 | 1.06 | 0.81 |
| Excess Vehicle | 0.87 | 0.92 | 0.79 | 1.13 | 0.97 | 0.77 | 0.97 | 1.13 |

*See, e.g.,* Progressive Select Class Plan, SERFF # PRGS-131849480, at CA DI Select B&P Proposed Manual 201906.pdf ("Rate Manual for Business and Professional Program"), p. 6 out of 412, CA DI Select Reg Manual Proposed 201906.pdf ("Rate Manual for Regular Program"), p. 6 out of 412.

94.    Close examination of the marital status rating factor relativities depicted above demonstrates Progressive Select continues to apply marital status as a rating factor to assign "married"

52

and "single" insureds disparate marital status rating factor relativities for multiple lines of insurance coverage.  Specifically, the relativities depicted above reveal as follows:

    i.    For rated drivers who have between less than a year and one year of driving experience, Progressive Select assigns higher marital status rating factor relativities to those who are "single" than to those who are "married" for bodily injury, property damage, uninsured/underinsured motorist bodily injury, and medical payment coverages.

    ii.    For rated drivers who have between two and 10 years of driving experience, Progressive Select assigns higher marital status rating factor relativities to those who are "single" than to those who are "married" for bodily injury, property damage, uninsured/underinsured motorist bodily injury, collision, uninsured/underinsured motorist property damage, and medical payment coverages.

    iii.    For rated drivers who have 11 or more years of driving experience, Progressive Select assigns higher marital status rating factor relativities to those who are "single" than to those who are "married" for all eight lines of coverage depicted in the illustration above, including for loan/lease payoff coverage.

*See, e.g.,* Progressive Select Class Plan, SERFF # PRGS-131849480, at CA DI Select B&P Proposed Manual 201906.pdf ("Rate Manual for Business and Professional Program"), p. 6 out of 412, CA DI Select Reg Manual Proposed 201906.pdf ("Rate Manual for Regular Program"), p. 6 out of 412

95.    Use of rating factor relativities in this manner impacts the overall premium, rate, or charge for policyholders' policies.

96.    Moreover, the Class Plan Applications and other supporting documentation attached to the United Financial Cas. Co.'s and Progressive Select's past and current class plan filings show in detail how the insurers applied and continue to apply the marital status rating factor relativities they ascribe to "single" and "married "insureds for each line of coverage to set insureds' insurance premium rates.  These documents also outline how exactly United Financial Cas. Co. and Progressive Select assign disparate ratings to persons who fall within their respective "married" rating classes and to those who do not fall within their respective "married" rating classes*.  See generally* Progressive Select Class Plan, SERFF # PRGS-131849480; United Financial Cas. Co. Class Plan, SERFF # PRGS-131847193.

CLASS ACTION COMPLAINT; Case No.

1

2

**D. The Progressive Insurers' Rate Filings Demonstrating That They Discriminate Against Insureds Based Upon Marital Status In Violation Of The RAIN Law And Unruh Act Have Not Been Approved By The Commissioner**

3

4

5

6

97.     The above-referenced rate filings of the Progressive insurers that were submitted to the Commissioner and that either were in effect or took effect within the past three years demonstrate that the Commissioner only granted qualified approval to the insurers' rate filings pursuant to his authority under Cal. Ins. Code §§ 1861.01 *et seq.*

7

8

9

10

11

12

13

14

15

98.     Indeed, in each of the rate filings' disposition pages, the Commissioner states: "**If any portion of the application or related documentation conflicts with California law, that portion is specifically not approved.**" *See, e.g.,* Progressive West Class Plan, SERFF # PRGS-131476480, at Disposition (filing submitted to the Commissioner Apr. 26, 2018, granted qualified approval on Mar. 26, 2019, and effective on or within 90 days of approval date) (emphasis added); United Financial Cas. Co. and Progressive Select Class Plan, SERFF # PRGS-132764856, at Disposition (filing submitted jointly to the Commissioner by United Financial Cas. Co. and Progressive Select on Mar. 16, 2021, granted qualified approval on June 30, 2021, and effective on or within 90 days of approval date) (emphasis added). *See also* Disposition pages to the rate filings cited in footnote 29, *ante,* pages 23-25.

16

17

18

19

20

21

22

23

24

25

26

27

28

99.     As outlined in Part V.C of this Complaint, the Progressive insurers' rate filing applications and related documentation show that they engage in marital status discrimination against their insureds by using marital status as a rating factor and also by applying higher marital status rating factor relativities for "single" insureds as compared with married insureds for many lines of coverage to calculate policyholders' premium rates.  This practice expressly conflicts with the mandates of the Unruh Act and RAIN Law, which prohibit insurers from discriminating against insureds based upon marital status and from using marital status as a condition for which a higher premium or rate may be required.  As such, the Commissioner has not specifically approved the Progressive insurers' use of marital status as a means of rating insureds and setting their premium rates.  Rather, pursuant to the Commissioner's own words, the portions of the insurers' rate filings that detail use of marital status as a rating factor in this manner has been "**specifically not approved.**"  *See, e.g.,* Progressive West Class Plan, SERFF # PRGS-131476480, at Disposition (filing submitted to the Commissioner Apr. 26, 2018, granted qualified approval on Mar. 26, 2019, and effective on or within 90 days of approval date) (emphasis added); United Financial Cas.

54

Co. and Progressive Select Class Plan, SERFF # PRGS-132764856, at Disposition (filing submitted jointly to the Commissioner by United Financial Cas. Co. and Progressive Select on Mar. 16, 2021, granted qualified approval on June 30, 2021, and effective on or within 90 days of approval date) (emphasis added). *See also* Disposition pages to the rate filings cited in footnote 29, *ante,* pages 23-25.

100.    Consequently, the Progressive insurers are using unapproved rates.

**E.  The Progressive Insurers' Use of Unapproved and Illegally Discriminatory Ratemaking Practices Based Upon Marital Status May Result In A Higher Rate, Charge, or Premium For Policyholders with Single Rated Drivers Listed In Their Policies**

101.    The Progressive insurers' recent rate filings demonstrate that the insurers use marital status as an optional rating factor multiple lines of private passenger motor vehicle liability coverage.

102.    Upon information and belief, these practices may result in a higher rate, charge, or premium for policyholders with "single" rated drivers.  In fact, premium quotes premium quotes from Progressive in 2019 and 2021 show that policyholders with "single" rated drivers listed in their policies pay more premiums than policyholders with "married" rated drivers listed in their policies.

103.    For example, premium quotes obtained from Progressive's online quote generator software at [www.progressive.com](www.progressive.com) in 2019 for private passenger motor vehicle liability policies issued by Progressive insurers in Alameda County, CA, shows there was ***on average*** a **$60.67 annual price differential** between "single" individuals as compared with "married" individuals when all other characteristics that influence Progressive's premium rates and prices other than marital status were the same for the individuals.  Here, for individuals with 7 years of driving experience, the price differential was $138.00 annually; for individuals with 27 years of driving experience, the price differential was $28.00 annually; and for individuals with 47 years of driving experience, the price differential was $16.00 annually.

104.    Likewise, premium quotes obtained from Progressive's online quote generator software at www.progressive.com in 2021 for private passenger motor vehicle liability policies reveal that there continued to be a **$60.67** *average* **annual price differential** between "single" individuals as compared with "married" individuals with seven, 27, and 47 years of driving experience, respectively.  In 2021, for individuals with 7 years of driving experience, the price differential was still $138.00 annually; for

CLASS ACTION COMPLAINT; Case No.

individuals with 27 years of driving experience, the price differential was still $28.00 annually; and for individuals with 47 years of driving experience, the price differential was still $16.00 annually.

105.     These premium quote findings are consistent with a review done by The Zebra in 2019 that estimated non-married drivers are charged about *$73 more a year* than married drivers for California motor vehicle insurance.  *See* Exhibit 1.

106.     The premium quote findings are also consistent with a 2015 article, which concluded that Progressive was charging "unmarried" persons residing in Oakland, California **$60 more a year**, than people who were "married." *See generally* Consumer Federation of America, *New Research Shows That Most Major Auto Insurers Vary Prices Considerably Depending on Marital Status* (July 27, 2015), https://consumerfed.org/press_release/new-research-shows-that-most-major-auto-insurers-vary-prices-considerably-depending-on-marital-status/ (as of Jan. 30, 2022).

### F.     Plaintiffs' Experiences

107.     Plaintiffs Adamma Ison, Denise Griffin, and Melanie Barber own private passenger automobiles and had private passenger motor vehicle liability insurance policies issued by the Progressive insurers to comply with California's financial responsibility laws within the last three years. Upon information and belief, the Progressive insurers certified Plaintiffs' policies at their outsets as providing the minimum coverages required by California's financial responsibility laws.  Upon further information and belief, Plaintiffs' policies also list the vehicles they own as insured and do not exclude specific drivers from being covered under the policies for the applicable policy periods.

108.     In applying for their Progressive policies, Plaintiffs Ison, Griffin, and Barber applied generally for a Progressive policy either online or through a licensed agent.  Specifically, Plaintiff Ison applied generally for a Progressive policy through her insurance agent.  Plaintiffs Griffin and Barber applied generally for a Progressive policy online at www.progressive.com.  At the time they applied for their policies, the Plaintiffs did not know that in applying generally for a Progressive policy they could be assigned to one of multiple Progressive insurers.  Upon information and belief, either The Progressive Corporation, one of its subsidiaries, or Plaintiffs' insurance agents assigned which of The Progressive Corporation's subsidiaries issued policies to Plaintiffs.  Plaintiff Ison has a Progressive private passenger motor vehicle liability policy issued by Progressive West.  Plaintiff Griffin has a Progressive private

56

passenger motor vehicle liability policy issued by United Financial Cas. Co.  Plaintiff Barber had a Progressive private passenger motor vehicle liability policy issued by Progressive Select.  Upon renewal of her Progressive policy for a subsequent policy period, Plaintiff Barber's Progressive private passenger motor vehicle liability policy was re-issued or renewed by United Financial Cas. Co. for a subsequent policy period.

109.   Plaintiffs Ison and Griffin are single and have never been married.  Plaintiff Barber was divorced while her Progressive policy was in effect and still is divorced.  Therefore, the Progressive insurers rated them as "single" for purposes of rating, calculating and charging them premiums in accordance with the rating schemes set forth in Part V.C. of this Complaint.

110.   Indeed, all three Plaintiffs are deemed the "rated drivers" in their policies as they are the only insureds specifically listed in their policies.

111.   As such, the Progressive insurers used Plaintiffs' "single" marital statuses as a rating factor to determine their motor vehicle liability insurance premiums.

112.   While Plaintiffs know that the Progressive insurers used higher rating factor relativities because of their "single" marital statuses to determine the premium on their policies for one or more of their coverages, Plaintiffs do not know whether the Progressive insurers actually charged them a higher premium because of their "single" marital statuses.  This information is in the sole possession of Defendants and may be attainable through discovery in this action through review of Defendants' internal records.

113.   Nevertheless, this conduct violates the RAIN Law and Unruh Act because the Defendants applied higher marital status rating factor relativities for one or more coverages in Plaintiffs' policies because of the "single" marital statuses of Plaintiffs, and this may have required Plaintiffs to pay a higher rate, premium, or charge than they otherwise would for their insurance.

**Denise Griffin**

114.   Plaintiff Denise Griffin paid for and was issued a six-month private passenger motor vehicle liability insurance policy by United Financial Cas. Co., which renews if she pays the required premium.  Ms. Griffin pays the premiums United Financial Cas. Co. requires of her in monthly increments and has paid all premiums United Financial Cas. Co. has charged her to date.  Consequently, her policy

57

has been in effect for at least the following policy periods within the last three years: (1) from April 5, 2021 to October 5, 2021; and (2) from October 5, 2021 to April 5, 2022.

115.   Because Ms. Griffin is the only insured listed in her United Financial Cas. Co. policy, United Financial Cas. Co. treats her as the rated driver of the insured vehicle listed in her policy. Accordingly, United Financial Cas. Co. uses her attributes, including her "single" marital status, to set the premiums for her policy.

116.   Ms. Griffin's declarations page reveals that United Financial Cas. Co. classifies her as a "single" rated driver who has 38 years of driving experience. *See* Exhibit 3.

117.   United Financial Cas. Co.'s Rate Manuals in effect during the aforementioned policy periods (discussed herein in Part V.C. of this Complaint) reveal that United Financial Cas. Co. assigns higher marital status rating factor relativities to "single" rated drivers with 38 years of driving experience vehicle than to "married" rated drivers with the same amount of driving experience for bodily injury, property damage, uninsured/underinsured motorist bodily injury, comprehensive, and collision coverages. Ms. Griffin's policy includes these lines of coverage.  Consequently, United Financial Cas. Co. applies higher marital status rating factor relativities for these lines of coverage when setting Ms. Griffin's policy premium because she is "single" and not "married," which may also result in Ms. Griffin being assessed a higher rate, premium, or charge than would be required for the same insurance if she were classified as "married" for one or more of the policy periods in effect within the past three years.

**Adamma Ison**

118.   Plaintiff Adamma Ison paid for and was issued a six-month private passenger motor vehicle liability insurance policy by Progressive West, which renews if she pays the required premium.  Ms. Ison has paid all premiums Progressive West has required of her in monthly increments and has paid all premiums Progressive West has charged her to date.  Consequently, her policy has been in effect for at least the following policy periods within the last three years: (1) from July 14, 2021 to January 14, 2022; and (2) from January 14, 2022 to July 14, 2022.

119.   Because Ms. Ison is the only insured listed in her Progressive West policy, Progressive West treats her as the rated driver of the insured vehicle listed in her policy.  Accordingly, Progressive West uses her attributes, including her "single" marital status, to set the premiums for her policy.

58

120.     Ms. Ison's declarations page reveals that Progressive West classifies her as a "single" rated driver with 25 years of driving experience. *See* Exhibit 2.

121.     Progressive West's Rate Manuals in effect during the aforementioned policy periods (discussed herein in Part V.C. of this Complaint) reveal that Progressive West assigns higher marital status rating factor relativities to "single" rated drivers with 25 years of driving experience vehicle than to "married" rated drivers with the same amount of driving experience for bodily injury, property damage, uninsured/underinsured motorist bodily injury, medical payments, comprehensive, and collision coverages.  Ms. Ison's policy contains these lines of coverage.   Consequently, Progressive West applies higher marital status rating factor relativities for these lines of coverage when setting Ms. Ison's policy premium because she is "single" and not "married," which may also result in Ms. Ison being assessed a higher rate, premium, or charge than would be required for the same insurance if she were classified as "married" for one or more of the policy periods in effect within the past three years.

**Melanie Barber**

122.     Plaintiff Melanie Barber paid for and was issued a six-month private passenger motor vehicle liability insurance policy by Progressive Select, the most recent policy period of which was in effect from December 1, 2019 to June 1, 2020.  This policy automatically renewed if she paid the required premium.  Ms. Barber paid the premiums for her Progressive Select policy in full at the beginning of each policy period.

123.     Before her policy period effective from December 1, 2019 to June 1, 2020 expired, Ms. Barber paid the required premium for her policy to be renewed for the next six-month policy period.  She paid the new six-month policy period's premium in full.  Upon renewal, she was placed with United Financial Cas. Co. instead of Progressive Select.  Consequently, United Financial Cas Co. issued her policy for the June 1, 2020 to December 1, 2020 policy period.

124.     Upon information and belief, Ms. Barber was placed with United Financial Cas. Co. upon renewal instead of Progressive Select because she met the criteria to be placed with United Financial Cas. Co. as discussed in Part V.C. of this Complaint.  Indeed, Ms. Barber's policy number is the same for her Progressive Select policy period in effect from December 1, 2019 to June 1, 2020 and for her United

Financial Cas. Co. policy period in effect from June 1, 2020 to December 1, 2020, signaling she had the same policy, but that it was just underwritten by different Progressive entities for those policy periods.

125.    Thus, for purposes of this Complaint, her policy was in effect for at least the following policy periods within the last three years: (1) from December 1, 2019 to June 1, 2020; and (2) from June 1, 2020 to December 1, 2020.

126.    Because Ms. Barber was the only insured listed in her from December 1, 2019 to June 1, 2020 while she was insured by Progressive Select, and from June 1, 2020 to December 1, 2020 while she was insured by United Financial Cas. Co., both Progressive insurers treated her as the rated driver of the insured vehicle listed in her policy.  Accordingly, Progressive Select and United Financial Cas. Co. used her attributes, including her "single" marital status, to set the premiums for her policy.

127.    Ms. Barber's declarations pages reveal that both Progressive Select and United Financial Cas. Co. classified her as a "single" rated driver with 29 years of driving experience.  *See* Exhibit 4.

128.    Progressive Select's Rate Manuals in effect during Ms. Barber's December 1, 2019 to June 1, 2020 policy period (discussed herein at Part V.C. of this Complaint) reveals that Progressive Select assigned higher marital status rating factor relativities to "single" female rated drivers with 29 years of driving experience than to "married" female rated drivers with the same amount of driving experience for bodily injury and property damage coverages.  Ms. Barber's policy included these lines of coverage and she is female.  Accordingly, Progressive Select applied higher marital status rating factor relativities for these lines of coverage when setting her policy premium because she was "single" and not "married," which may also have also resulted Ms. Barber being assessed a higher rate, premium, or charge than would be required for the same insurance if she was classified as "married" for one or more of the policy periods issued by Progressive Select and in effect within the last three years.

129.    Moreover, United Financial Cas. Co.'s Rate Manual in effect during Ms. Barber's June 1, 2020 to December 1, 2020 policy period (discussed herein at Part V.C. of this Complaint) reveals that United Financial Cas. Co. also assigned higher marital status rating factor relativities to "single" female rated drivers with 29 years of driving experience than to "married" female rated drivers with the same amount of driving experience for bodily injury and property damage coverages.  Ms. Barber's policy included these lines of coverage and she is female.  Consequently, United Financial Cas. Co. applied

60

higher marital status rating factor relativities for these lines of coverage when setting her policy premium because she was "single" and not "married," which may also have also resulted Ms. Barber being assessed a higher rate, premium, or charge than would be required for the same insurance if she was classified as "married" for one or more of the policy periods issued by United Financial Cas. Co. and in effect within the last three years.

## VI.   CLASS ACTION ALLEGATIONS

130.   This action is brought and may properly be maintained as a class action pursuant to Cal. Code Civ. Proc. § 382.

### A.   Class Definitions

131.   Plaintiff Adamma Ison brings this action as a class action, on behalf of herself and all others similarly situated, against Progressive West Insurance Company (the "Progressive West Class") pursuant to Cal. Civ. Proc. Code § 382.  She seeks to represent the Progressive West Class, as defined below:

> All persons within the three-year period prior to the date this Action was filed through the date the Class is certified who paid for and were issued, were re-issued or renewed private passenger motor vehicle liability insurance policies issued by Progressive West Insurance Company in California, and whose policy premiums were calculated, in whole or in part, by using the "single" marital status of a "rated driver" at the time their policy was issued, re-issued, or renewed.

132.   The following persons are excluded from the Progressive West Class:

> (i) Progressive West Insurance Company, the officers, employees, principals, affiliated entities and directors of Progressive West Insurance Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Progressive West Insurance Company have or had a controlling interest; (ii) the judges to whom this action is assigned and any members of their immediate families; (iii) governmental entities; and (iv) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

133.   Plaintiffs Denise Griffin and Melanie Barber bring this action as a class action, on behalf of themselves and all others similarly situated, against United Financial Insurance Company (the "United Financial Cas. Co. Class") pursuant to Cal. Civ. Proc. Code § 382.  They seek to represent the United Financial Cas. Co. Class, as defined below:

> All persons within the three-year period prior to the date this Action was filed through the date the Class is certified who paid for and were issued, were re-issued or renewed private passenger motor vehicle liability insurance policies issued by United Financial Casualty

Company in California, and whose policy premiums were calculated, in whole or in part, by using the "single" marital status of a "rated driver" at the time their policy was issued, re-issued, or renewed.

134.    The following persons are excluded from the United Financial Cas. Co. Class:

(i) United Financial Insurance Company, the officers, employees, principals, affiliated entities and directors of United Financial Insurance Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which United Financial Insurance Company have or had a controlling interest; (ii) the judges to whom this action is assigned and any members of their immediate families; (iii) governmental entities; and (iv) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

135.    Plaintiff Melanie Barber brings this action as a class action, on behalf of herself and all others similarly situated, against Progressive Select Insurance Company (the "Progressive Select Class") pursuant to Cal. Civ. Proc. Code § 382.  She seeks to represent the Progressive Select Class, as defined below:

All persons within the three-year period prior to the date this Action was filed through the date the Class is certified who paid for and were issued, were re-issued or renewed private passenger motor vehicle liability insurance policies issued by Progressive Select Insurance Company in California, and whose policy premiums were calculated, in whole or in part, by using the "single" marital status of a "rated driver" at the time their policy was issued, re-issued, or renewed.

136.    The following persons are excluded from the Progressive Select Class:

(i) Progressive Select Insurance Company, the officers, employees, principals, affiliated entities and directors of Progressive Select Insurance Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Progressive Select Insurance Company have or had a controlling interest; (ii) the judges to whom this action is assigned and any members of their immediate families; (iii) governmental entities; and (iv) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

137.    For the Progressive West, United Financial Cas. Co., and Progressive Select Classes, the following definitions apply:

      i.    "Single" marital status refers to the marital status of persons who are single and have never been married, who are legally separated from their spouses, who are divorced, who are widowed, or who are unregistered domestic partners.

CLASS ACTION COMPLAINT; Case No.

ii.   "Married" marital status refers to the marital status of persons who are legally married and are not legally separated from their spouses, who are deemed married and are not legally separated from their spouses, who are "in a domestic partnership pursuant to state law" (*i.e.,* a registered domestic partnership), or who become widowed while their current policy period is still in effect.

iii.  "Rated Driver" refers to an insured or driver listed in the policy whose characteristics, including marital status, are used to calculate policy premiums for one or more vehicles insured by the policy.  As a practical matter, Progressive West, United Financial Cas. Co., and Progressive Select notate whether the "rated driver" for the insured vehicles listed in the policy are "single" or "married" on the declarations pages of the policies they issue.

138.   Plaintiffs reserve the right to re-define the Classes or amend the Classes' definitions prior to class certification.

**B.    The Parties are Numerous and Ascertainable**

139.   The members of each of the proposed Classes are so numerous that it is impractical to bring them all before the Court.  Though the exact number and identities of the members of the Classes are unknown at this time, they number in the thousands, if not tens of thousands, of people, because the Progressive insurers' private passenger motor vehicle liability policies are widely offered and sold across the State of California.  Indeed, Progressive West held 1.46% of the market share for private passenger auto policies written in California, and wrote $441,332,500 in premiums in the state in 2020.[48]  In 2018 and 2019, respectively, Progressive West held 1.13% and 1.21% of the market share in California for private passenger auto policies issued, and wrote $336,425,993 and $376,107,331, respectively, in premiums.[49]  United Financial Cas. Co. held 2.29% of the market share for private passenger auto policies written in California, and wrote $694,072,112 in premiums in the state in 2020.[50]  In 2018 and 2019,

---

[48]  *See* footnote 14, *ante,* page 13.

[49]  *See* footnote 15, *ante,* page 13.

[50]  *See* footnote 14, *ante,* page 13.

CLASS ACTION COMPLAINT; Case No.

respectively, United Financial Cas. Co. held 1.75% and 2.02% of the market share in California for private passenger auto policies issued, and wrote $522,570,678 and $627,288,316, respectively, in premiums.[51] Likewise, Progressive Select held 1.71% of the market share for private passenger auto policies written in California, and wrote $519,859,238 in premiums in the state in 2020.[52] In 2018 and 2019, respectively, Progressive Select held 1.44% and 1.63% of the market share in California for private passenger auto policies issued, and wrote $429,226,266 and $507,673,758, respectively, in premiums.[53] Due to the nature of Defendants' businesses, Plaintiffs believe there are thousands of Class members geographically dispersed across California, including in Alameda County. Therefore, individual joinder of all members of the Classes would be impracticable.

140. The Classes are ascertainable because each Classes' definition is objective and specific and the members of the respective Classes can be identified by objective criteria – the purchase of, issuance to, renewal of, or re-issuance of a private passenger motor vehicle liability insurance policy during the Class Period from the respective Defendant, and whether or not Defendants applied a "single" marital status of a "rated driver" for purposes of calculating policyholders' policy premiums during the Class Periods. Individual notice can be provided to members of the Classes who can be identified through reasonable effort, and to other members of the respective Classes by electronic means, or other appropriate means. Moreover, Cal. Code Regs., tit. 10, § 2360.6 requires Defendants to "keep documentation in the underwriting file for every insurance policy issued to every insured, identifying all information which the insurer considered in determining the Premium charged to the insured….at all times during which a policy is in force and for at least three years from the policy inception date." Additionally, on the policy declaration pages of each policyholders' policy, the Progressive insurers indicate whether they are using the "single" marital status of a "rated driver" to calculate the policy premium for each vehicle listed as insured in the policy. Consequently, members of the respective Classes may be identified through such

---

[51] *See* footnote 15, *ante*, page 13.

[52] *See* footnote 14, *ante*, page 13.

[53] *See* footnote 15, *ante*, page 13.

records so there is no concern that the Classes include individuals whose policy premiums were not calculated using a "single" marital status of a "rated driver", in whole or in part.

### C.     There is a Well-Defined Community of Interest

141.     In order to determine if there is a well-defined community of interest such that the question is one of a common or general interest, a court should consider: (1) whether common questions of law and fact predominate; (2) whether the representatives of the Classes' claims or defenses are typical of the class they seek to represent; and (3) whether the representatives of the Classes can adequately represent their respective Classes.

#### i.     Common Questions of Law and Facts Predominate

142.     This action presents predominant questions of law and facts common to the Classes, including, but not limited to, the following:

        a.   Whether Defendants treated rated drivers' "single" marital status, of itself, as constituting a condition or risk for imposing a rate, charge, or premium;

        b.   Whether Defendants treated rated drivers' "single" marital status, of itself, as constituting a condition or risk for which a higher rate, charge, or premium may be required;

        c.   Whether and when Defendants' policy premiums were calculated, in whole or in part, by using the "single" marital status of a rated driver;

        d.   Whether and when Defendants attributed higher marital status rating factor relativities to rated drivers to calculate policyholders' premium rates;

        e.   Whether Defendants' practices of using "single" marital status as a basis for potentially or actually imposing a higher rate, charge, or premium violates the RAIN Law, Cal. Ins. Code § 11628;

        f.   Whether and when Defendants' charged a higher premium to policyholders based on a rated driver's "single" marital status than would have been charged if the rated driver had a "married" marital status;

g.   Whether Defendants' practices of using marital status as a rating factor to determine policyholders' premiums constitutes marital status discrimination within the meaning of the Unruh Civil Rights Act, Cal. Civ. Code § 51;

h.   Whether Defendants' practices of using "single" marital status as a basis imposing premiums or rates violates the Unruh Act, Cal. Civ. Code § 51;

i.   Whether Plaintiffs and members of the Classes are entitled to $100 statutory damages for each separate violation of the RAIN Law that Defendants committed within the Class Periods pursuant to Cal. Ins. Code § 11629; and

j.   Whether Plaintiffs and members of the Classes are entitled to damages for each and every violation of the Unruh Act that Defendants committed within the Class Periods pursuant to Cal. Civ. Code § 52 and the appropriate measure of such damages.

**ii.   Plaintiffs' Claims are Typical of the Class**

143.   Plaintiffs' claims are typical of the claims of the respective Classes they seek to represent in that Plaintiffs paid for, were issued, and were re-issued or renewed private passenger motor vehicle liability policies by the respective Defendants and the respective Defendants applied a higher, "single" marital status rating factor for one or more lines of coverage to the "rated driver(s)" of their policies as a basis to calculate their premiums.  Defendants' use of a "single" marital status constituted a condition or risk for which a higher rate or premium may be required from Plaintiffs.  Plaintiffs, therefore, are no different in any relevant respect from any other members of the Classes, and the relief sought is common to the Classes.

**iii.   The Class Representatives Can Adequately Represent the Class**

144.   Plaintiffs will fairly and adequately represent and protect the interests of the Classes in that they have no interests that are antagonistic to or that irreconcilably conflict with those of other members of the Classes. Plaintiffs have retained counsel competent and experienced in the prosecution of class action litigation, including substantial experience in the types of claims alleged herein.

CLASS ACTION COMPLAINT; Case No.

**D. A Class Action Is Superior To All Other Available Methods For The Fair And Efficient Adjudication Of Plaintiffs' And Members of the Classes' Claims**

145. A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiffs' and members of the Classes' claims. A class action is superior to preserve members of the Classes' claims who would otherwise forego litigation given the burden and expense of individual prosecution of their claims. Individualized litigation would burden the courts, would increase the delay and expense to all parties and the Court, would produce the potential for inconsistent or contradictory judgments, and would establish incompatible standards of conduct. The individual prosecution of separate actions would create a risk of adjudications which may be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests. Certification of a class action to resolve these disputes will reduce the possibility of repetitious litigation involving thousands of members of the Classes and allow supervision by a single court.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION AGAINST PROGRESSIVE WEST
**(Violations of the RAIN Law, Cal. Ins. Code § 11628, and Statutory Damages under Cal. Ins. Code § 11629)**

146. Plaintiff Adamma Ison brings this claim against Progressive West on behalf of herself and the Progressive West Class and realleges and incorporates herein by reference each and every allegation contained in the above paragraphs, as if fully set forth herein.

147. At all relevant times, Progressive West was and is an admitted insurer licensed to issue private passenger motor vehicle liability insurance policies in the State of California. Additionally, at all relevant times, Progressive West has issued and continues to issue private passenger motor vehicle liability policies in the State of California.

148. California Insurance Code § 11628, subd. (a)(1), as amended effective January 1, 2009, states: "No admitted insurer that is licensed to issue and issuing motor vehicle liability policies, as defined in Section 16450 of the Vehicle Code, shall fail or refuse to accept an application for that insurance, to issue that insurance to an applicant therefor, or issue or cancel that insurance under conditions less favorable to the insured than in other comparable cases, except for reasons applicable alike to persons of

67

every characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil Code, including, but not limited to, language, or persons of the same geographic area; ***nor shall any characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil Code, including, but not limited to, language, or location within a geographic area, of itself, constitute a condition or risk for which a higher rate, premium, or charge may be required of the insured for that insurance.*** (emphasis added).

149.   Section 51, subd. (b) of the Civil Code (*i.e.*, the Unruh Act) was amended in 2005 to bar businesses from engaging in marital status discrimination.  Thus, as of January 1, 2009, the RAIN Law specifically barred motor vehicle liability insurers from discriminating on the basis of marital status when setting and charging rates and insurance premiums.

150.   At all relevant times, Progressive West has used and continues to use the "single" marital status of "rated driver(s)" as an optional rating factor for one or more lines of coverage in private passenger motor vehicle liability insurance policies Progressive West issued to Plaintiff Ison and the members of the Progressive West Class.

151.   At all relevant times, because of the "rated driver(s)'" "single" marital status(es), Progressive West applied higher marital status rating factor relativities for one or more lines of coverage to calculate premium rates for the private passenger motor vehicle liability insurance policies it issued to Plaintiff Ison and the members of the Progressive West Class, thereby treating "single" marital status, of itself, as constituting a condition or risk for which a higher rate, charge, or premium may be required of Plaintiff Ison and all Progressive West Class Members, who are the policyholders of those policies.

152.   By simply treating the "single" marital status(es) of the "rated driver(s)" in Plaintiff Ison's policy and the Progressive West Class Members' policies as constituting a basis for which a higher rate, charge and/or premium for their private passenger motor vehicle liability insurance policies may be required, namely through applying higher marital status rating factor relativities for one or more lines of coverage to calculate premium rates because of the "rated driver(s)'" "single" marital status(es), Progressive West violated, and continues to violate, the RAIN Law.  Cal. Ins. Code § 11628(a)(1).

153.   California Insurance Code § 11629 states: "**Each separate act** of an insurer or its agent **in violation of Section 11628** [the RAIN Law] ...  **shall** render the insurer **liable in damages** in the amount of one **hundred dollars ($100)**, plus a reasonable allowance for attorneys' fees incurred in connection

68

with the prosecution of the action, **which may be recovered in an __action at law__** brought for that purpose by the person aggrieved by any such act." Cal. Ins. Code § 11629 (emphasis added).

154.    Progressive West committed a separate violation of the RAIN Law, Cal. Ins. Code § 11628, when it used the "single" marital status(es) of the "rated driver(s)" on Plaintiff Ison's and other Progressive West Class Members' policies as a basis upon which a higher charge, premium or rate may be required of them when their policies were initially issued and each time their policies re-issued or renewed. Accordingly, Ms. Ison and the Progressive West Class Members, having been persons aggrieved by Progressive West's violations of the RAIN Law, request that this Court cause Progressive West to pay them statutory damages in the amount of $100.00, plus a reasonable allowance for attorneys' fees incurred in connection with the prosecution of the action, each time Progressive West issued, re-issued or renewed their private passenger motor vehicle liability insurance policies.

### SECOND CAUSE OF ACTION AGAINST UNITED FINANCIAL CAS. CO.
**(Violations of the RAIN Law, Cal. Ins. Code § 11628, and
Statutory Damages under Cal. Ins. Code § 11629)**

155.    Plaintiffs Denise Griffin and Melanie Barber bring this claim against United Financial Cas. Co. on behalf of themselves and the United Financial Cas. Co. Class and reallege and incorporate herein by reference each and every allegation contained in the above paragraphs, as if fully set forth herein.

156.    At all relevant times, United Financial Cas. Co. was and is an admitted insurer licensed to issue private passenger motor vehicle liability insurance policies in the State of California.  Additionally, at all relevant times, United Financial Cas. Co. has issued and continues to issue private passenger motor vehicle liability policies in the State of California.

157.    California Insurance Code § 11628, subd. (a)(1), as amended effective January 1, 2009, states: "No admitted insurer that is licensed to issue and issuing motor vehicle liability policies, as defined in Section 16450 of the Vehicle Code, shall fail or refuse to accept an application for that insurance, to issue that insurance to an applicant therefor, or issue or cancel that insurance under conditions less favorable to the insured than in other comparable cases, except for reasons applicable alike to persons of every characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil Code, including, but not limited to, language, or persons of the same geographic area; ***nor shall any characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil Code, including, but not limited to,***

69

*language, or location within a geographic area, of itself, constitute a condition or risk for which a higher rate, premium, or charge may be required of the insured for that insurance.*" (emphasis added).

158.     Section 51, subd. (b) of the Civil Code (*i.e.*, the Unruh Act) was amended in 2005 to bar businesses from engaging in marital status discrimination.  Thus, as of January 1, 2009, the RAIN Law specifically barred motor vehicle liability insurers from discriminating on the basis of marital status when setting and charging rates and insurance premiums.

159.     At all relevant times, United Financial Cas. Co. has used and continues to use the "single" marital status of "rated driver(s)" as an optional rating factor for one or more lines of coverage in private passenger motor vehicle liability insurance policies United Financial Cas. Co. issued to Plaintiffs Griffin and Barber and the members of the United Financial Cas. Co. Class.

160.     At all relevant times, because of the "rated driver(s)'" "single" marital status(es), United Financial Cas. Co. applied higher marital status rating factor relativities for one or more lines of coverage to calculate premium rates for the private passenger motor vehicle liability insurance policies it issued to Plaintiff Griffin, Plaintiff Barber, and the members of the United Financial Cas. Co. Class, thereby treating "single" marital status, of itself, as constituting a condition or risk for which a higher rate, charge, or premium may be required of Plaintiff Griffin, Plaintiff Barber, and all United Financial Cas. Co. Class Members, who are the policyholders of those policies.

161.     By simply treating the "single" marital status(es) of the "rated driver(s)" in Plaintiff Griffin's policy, Plaintiff Barber's policy, and the United Financial Cas. Co. Class Members' policies as constituting a basis for which a higher rate, charge and/or premium for their private passenger motor vehicle liability insurance policies may be required, namely through applying higher marital status rating factor relativities for one or more lines of coverage to calculate premium rates because of the "rated driver(s)'" "single" marital status(es), United Financial Cas. Co. violated, and continues to violate, the RAIN Law.  Cal. Ins. Code § 11628(a)(1).

162.     California Insurance Code § 11629 states: "**Each separate act** of an insurer or its agent **in violation of Section 11628** [the RAIN Law] ...  **shall** render the insurer **liable in damages** in the amount of one **hundred dollars ($100)**, plus a reasonable allowance for attorneys' fees incurred in connection

with the prosecution of the action, **which may be recovered in an <u>action at law</u>** brought for that purpose by the person aggrieved by any such act."  Cal. Ins. Code § 11629 (emphasis added).

163.    United Financial Cas. Co. committed a separate violation of the RAIN Law, Cal. Ins. Code § 11628, when it used the "single" marital status(es) of the "rated driver(s)" on Plaintiff Griffin's, Plaintiff Barber's, and other United Financial Cas. Co. Class Members' policies as a basis upon which a higher charge, premium or rate may be required of them when their policies were initially issued and each time their policies re-issued or renewed.  Accordingly, Ms. Griffin, Ms. Barber, and the United Financial Cas. Co. Class Members, having been persons aggrieved by United Financial Cas. Co.'s violations of the RAIN Law, request that this Court cause United Financial Cas. Co. to pay them statutory damages in the amount of $100.00, plus a reasonable allowance for attorneys' fees incurred in connection with the prosecution of the action, each time United Financial Cas. Co. issued, re-issued or renewed their private passenger motor vehicle liability insurance policies.

**THIRD CAUSE OF ACTION AGAINST PROGRESSIVE SELECT**
**(Violations of the RAIN Law, Cal. Ins. Code § 11628, and**
**Statutory Damages under Cal. Ins. Code § 11629)**

164.    Plaintiff Melanie Barber brings this claim against Progressive Select on behalf of herself and the Progressive Select Class and realleges and incorporates herein by reference each and every allegation contained in the above paragraphs, as if fully set forth herein.

165.    At all relevant times, Progressive Select was and is an admitted insurer licensed to issue private passenger motor vehicle liability insurance policies in the State of California.  Additionally, at all relevant times, Progressive Select has issued and continues to issue private passenger motor vehicle liability policies in the State of California.

166.    California Insurance Code § 11628, subd. (a)(1), as amended effective January 1, 2009, states: "No admitted insurer that is licensed to issue and issuing motor vehicle liability policies, as defined in Section 16450 of the Vehicle Code, shall fail or refuse to accept an application for that insurance, to issue that insurance to an applicant therefor, or issue or cancel that insurance under conditions less favorable to the insured than in other comparable cases, except for reasons applicable alike to persons of every characteristic listed or defined in subdivision (b) or (e) of Section 51 of the Civil Code, including, but not limited to, language, or persons of the same geographic area; ***nor shall any characteristic listed***

71

*or defined in subdivision (b) or (e) of Section 51 of the Civil Code, including, but not limited to, language, or location within a geographic area, of itself, constitute a condition or risk for which a higher rate, premium, or charge may be required of the insured for that insurance.*" (emphasis added).

167.    Section 51, subd. (b) of the Civil Code (*i.e.*, the Unruh Act) was amended in 2005 to bar businesses from engaging in marital status discrimination.  Thus, as of January 1, 2009, the RAIN Law specifically barred motor vehicle liability insurers from discriminating on the basis of marital status when setting and charging rates and insurance premiums.

168.    At all relevant times, Progressive Select has used and continues to use the "single" marital status of "rated driver(s)" as an optional rating factor for one or more lines of coverage in private passenger motor vehicle liability insurance policies Progressive Select issued to Plaintiff Barber and the members of the Progressive Select Class.

169.    At all relevant times, because of the "rated driver(s)'" "single" marital status(es), Progressive Select applied higher marital status rating factor relativities for one or more lines of coverage to calculate premium rates for the private passenger motor vehicle liability insurance policies it issued to Plaintiff Barber and the members of the Progressive Select Class, thereby treating "single" marital status, of itself, as constituting a condition or risk for which a higher rate, charge, or premium may be required of Plaintiff Barber and all Progressive Select Class Members, who are the policyholders of those policies.

170.    By simply treating the "single" marital status(es) of the "rated driver(s)" in Plaintiff Barber's policy and the Progressive Select Class Members' policies as constituting a basis for which a higher rate, charge and/or premium for their private passenger motor vehicle liability insurance policies may be required, namely through applying higher marital status rating factor relativities for one or more lines of coverage to calculate premium rates because of the "rated driver(s)'" "single" marital status(es), Progressive Select violated, and continues to violate, the RAIN Law.  Cal. Ins. Code § 11628(a)(1).

171.    California Insurance Code § 11629 states: "**Each separate act** of an insurer or its agent **in violation of Section 11628** [the RAIN Law] ...  **shall** render the insurer **liable in damages** in the amount of one **hundred dollars ($100)**, plus a reasonable allowance for attorneys' fees incurred in connection with the prosecution of the action, **which may be recovered in an action at law** brought for that purpose by the person aggrieved by any such act."  Cal. Ins. Code § 11629 (emphasis added).

72

172.    Progressive Select committed a separate violation of the RAIN Law, Cal. Ins. Code § 11628, when it used the "single" marital status(es) of the "rated driver(s)" on Plaintiff Barber's and other Progressive Select Class Members' policies as a basis upon which a higher charge, premium or rate may be required of them when their policies were initially issued and each time their policies re-issued or renewed.   Accordingly, Ms. Barber and the Progressive Select Class Members, having been persons aggrieved by Progressive Select's violations of the RAIN Law, request that this Court cause Progressive Select to pay them statutory damages in the amount of $100.00, plus a reasonable allowance for attorneys' fees incurred in connection with the prosecution of the action, each time Progressive Select issued, re-issued or renewed their private passenger motor vehicle liability insurance policies.

### FOURTH CAUSE OF ACTION AGAINST PROGRESSIVE WEST
**(Claim for Damages under Cal. Civ. Code § 52 for Violations of the Unruh Act, Cal. Civ. Code § 51 Against Progressive West)**

173.    Plaintiff Adamma Ison brings this claim against Progressive West on behalf of herself and the Progressive West Class and realleges and incorporates herein by reference each and every allegation contained in the above paragraphs, as if fully set forth herein.

174.    At all relevant times, Progressive West is and has been an insurer that is licensed to issue and does issue private passenger motor vehicle liability insurance policies to insureds in the State of California.   As such, Progressive West is a business establishment within the meaning of the Unruh Act and is subject to the Unruh Act through Cal. Ins. Code § 1861.03.

175.    Plaintiff Ison and other Progressive West Class Members have "rated driver(s)" for their policies who have "single" marital status(es).

176.    Progressive West applied disparate rating factor relativities for one or more coverage types to calculate Plaintiff Ison's and other Progressive West Class Members' premiums because the "rated driver(s)" for their policies are "single" and not "married."

177.    Further, Progressive West applied disparate rating factor relativities in this manner when it issued and each time it re-issued or renewed Plaintiff Ison's and the Progressive West Class members' policies.

73

CLASS ACTION COMPLAINT; Case No.

178.    This conduct constitutes marital status discrimination in violation of the Unruh Act. Accordingly, Plaintiff Ison and the Progressive West Class are entitled to statutory damages under Cal. Civ. Code § 52, subd. (a) for each time Progressive West issued, re-issued, or renewed their policies.

179.    In addition, to the extent discovery of this action shows that Plaintiff Ison and the Progressive West Class Members paid higher premiums as a result of Progressive West applying disparate rating factor relativities to calculate their policy premiums because of the "rated driver(s)'" "single" marital status(es) for one or more policy periods in effect in the last three years that exceed statutory damages, Plaintiff Ison and the Progressive West Class Members are entitled to actual damages under Cal. Civ. Code § 52, subd. (a).

## FIFTH CAUSE OF ACTION AGAINST UNITED FINANCIAL CAS. CO.
**(Claim for Damages under Cal. Civ. Code § 52 for Violations of the Unruh Act, Cal. Civ. Code § 51 Against United Financial Cas. Co.)**

180.    Plaintiffs Denise Griffin and Melanie Barber bring this claim against United Financial Cas. Co. on behalf of themselves and the United Financial Cas. Co. Class, and reallege and incorporate herein by reference each and every allegation contained in the above paragraphs, as if fully set forth herein.

181.    At all relevant times, United Financial Cas. Co. is and has been an insurer that is licensed to issue and does issue private passenger motor vehicle liability insurance policies to insureds in the State of California.  As such, United Financial Cas. Co. is a business establishment within the meaning of the Unruh Act and is subject to the Unruh Act through Cal. Ins. Code § 1861.03.

182.    Plaintiff Griffin, Plaintiff Barber, and other United Financial Cas. Co. Class Members have "rated driver(s)" for their policies who have "single" marital status(es).

183.    United Financial Cas. Co. applied disparate rating factor relativities for one or more coverage types to calculate Plaintiff Griffin's, Plaintiff Barber's, and other United Financial Cas. Co. Class Members' premiums because the "rated driver(s)" for their policies are "single" and not "married."

184.    Further, United Financial Cas. Co. applied disparate rating factor relativities in this manner when it issued and each time it re-issued or renewed Plaintiff Griffin's, Plaintiff Barber's and the United Financial Cas. Co. Class Members' policies.

185.    This conduct constitutes marital status discrimination in violation of the Unruh Act. Accordingly, Plaintiff Griffin, Plaintiff Barber, and the United Financial Cas. Co. Class are entitled to

74

statutory damages under Cal. Civ. Code § 52, subd. (a) for each time United Financial Cas. Co. issued, re-issued, or renewed their policies.

186.    In addition, to the extent discovery of this action shows that Plaintiff Griffin, Plaintiff Barber, and the United Financial Cas. Co. Class Members paid higher premiums as a result of United Financial Cas. Co. applying disparate rating factor relativities to calculate their policy premiums because of the "rated driver(s)'" "single" marital status(es) for one or more policy periods in effect in the last three years that exceed statutory damages, Plaintiff Griffin, Plaintiff Barber, and the United Financial Cas. Co. Class Members are entitled to actual damages under Cal. Civ. Code § 52, subd. (a).

## SIXTH CAUSE OF ACTION AGAINST PROGRESSIVE SELECT
### (Claim for Damages under Cal. Civ. Code § 52 for Violations of the Unruh Act, Cal. Civ. Code § 51 Against Progressive select)

187.    Plaintiff Melanie Barber brings this claim against Progressive Select on behalf of herself and the Progressive Select Class, and realleges and incorporates herein by reference each and every allegation contained in the above paragraphs, as if fully set forth herein.

188.    At all relevant times, Progressive Select is and has been an insurer that is licensed to issue and does issue private passenger motor vehicle liability insurance policies to insureds in the State of California.  As such, Progressive Select is a business establishment within the meaning of the Unruh Act and is subject to the Unruh Act through Cal. Ins. Code § 1861.03.

189.    Plaintiff Barber and other Progressive Select Class Members have "rated driver(s)" for their policies who have "single" marital status(es).

190.    Progressive Select applied disparate rating factor relativities for one or more coverage types to calculate Plaintiff Barber's and other Progressive Select Class Members' premiums because the "rated driver(s)" for their policies are "single" and not "married."

191.    Further, Progressive Select applied disparate rating factor relativities in this manner when it issued and each time it re-issued or renewed Plaintiff Barber's and the Progressive Select Class Members' policies.

192.    This conduct constitutes marital status discrimination in violation of the Unruh Act. Accordingly, Plaintiff Barber and the Progressive Select Class are entitled to statutory damages under Cal. Civ. Code § 52, subd. (a) for each time Progressive Select issued, re-issued, or renewed their policies.

75

193.    In addition, to the extent discovery of this action shows that Plaintiff Barber and the Progressive Select Class Members paid higher premiums as a result of Progressive Select applying disparate rating factor relativities to calculate their policy premiums because of the "rated driver(s)'" "single" marital status(es) for one or more policy periods in effect in the last three years that exceed statutory damages, Plaintiff Barber and the Progressive Select Class Members are entitled to actual damages under Cal. Civ. Code § 52, subd. (a).

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, request an award, relief and entry of a judgment, as follows:

A.    An order certifying that this action is properly brought and may be maintained as a class action under Cal. Code Civ. Proc. § 382; that Plaintiffs be appointed representatives of their respective Classes; and that Plaintiffs' undersigned counsel be appointed Counsel for the Classes;

B.    For a judgment awarding Plaintiffs and the Classes statutory damages pursuant to California Insurance Code Section 11629 in the amount of one hundred dollars ($100.00) for each separate act of the Defendants or their agents in violation of the RAIN Law, California Insurance Code Section 11628;

C.    For a judgment awarding Plaintiffs and the Classes statutory damages in the amount permitted by California Civil Code Section 52, for each and every act of marital status discrimination the Defendants committed against them in violation of the Unruh Act, California Civil Code Section 51;

D.    For a judgment awarding Plaintiffs and the Classes actual damages to the extent proven and allowable in an amount to be determined at trial that exceeds any statutory damages awarded pursuant to California Civil Code Section 52, for each and every act of marital status discrimination the Defendants committed against them in violation of the Unruh Act, California Civil Code Section 51;

E.    An order requiring Defendants to pay all allowable costs, including those associated with Class notice and administration of Class-wide relief;

F.    For attorneys' fees and expenses pursuant to all applicable laws; and

G.    For pre and post judgment interest.

Dated : March 24, 2022

**FEINSTEIN DOYLE PAYNE
    & KRAVEC, LLC**

By: _____
    Wyatt A. Lison (SBN – 316775)

429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007
Email:  wlison@fdpklaw.com
Email:  jkravec@fdpklaw.com
Email: kburns@fdpklaw.com

**OLIVIER & SCHREIBER LLP**
Monique Olivier (SBN – 190385)
Christian Schreiber (SBN - 245597)
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone.:  (415) 484-0980
Facsimile:  (415) 658-7758
Email: monique@osclegal.com
Email: christian@osclegal.com

***ATTORNEYS FOR PLAINTIFFS***

# EXHIBIT 1

# How Much Does Car Insurance Cost in California?

 **The Zebra**
May 29, 2019

Car insurance policies are expensive in California. The average auto insurance cost in California is $1,713 per year — 20% more than the national average.

Your car insurance rates are impacted by more than just your location. Auto insurance rates comprise myriad factors, including a driver's age and driving history.

We reviewed average California car insurance rates by each of the most common rating factors. Read on to learn how much auto insurance costs in your state — or submit your zip to receive personalized quotes from popular insurers.

**FIND CAR INSURANCE**

Car Insurance by Age
Car Insurance by Company
Car Insurance by Deductible
Car Insurance by Location
Car Insurance by Vehicle
Car Insurance by Profession
Cheap Car Insurance
Cheap Car Insurance for Bad Credit
Cheap Car Insurance for High-Risk Drivers
Cheap Car Insurance for Teens
Other Insurance



**Shop for affordable car insurance today!**

📍 Zip Code    **Start →**

🛡 Your information is secure.

**Average California car insurance costs by:**

1. Age
2. Marital status
3. Credit score
4. Driving violations
5. Coverage level

## Average Car Insurance Expenditure in California by Age Bracket

It's a fact of life: as you age, your auto insurance premiums change. Typically, auto insurance is pricier for young drivers and teens, as auto insurance companies see newer drivers as less responsible.

In California, auto coverage costs $7,175 annually for a 16-year-old driver, compared to $1,450 per year for a driver between 50 and 59 years of age.

**CALIFORNIA CAR INSURANCE RATES BY AGE**

| Age | Average Yearly Premium |
| --- | --- |
| 16 | $7,175.12 |
| 17 | $6,853.99 |
| 18 | $6,021.14 |
| 19 | $4,428.57 |
| 20s | $2,416.70 |
| 30s | $1,618.56 |
| 40s | $1,563.19 |

| 50s | $1,449.50 |
| 60s | $1,408.62 |
| 70s | $1,568.61 |

If you're facing the pricey prospect of insuring a teen driver, it's worth noting California is the 34th cheapest state in which to purchase car insurance for a 16-year-old.

## Find a policy today!



Your information is secure.

---

## Average Car Insurance Rates in California by Marriage Status

One benefit of getting hitched — aside from the honeymoon — is the better deal you may receive on your car insurance policy. In the state of California, married drivers save $73 per year on car insurance policies. This is less than the national savings of $76.

**CALIFORNIA CAR INSURANCE RATES BY MARITAL STATUS**

| Marital Status | Average Annual Rate |
| --- | --- |
| Single | $1,649.21 |
| Married | $1,576.40 |
| Divorced | $1,649.21 |
| Widowed | $1,582.65 |

Car insurance coverage for divorced drivers in California is the 9th most expensive in the nation. If you are paying too much for your car insurance policy, don't be afraid to shop around. You never know what savings you'll find!

# Average Auto Insurance Costs in California by Credit Score

Car insurance companies use credit score to get an idea of a potential customer's reliability. Data trends show drivers with good credit histories are often more dependable car insurance customers: they are less likely to file claims covered by auto insurance. California, however, outlaws the use of credit score as an insurance rating factor, meaning you'll pay the same car insurance rate no matter your credit history.

**CALIFORNIA AUTO INSURANCE RATES BY CREDIT SCORE**

| Credit Tier | Average Annual Rate |
| --- | --- |
| Very Poor (300-579) | $1,649.21 |
| Fair (580-669) | $1,649.21 |

| | |
|---|---|
| Good (670-739) | $1,649.21 |
| Very Good (740-799) | $1,649.21 |
| Exceptional (800-850) | $1,649.21 |

## Median Car Insurance Costs for High-Risk Drivers in California

If you're determined to be be at fault in a car accident or found guilty of a driving infraction, your auto insurance premiums are bound to rise. The more red flags you rack up, the pricier your auto insurance becomes.

In California, your first minor at-fault crash leads to a penalty of $862.80 per year in auto insurance premiums. A DUI — considered among the most grievous driving violations — may grow your insurance rates in California by as much as $2,977.05.

**CALIFORNIA AUTO INSURANCE PREMIUMS WITH VIOLATIONS**

| Age | Average Yearly Premium |
|---|---|
| DUI or DWI | $4,689.59 |
| Reckless Driving | $4,689.59 |
| At-Fault Accident (<$1,000) | $2,575.34 |
| At-Fault Accident ($1,000-$2,000) | $2,676.87 |
| At-Fault Accident (>$2,000) | $2,575.34 |

| | |
|---|---|
| **Open Container** | $3,130.47 |
| **Speeding (21-25 MPH > limit)** | $2,324.98 |
| **Speeding (16-20 MPH > limit)** | $2,324.98 |

If you're facing above-average car insurance payments, consider insurance shopping to find inexpensive coverage that suits you.

## Median Auto Insurance Prices by Coverage Amount in California

How much you pay per month for car insurance depends on the tier of coverage you purchase. Liability-only coverage typically costs less, while low-deductible comprehensive coverage costs more. In California, the rate difference between state-minimum liability-only coverage and comprehensive coverage with a $500 deductible is $908.

**CALIFORNIA AUTO INSURANCE RATES BY COVERAGE LEVEL**

| Coverage Level | Average Annual Premium |
|---|---|
| $100K/$300K/$100K Bodily Injury/Property Damage — Liability-Only | $802 |
| $100K/$300K/$100K Bodily Injury/Property Damage — $1,000 Comprehensive/Collision | $1,527 |
| $100K/$300K/$100K Bodily Injury/Property Damage — $500 Comprehensive/Collision | $1,710 |

| | |
|---|---|
| $50K/$100K/$50K Bodily Injury/Property Damage — Liability Only | $718 |
| $50K/$100K/$50K Bodily Injury/Property Damage — $1,000 Comprehensive/Collision | $1,443 |
| $50K/$100K/$50K Bodily Injury/Property Damage — $500 Comprehensive/Collision | $1,626 |
| State Minimum — Liability Only | $573 |
| State Minimum — $1,000 Comprehensive/Collision | $1,297 |
| State Minimum — $500 Comprehensive/Collision | $1,481 |

If you're facing above-average auto insurance costs, think about comparing policies to get inexpensive coverage that covers your vehicle appropriately.

The Zebra  ›  Compare Car Insurance  ›  California Car Insurance  ›  Average Cost of Car Insurance in California



**Insurance Guides**

Liability Insurance
Collision Insurance
Comprehensive Insurance
Uninsured Motorist Coverage
Personal Injury Protection Insurance
No-Fault Insurance
Non-Owners Insurance
Full Coverage Insurance
Insurance Glossary
Car Insurance Discounts
Average Car Insurance
Ask An Agent
Reviews
TV Commercials

**Cheap Insurance Providers**

| USAA | State Farm | Farmers | MetLife |
| Progressive | Esurance | Nationwide | 21st Century |

**Find Cheap Insurance By State**

AL  AK  AZ  AR  CA  CO  CT  DE  FL  GA  HI  ID  IL  IN  IA  KS  KY  LA  ME  MD  MA  MI  MN  MS  MO  MT  NE  NV  NH  NJ  NM  NY  NC  ND  OH  OK  OR  PA  RI  SC  SD  TN  TX  UT  VT  VA  WA  WV  WI  WY  | Cheap Insurance By City

**Compare Cheap Car Insurance Companies**

| Geico vs Progressive | AAA vs State Farm | AAA vs Geico | USAA vs State Farm |
| State Farm vs Allstate | State Farm vs Farmers | Allstate vs AAA | AAA vs USAA |
| Geico vs State Farm | USAA vs Geico | Geico vs Allstate | Allstate vs Farmers |
| Progressive vs State Farm | Geico vs Liberty Mutual | State Farm vs Nationwide | State Farm vs Liberty Mutual |

About Us  ·  Press  ·  We Are Hiring  ·  Contact Us

Follow us on:

© 2019 Insurance Zebra. All Rights Reserved. Use of Insurance Zebra Insurance Services (DBA TheZebra.com) is subject to our **Terms of Service**, **Privacy Policy** and **Licenses**.

# EXHIBIT 2

SOLANO INS SVCS INC
2210 BOYNTON AVE #E
FAIRFIELD, CA 94533

**DRIVE®Insurance**

**Policy Number:** ▮▮▮▮▮▮▮
Underwritten by:
Progressive West Ins Co
July 19, 2021
Policy Period: Jul 14, 2021 - Jan 14, 2022
Page 1 of 2

ADAMMA ISON

OAKLAND, CA 94619

**1-707-425-8045**
**SOLANO INS SVCS INC**
Contact your agent for personalized service.

**DriveInsurance.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**1-800-274-4499**
To report a claim.

# Auto Insurance
# Coverage Summary
## This is your Declarations Page

Your coverage began on July 14, 2021 at the later of 12:01 a.m. or the effective time shown on your application. This policy period ends on January 14, 2022 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy contract is form 9611A CA (04/17). The contract is modified by form Z357 CA (12/15).

## Underwriting Company

Progressive West Ins Co

## Drivers and household residents

| | Years licensed | Years experienced | Marital status |
|---|---|---|---|
| Adamma Ison | 25 | 25 | Single |
| Additional information: | Named insured | | |

## Outline of coverage

**2004 FORD FOCUS 4 DOOR SEDAN**
VIN: ▮▮▮▮▮▮▮▮▮▮▮
Garaging ZIP Code: 94619
Primary use of the vehicle: Pleasure
Annual miles: 5000

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $444 |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $100,000 each accident | | |
| Uninsured/Underinsured Motorist | $100,000 each person/$300,000 each accident | | 53 |
| Medical Payments | $1,000 each person | | 9 |
| Comprehensive | Actual Cash Value | $250 | 88 |
| Collision | Actual Cash Value | $250 | 344 |
| Uninsured Motorist Collision Deductible Waiver | $250 waived | | 1 |
| Roadside Assistance | | | 17 |
| **Subtotal policy premium** | | | **$956.00** |
| Anti-Fraud fee | | | 0.88 |
| **Total 6 month policy premium** | | | **$956.88** |


Continued

## Payment schedule

| Aug 14, 2021 ......................$163.33 | Oct 14, 2021 ......................$163.33 | Dec 14, 2021......................$163.31 |
| Sep 14, 2021......................$163.33 | Nov 14, 2021 ......................$163.33 | |

An installment fee of $4.00 has been included in each payment. You may avoid paying additional installment fees by paying your remaining balance in full by the due date. You may reduce the amount you pay in installment fees by paying your premium in larger amounts and fewer installments. Please call your agent for details.

The following additional fees may apply:

Cancel fee $50.00

Fee for returned checks or refused payments $20.00

## Premium discount

Driver
.......................................................................................................................................................................................

Adamma Ison                                        Good Driver

## Company officers

President                                        Secretary

# EXHIBIT 3

PROGRESSIVE
P.O. BOX 31260
TAMPA, FL 33631


DIRECT Auto

**Policy Number:** ▮▮▮▮
Underwritten by
United Financial Cas Co
May 22, 2021
Policy Period: Apr 5, 2021 - Oct 5, 2021
Page 1 of 2

DENISE GRIFFIN

HAYWARD, CA 94541

**progressive.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**1-800-776-4737**
For customer service and claims service,
24 hours a day, 7 days a week.

# Auto Insurance
# Coverage Summary
# This is a copy of your
# Declarations Page

Your coverage began on April 5, 2021 at the later of 12:01 a.m. or the effective time shown on your application. This policy period ends on October 5, 2021 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy contract is form 9611D CA (09/16). The contract is modified by form Z357 CA (12/15).

## Your email address

Any policy-related emails will be sent to the email address currently listed on your policy ▮▮▮▮
If you want to update your email address, please call us.

## Underwriting Company

United Financial Cas Co

## Drivers and household residents

**Denise Griffin**

Marital status: Single          Years licensed: 38
Years experienced: 38

## Outline of coverage

**2011 LEXUS RX 350 4 DOOR WAGON**
VIN: ▮▮▮▮
Garaging ZIP Code: 94541
Annual miles: 6620

|  | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others |  |  | $243 |
|   Bodily Injury Liability | $15,000 each person/$30,000 each accident |  |  |
|   Property Damage Liability | $5,000 each accident |  |  |
| Uninsured/Underinsured Motorist | $15,000 each person/$30,000 each accident |  | 9 |
| Comprehensive | Actual Cash Value | $2,500 | 27 |
| Collision | Actual Cash Value | $2,500 | 146 |
| **Subtotal policy premium** |  |  | **$425.00** |
| Anti-Fraud fee |  |  | 0.88 |
| **Total 6 month policy premium** |  |  | **$425.88** |

EXHIBIT 4

PROGRESSIVE
P.O. BOX 31260
TAMPA, FL 33631



**Policy Number:** ▆▆▆▆▆▆

Underwritten by:
Progressive Select Ins Co
December 23, 2019
Policy Period:  Dec 1, 2019 - Jun 1, 2020
Page 1 of 2

MELANIE BARBER
▆▆▆▆▆▆▆▆▆▆

UPLAND, CA 91786

**progressive.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

# Auto Insurance
# Coverage Summary
## This is a copy of your
## Declarations Page

**1-800-776-4737**
For customer service and claims service,
24 hours a day, 7 days a week.

Your coverage began on December 1, 2019 at the later of 12:01 a.m. or the effective time shown on your application.  This policy period ends on June 1, 2020 at 12:01 a.m.

This coverage summary replaces your prior one.  Your insurance policy and any policy endorsements contain a full explanation of your coverage.  The policy contract is form 9611D CA (09/16).  The contract is modified by form Z357 CA (12/15).

## Your email address

Any policy-related emails will be sent to the email address currently listed on your policy: ▆▆▆▆▆▆▆▆▆▆.
If you want to update your email address, please call us.

## Underwriting Company

Progressive Select Ins Co

## Drivers and household residents

| | Years licensed | Years experienced | Marital status |
|---|---|---|---|
| Melanie Barber | 29 | 29 | Single |
| Additional information: | Named insured | | |

## Outline of coverage

**2011 TOYOTA PRIUS 4 DOOR HATCHBACK**
VIN: ▆▆▆▆▆▆        Garaging ZIP Code: 91786      Annual miles: 7540      Vehicle use: Commute

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $328 |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $5,000 each accident | | |
| Uninsured/Underinsured Motorist | Rejected | | -- |
| **Subtotal policy premium** | | | **$328.00** |
| Anti-Fraud fee | | | 0.88 |
| **Total 6 month policy premium** | | | **$328.88** |

The following additional fees may apply:
Late payment fee   $10.00

Cancel fee $50.00
Fee for returned checks or refused payments $0.00

Form 6489 CA (01/18)


Continued

3/31/2020

## Premium discount

Driver
................................................................................................................................................
Melanie Barber                                  Good Driver

## Company officers

President                                        Secretary

PROGRESSIVE
P.O. BOX 31260
TAMPA, FL 33631



**Policy Number:** ▮▮▮▮▮▮▮
Underwritten by:
United Financial Cas Co
April 30, 2020
Policy Period:  Jun 1, 2020 - Dec 1, 2020
Page 1  of  2

MELANIE BARBER
▮▮▮▮▮▮▮▮▮▮▮
UPLAND, CA 91786

**progressive.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**1-800-776-4737**
For customer service and claims service,
24 hours a day, 7 days a week.

# Auto Insurance
# Coverage Summary
This is your revised Renewal
Declarations Page
Your policy information has changed

The coverages, limits and policy period shown apply only if you pay for this policy to renew.

Your coverage begins on June 1, 2020 at 12:01 a.m.  This policy expires on December 1, 2020 at 12:01 a.m.

This coverage summary replaces your prior one.  Your insurance policy and any policy endorsements contain a full explanation of your coverage.  The policy contract is form 9611D CA (09/16).  The contract is modified by form Z357 CA (12/15).

## Policy changes effective June 1, 2020

| | |
|---|---|
| Changes requested on: | Apr 29, 2020 06:59 p.m. |
| Requested by: | Melanie Barber |
| Premium change: | $0.00 |

## Your email address

Any policy-related emails will be sent to the email address currently listed on your policy: ▮▮▮▮▮▮▮▮▮▮▮.
If you want to update your email address, please call us.

## Underwriting Company

United Financial Cas Co

## Drivers and household residents

| | Years licensed | Years experienced | Marital status |
|---|---|---|---|
| Melanie Barber | 29 | 29 | Single |
| Additional information: | Named insured | | |

Form 6489 CA (01/18)


Continued

## Outline of coverage

**2011 TOYOTA PRIUS 4 DOOR HATCHBACK**
VIN: ▆▆▆▆▆▆▆▆▆▆▆   Garaging ZIP Code:91786   Annual miles: 7540   Vehicle use: Commute

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $308 |
|   Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
|   Property Damage Liability | $5,000 each accident | | |
| Uninsured/Underinsured Motorist | Rejected | | -- |
| **Subtotal policy premium** | | | **$308.00** |
| Anti-Fraud fee | | | 0.88 |
| **Total 6 month policy premium** | | | **$308.88** |

The following additional fees may apply:
Late payment fee   $10.00

Fee for returned checks or refused payments $20.00

## Premium discount

| Driver | |
|---|---|
| Melanie Barber | Good Driver |

## Your right to advance notice of renewal

California law requires insurers to provide either an offer to renew at least 20 days before policy expiration or a written notice of nonrenewal at least 30 days before expiration. If we fail to give this offer or notice in the specified timeframes listed above, the existing policy with no changes in its terms and conditions, will remain in effect for 30 days from the date that either the offer to renew or the notice of nonrenewal is mailed to you. However, your policy shall terminate on the effective date of any other replacement or succeeding automobile insurance policy with respect to any automobile designated in both policies, even if you do not receive a timely offer to renew or notice of nonrenewal.

## Company officers

President

Secretary

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF:
DENISE GRIFFIN  et al

DEFENDANT:
PROGRESSIVE WEST INSURANCE COMPANY et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

03/24/2022

Chad Finke, Executive Officer / Clerk of the Court

By: _____ Deputy

X. Bowie

CASE NUMBER:
22CV008853

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

Date: 07/22/2022      Time: 8:30 AM      Dept.: 21

Location: Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF/PETITIONER:
DENISE GRIFFIN  et al

DEFENDANT/RESPONDENT:
PROGRESSIVE WEST INSURANCE COMPANY et al

### CERTIFICATE OF MAILING

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
03/24/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ Deputy
X. Bowie

CASE NUMBER:
22CV008853

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/24/2022                    By:

X. Bowie, Deputy Clerk

### CERTIFICATE OF MAILING

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** PROGRESSIVE WEST INSURANCE COMPANY, UNITED FINANCIAL CASUALTY COMPANY, and PROGRESSIVE SELECT INSURANCE COMPANY

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** DENISE GRIFFIN, ADAMMA ISON, and MELANIE BARBER, on behalf of themselves and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
03/24/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ X. Bowie _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of California - Alameda County
*(El nombre y dirección de la corte es):* 1225 Fallon Street / Rene C. Davidson Courthouse
Oakland, CA 94612

CASE NUMBER: *(Número del Caso):*
**22CV008853**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wyatt A. Lison, 429 Fourth Avenue, Law & Finance Building, Suite 1300, Pittsburgh, PA 15219   (412) 281-8400

DATE: **03/24/2022**      Chad Finke, Executive Officer / Clerk of the Court      Clerk, by ____ X. Bowie ____ , Deputy
*(Fecha)*                                                                        *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.      [ Print this form ]   [ Save this form ]      [ Clear this form ]

CM-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Wyatt A. Lison (SBN #316775)<br>Feinstein Doyle Payne & Kravec, LLC<br>429 Fourth Avenue, Law & Finance Building, Suite 1300<br>Pittsburgh, PA 15219<br>TELEPHONE NO.: (412) 281-8400     FAX NO. *(Optional)*: (412) 281-1007<br>E-MAIL ADDRESS *(Optional)*: wlison@fdpklaw.com<br>ATTORNEY FOR *(Name)*:  Plaintiffs | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>04/01/2022 at 12:00:00 AM<br>By: Andrel Gospel, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street / Rene C. Davidson Courthouse
MAILING ADDRESS: 1225 Fallon Street / Rene C. Davidson Courthouse
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Oakland

| | |
|---|---|
| PLAINTIFF/PETITIONER: Denise Griffin, Adamma Ison, and Melanie Barber, on behalf of themselves and all others similarly situated | CASE NUMBER:<br>22CV008853 |
| DEFENDANT/RESPONDENT: Progressive West Insurance Company, United Financial Casualty Company, and Progressive Select Insurance Company | JUDICIAL OFFICER:<br>Honorable Evelio Grillo |
| **NOTICE OF RELATED CASE** | DEPT.:<br>Department 21 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a. Title: Elinor DeKoven and Sidney Scholl, on behalf of themselves and all others similarly situated v. Farmers Insurance Exchange and Mid-Century Insurance Company
    b. Case number: 22CV007672
    c. Court: [x] same as above
       [ ] other state or federal court *(name and address)*:
    d. Department: Department 23
    e. Case type: [ ] limited civil [x] unlimited civil [ ] probate [ ] family law [ ] other *(specify)*:
    f. Filing date: February 28, 2022
    g. Has this case been designated or determined as "complex?" [x] Yes [ ] No
    h. Relationship of this case to the case referenced above *(check all that apply)*:
       [ ] involves the same parties and is based on the same or similar claims.
       [x] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
       [ ] involves claims against, title to, possession of, or damages to the same property.
       [x] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
          [x] Additional explanation is attached in attachment 1h
    i. Status of case:
       [x] pending
       [ ] dismissed [ ] with [ ] without prejudice
       [ ] disposed of by judgment

2.  a. Title: Adamma Ison, Jamie Pettit, and Anna L. Dillingham, on behalf of themselves and all others similarly situated v. California Automobile Insurance Company and Mercury Insurance Company
    b. Case number: 22CV007936
    c. Court: [x] same as above
       [ ] other state or federal court *(name and address)*:
    d. Department: Department 23

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]
**NOTICE OF RELATED CASE**
Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | Denise Griffin, Adamma Ison, and Melanie Barber, on behalf of themselves and all others similarly situated | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Progressive West Insurance Company, United Financial Casualty Company, and Progressive Select Insurance Company | 22CV008853 |

2. *(continued)*

    e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date: March 4, 2022

    g. Has this case been designated or determined as "complex?" ☒ Yes ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☒ involves the same parties and is based on the same or similar claims.

        ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☒ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☒ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

3.  a. Title: Adamma Ison, Denise Griffin, Elinor DeKoven, Jacob Amaya, Kenneth W. Harrison, Carla Jackson, Sidney Scholl, Christine Musthaler, Jamie Pettit, Melanie Barber, and Anna L. Dillingham v. Commissioner of the California Department of Insurance

    b. Case number: 22CV008022

    c. Court: ☒ same as above

        ☐ other state or federal court *(name and address):*

    d. Department: Department 20

    e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f. Filing date: March 7, 2022

    g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☒ involves the same parties and is based on the same or similar claims.

        ☒ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☒ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☒ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☒ pending

        ☐ dismissed ☐ with ☐ without prejudice

        ☐ disposed of by judgment

4. ☒ Additional related cases are described in Attachment 4. Number of pages attached: 2

Date: March 31, 2022

Wyatt A. Lison
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▸ _____
(SIGNATURE OF PARTY OR ATTORNEY)

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | Denise Griffin, Adamma Ison, and Melanie Barber, on behalf of themselves and all others similarly situated | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Progressive West Insurance Company, United Financial Casualty Company, and Progressive Select Insurance Company | 22CV008853 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
   429 Fourth Avenue, Law and Finance Building, Suite 1300
   Pittsburgh, PA 15219

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was
   mailed: a. on *(date):* March 31, 2022
   b. from *(city and state):* Pittsburgh, PA

4. The envelope was addressed and mailed as follows:

   a. Name of person served: Amanda Garcia

      Street address: 330 N Brand Blvd Ste 700
      City: Glendale
      State and zip code: CA 91203-2336

   c. Name of person served: C T Corporation System

      Street address: 330 N Brand Blvd Ste 700
      City: Glendale
      State and zip code: CA 91203-2336

   b. Name of person served: Vivian Imperial

      Street address: 818 West Seventh Street, Suite 930
      City: Los Angeles
      State and zip code: CA 90017

   d. Name of person served: Randall Petro

      Street address: 555 W. Imperial Highway
      City: Brea
      State and zip code: CA 92821

☒ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 31, 2022

| | |
|---|---|
| Wyatt A. Lison | |
| (TYPE OR PRINT NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

| SHORT TITLE: Griffin, et al. v. Progressive West Insurance Company, et al. | CASE NUMBER:<br>22CV008853 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)
*(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:**

| Name of Person Served | Address *(number, street, city, and zip code)* |
|---|---|
| Agent for Service of Process<br>Government Law Bureau | 300 Capitol Mall, Suite 1700<br>Sacramento, CA 95814 |
| Steven H. Weinstein | 601 Owensmouth Ave.<br>Woodland Hills, CA 91367 |
| Doren E. Hohl | 601 Owensmouth Ave.<br>Woodland Hills, CA 91367 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-030(P) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Page ___1___ of ___1___

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | Clear this form |

This case is related to *DeKoven, et al. v. Farmers Insurance Exchange et al.*, Case No. 22CV007672, filed with this Court on February 28, 2022 (the "*Farmers Action*"), *Ison, et al. v. California Automobile Insurance Company, et al.*, Case No. 22CV007936, filed with this Court on March 4, 2022 (the "*Mercury Action*"), *Ison, et al. v. Commissioner of the California Department of Insurance, et al.*, Case No. 22CV008022, filed with this Court on March 7, 2022 (the "*Commissioner Action*"), *Amaya, et al. v. GEICO Indemnity Company, et al.*, Case No. 22CV008390, filed with this Court on March 15, 2022 (the "*GEICO Action*"), and *Jackson, et al. v. Allstate Northbrook Indemnity Company, et al.*, Case No. 22CV008706, filed with this Court on March 22, 2022 (the "*Allstate Action*"), for the following reasons:

1. Plaintiffs in this case and Plaintiffs in the *Farmers Action*, the *Mercury Action*, the *GEICO Action*, and the *Allstate Action* are also Petitioners in the *Commissioner Action* where they assert claims involving the same private passenger motor vehicle liability policies.

2. Plaintiff Adamma Ison in this case is also a Plaintiff in the *Mercury Action* and both cases involve the same or similar claims and legal issues, as discussed more fully below.

3. Plaintiff Denise Griffin in this case is also a Plaintiff in the *Allstate Action* and both cases involve the same or similar claims and legal issues, as discussed more fully below.

4. All cases assert claims concerning private passenger motor vehicle liability policies issued by the insurer-defendants.

5. All cases involve the same legal issues, namely whether use the marital status of insureds as a basis for which a higher charge, rate or premium may be required for private passenger motor vehicle liability insurance policies violates the Rosenthal Auto Insurance Nondiscrimination Law ("RAIN Law"), Cal. Ins. Code § 11628, and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51.

6. All cases challenge the same California Code of Regulations permitting motor vehicle insurers to use insureds' marital statuses as an optional rating factor for calculating premiums in violation of the RAIN Law and Unruh Act, namely Cal. Code Regs., tit.

1

10, § 2632.5.

7. All cases will involve extensive motion practice raising the same difficult and novel legal issues that will be time-consuming to resolve and will require substantial duplication of judicial resources if heard by different judges. Furthermore, if these cases are heard by different judges, it may lead to inconsistent rulings on the identical legal issues presented.

8. A Notice of Related Case was also filed in the *Commissioner Action*, the *Mercury Action*, the *Farmers Action*, the *GEICO Action*, and the *Allstate Action*. The *Farmers Action*, the *Mercury Action*, and the *Allstate Action* are provisionally designated complex and are assigned to Department 23 before the Honorable Brad Seligman. This case and the *GEICO Action* are also provisionally designated complex, but are assigned to Department 21 before the Honorable Evelio Grillo. The *Commissioner Action* is assigned to Department 20 before the Honorable Richard Seabolt.

In addition to the related cases described in the Notice of Related Case filed herewith, there are other related cases, namely *Amaya, et al. v. GEICO Indemnity Company, et al.*, Case No. 22CV008390, filed with this Court on March 15, 2022 (the "*GEICO Action*") and *Jackson, et al. v. Allstate Northbrook Indemnity Company, et al.*, Case No. 22CV008706, filed with this Court on March 22, 2022 (the "*Allstate Action*"). The pertinent information concerning the *GEICO Action* and the *Allstate Action* is set forth below.

### *GEICO Action*

**Title of case**: Jacob Amaya, Kenneth W. Harrison, and Christine Musthaler, on behalf of themselves and all others similarly situated v. GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company.

**Case Number**: 22CV008390

**Court**: Superior Court of California, County of Alameda

**Department**: 21

**Case Type**: Unlimited Civil

**Filing Date**: March 15, 2022

**Has this case been designated or determined as "complex?"**: Yes

**Relationship of this case to the case for which the Notice of Related Case was filed**: The *GEICO Action* and this case arise from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact. As discussed in Attachments 1H, 2H, and 3H to Notice of Related Case, it is also likely that the *GEICO Action* and this case, for other reasons, will require substantial duplication of judicial resources if heard by different judges.

**Status of case**: Pending

### *Allstate Action*

**Title of case**: Carla Jackson, Denise Griffin, and Jamie Pettit, on behalf of themselves and all others similarly situated v. Allstate Northbrook Indemnity Company and Esurance Property and Casualty Company.

1  **Case Number**: 22CV008706

2  **Court**: Superior Court of California, County of Alameda

3  **Department**: 23

4  **Case Type**: Unlimited Civil

5  **Filing Date**: March 22, 2022

6  **Has this case been designated or determined as "complex?"**:  Yes

7  **Relationship of this case to the case for which the Notice of Related Case was filed**:

8  The *Allstate Action* and this case arise from the same or substantially identical transactions,

9  incidents, or events requiring the determination of the same or substantially identical questions of

10  law or fact.  As discussed in Attachments 1H, 2H, and 3H to Notice of Related Case, Plaintiff

11  Denise Griffin in this case is also a party in the *Allstate Action* and both cases are based on the same

12  or similar claims, and it is also likely that the *Allstate Action* and this case, for other reasons, will

13  require substantial duplication of judicial resources if heard by different judges.

14  **Status of case**:  Pending

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENTS 1H, 2H, AND 3H TO NOTICE OF RELATED CASE

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| WYATT A. LISON ESQ., Bar #316775<br>FEINSTEIN DOYLE PAYNE & KRAVEC, LLC<br>429 4th AVE, SUITE 1300<br>LAW & FINANCE BLDG.<br>PITTSBURGH, PA  15219<br>Telephone No: 412-281-8400     FAX No: 412-281-1007 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>04/07/2022 at 06:49:46 AM<br>By: Andrel Gospel, Deputy Clerk |
| Attorney for: Plaintiff | Ref. No. or File No.:<br>GRIFFIN V. PROGRESSIVE | |

Insert name of Court, and Judicial District and Branch Court:
ALAMEDA COUNTY SUPERIOR COURT-OAKLAND BRANCH

Plaintiff: DENISE GRIFFIN; ET AL

Defendant: PROGRESSIVE WEST INSURANCE COMPANY; ET AL

| PROOF OF SERVICE<br>SUMMONS | Hearing Date:<br>Fri, Jul. 22, 2022 | Time:<br>8:30AM | Dept/Div:<br>21 | Case Number:<br>22CV008853 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS AND CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE MANAGEMENT CONFERENCE; ADR INFORMATION PACKET

3. a. Party served:        PROGRESSIVE SELECT INSURANCE COMPANY C/O CT CORPORATION SYSTEM
   b. Person served:       DAISY MONTENEGRO, INTAKE SPECIALIST

4. Address where the party was served:    330 N. BRAND BLVD., STE. 700
                                          GLENDALE, CA  91203

5. I served the party:
   a. by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Mar. 31, 2022 (2) at: 12:40PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: PROGRESSIVE SELECT INSURANCE COMPANY
   Under CCP 416.10 (corporation)

7. Person Who Served Papers:                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. BRUCE ANDERSON                    d. The Fee for Service was:
   b. A & A LEGAL SERVICE, Inc.         e. I am: (3) registered California process server
      880 MITTEN ROAD, SUITE 102            (i) Independent Contractor
      BURLINGAME, CA  94010                 (ii) Registration No.:    2016038557
   c. (650) 697-9431, FAX (650) 697-4640     (iii) County:            Los Angeles

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date:  Mon, Apr. 04, 2022

Judicial Council Form POS-010                    PROOF OF SERVICE                    _(BRUCE ANDERSON)_
Rule 2.150.(a)&(b) Rev January 1, 2007               SUMMONS                                          wylis.132055

| Attorney or Party without Attorney:<br>WYATT A. LISON ESQ., Bar #316775<br>FEINSTEIN DOYLE PAYNE & KRAVEC, LLC<br>429 4th AVE, SUITE 1300<br>LAW & FINANCE BLDG.<br>PITTSBURGH, PA 15219<br>Telephone No: 412-281-8400          FAX No: 412-281-1007 | For Court Use Only<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**04/07/2022 at 06:47:58 AM**<br>By: Andrel Gospel, Deputy Clerk |
|---|---|

| Attorney for: Plaintiff | Ref. No. or File No.:<br>GRIFFIN V. PROGRESSIVE | |
|---|---|---|

Insert name of Court, and Judicial District and Branch Court:
ALAMEDA COUNTY SUPERIOR COURT-OAKLAND BRANCH

Plaintiff: DENISE GRIFFIN; ET AL

Defendant: PROGRESSIVE WEST INSURANCE COMPANY; ET AL

| PROOF OF SERVICE<br>SUMMONS | Hearing Date:<br>Fri, Jul. 22, 2022 | Time:<br>8:30AM | Dept/Div:<br>21 | Case Number:<br>22CV008853 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE MANAGEMENT CONFERENCE; ADR INFORMATION PACKET

3. *a. Party served:*          PROGRESSIVE WEST INSURANCE COMPANY C/O CT CORPORATION
                                 SYSTEM
   *b. Person served:*         DAISY MONTENEGRO, INTAKE SPECIALIST

4. *Address where the party was served:*     330 N. BRAND BLVD., STE. 700
                                              GLENDALE, CA 91203

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Mar. 31, 2022 (2) at: 12:40PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* PROGRESSIVE WEST INSURANCE COMPANY
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. BRUCE ANDERSON                        d. *The Fee for Service was:*
   b. **A & A LEGAL SERVICE, Inc.**         e. I am: (3) registered California process server
      880 MITTEN ROAD, SUITE 102                 (i)   Independent Contractor
      BURLINGAME, CA 94010                       (ii)  *Registration No.:*      2016038557
   c. (650) 697-9431, FAX (650) 697-4640         (iii) *County:*               Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: *Mon, Apr. 04, 2022*

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>WYATT A. LISON ESQ., Bar #316775<br>FEINSTEIN DOYLE PAYNE & KRAVEC, LLC<br>429 4th AVE, SUITE 1300<br>LAW & FINANCE BLDG.<br>PITTSBURGH, PA 15219<br>*Telephone No:* 412-281-8400   *FAX No:* 412-281-1007 | *For Court Use Only* |

**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**04/07/2022 at 06:51:25 AM**<br>By: Andrel Gospel, Deputy Clerk

*Ref. No. or File No.:*
GRIFFIN V. PROGRESSIVE

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
ALAMEDA COUNTY SUPERIOR COURT-OAKLAND BRANCH

*Plaintiff:* DENISE GRIFFIN; ET AL

*Defendant:* PROGRESSIVE WEST INSURANCE COMPANY; ET AL

| PROOF OF SERVICE<br>SUMMONS | *Hearing Date:*<br>Fri, Jul. 22, 2022 | *Time:*<br>8:30AM | *Dept/Div:*<br>21 | *Case Number:*<br>22CV008853 |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS AND CLASS ACTION COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE
MANAGEMENT CONFERENCE; ADR INFORMATION PACKET

3.  *a. Party served:*          UNITED FINANCIAL CASUALTY COMPANY C/O CT CORPORATION
                                SYSTEM
    *b. Person served:*         DAISY MONTENEGRO, INTAKE SPECIALIST

4.  *Address where the party was served:*     330 N. BRAND BLVD., STE. 700
                                              GLENDALE, CA 91203

5.  *I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
       process for the party (1) on: Thu., Mar. 31, 2022 (2) at: 12:40PM

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
    *on behalf of:*  UNITED FINANCIAL CASUALTY COMPANY
    Under CCP 416.10 (corporation)

7.  *Person Who Served Papers:*                     Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. BRUCE ANDERSON              d.  *The Fee for Service was:*
    b. A & A LEGAL SERVICE, Inc.   e.  I am: (3)  registered California process server
       880 MITTEN ROAD, SUITE 102        *(i)*  Independent Contractor
       BURLINGAME, CA 94010              *(ii)  Registration No.:*    2016038557
    c. (650) 697-9431, FAX (650) 697-4640    *(iii) County:*         Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date:  *Mon, Apr. 04, 2022*

                                                            _____
                                                            (BRUCE ANDERSON)

*Judicial Council Form POS-010*          PROOF OF SERVICE          *vylis.132054*
*Rule 2.150.(a)&(b) Rev January 1, 2007*      SUMMONS